IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE, <br><br> Plaintiff, <br><br> v. <br><br> ANTHEM HEALTH PLANS OF VIRGINIA, <br><br> Defendant. | Case No. 1:22-CV-1343 |

**PROPOSED JOINT DISCOVERY PLAN**

Plaintiff Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS") and Defendant Anthem Health Plans of Virginia ("Anthem"), submit their Proposed Joint Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 26(A), and the Court's Order dated February 22, 2023 (the "Scheduling Order"), and agree as follows:

1. **Conference.** On March 8, 2023, the parties conferred prior to the initial pretrial conference to consider the claims, defenses, possibilities of prompt settlement or resolution of the case to arrange for the disclosures required by Rule 26(a)(1), and to develop a discovery plan which will complete discovery by **Friday, July 14, 2023**. All of the parties agree with the Proposed Discovery Plan described below.

2. **Initial Disclosures.** The parties will exchange Fed. R. Civ. P. 26(a)(1) and Local Civil Rule 26 disclosures no later than **March 22, 2023**, unless the Court orders otherwise.

-1-

3. As required by the Scheduling Order, all discovery will be completed by **July 14, 2023**. Any discovery must be commenced in time for it to be completed by the close of discovery. "Completed" means that interrogatories, requests for production, and requests for admission must be served in sufficient time that responses are due on or before the completion date.

4. **Interrogatories.** There shall be a maximum of 25 interrogatories by each party to any other party, including parts and subparts thereof.

5. **Depositions.** A party may not exceed ten (10) depositions. Of its allotted ten depositions, a party may not exceed five (5) non-party, non-expert depositions.

6. **Expert Disclosures.** The party with the burden of proof upon the primary issue for which expert testimony is offered shall serve its expert witness disclosure under Rule 26(a)(2) on or before **May 12, 2023**. Disclosures for expert witnesses intended to solely respond to, contradict or rebut expert testimony disclosed by another party shall be made on or before **May 26, 2023**. Any rebuttal disclosures by the party bearing the initial burden of proof shall be made on or before **June 9, 2023.**

7. **Deposition Notices.** The parties agree that the deadline for deposition notices is **May 19, 2023**. Each deposition shall be limited to a maximum of seven (7) hours of testimony time unless extended by agreement of the parties or Court order.

8. **Final Pretrial Conference.** A Final Pretrial Conference is scheduled for **July 20, 2023, at 10:00 a.m**. The parties expect the trial to last 5 days.

9. The parties will electronically file Fed. R. Civ. P. 26(a)(3) disclosures on or before the July 20, 2023, Final Pretrial Conference, including: (1) a list of witnesses to be called at trial, (2) a list of exhibits to be used at trial, (3) a written stipulation of uncontested facts, and (4) copies

of trial exhibits in a format to be agreed upon by the parties. The parties will exchange the exhibits themselves or copies before the final pretrial conference.

10. **Objections.** The parties will have until **July 31, 2023**, to file objections to the opposing party's lists of witnesses and exhibits.

11. The parties agree that the last day to file any summary judgment motions is **August 4, 2023**.

12. **Electronically Stored Information.** The parties agree that all documents, except for Excel and PowerPoint documents, will be produced in TIFF or searchable PDF format. All TIFF images will be produced as single-page images with corresponding multi-page text. The parties agree that all non-redacted versions of Excel spreadsheets (or similar spreadsheets) and PowerPoint presentations (or similar documents) will be produced in native format. The parties will discuss additional or alternative protocols as to ESI as warranted during the discovery process.

13. **Protective Order.** The parties anticipate that confidential, personal, and/or proprietary information may be produced in discovery. The parties will confer on the terms of an appropriate protective order that may be deemed necessary to protect such information. In the event that one or both parties seek entry of a protective order, one or both parties shall file an appropriate motion with the Court.

14. **Privilege Log.** Each party will produce a log of all documents withheld on the basis of attorney client privilege or other evidentiary privilege or doctrine. The parties will meet and confer on format and other appropriate requirements or provisions related to privilege logs.

15. **Inadvertent Production.** The parties will meet and confer on the terms of an appropriate protective order that will govern in the event that a party inadvertently produces

documents subject to immunity or privilege.

16. The parties do not consent to proceed before a United States Magistrate Judge, except for as required by the Court's Scheduling Order.

17. The parties agree to accept service by e-mail for all pleadings, discovery requests, and discovery responses.

18. The parties reserve the right to file a motion seeking to alter this discovery plan in the event the Complaint or other pleadings are amended.

19. **Waiver Of Appearance And Pretrial Conference.** The parties agree to waive their appearance at the Pretrial Conference on **March 15, 2023**, if the Court approves this Proposed Discovery Plan.

20. **Settlement.** The parties are pursuing informal settlement discussions and third-party mediation and do not request referral for mediation before a Magistrate Judge at this time.

21. Unless expressly modified by Court Order or permitted stipulation of the parties, all other matters shall be governed by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Virginia.

-5-

Dated: March 8, 2023

    Respectfully submitted,

By: */s/Paul Werner*_____

Paul Werner  (VSB No. 48910)
Imad Matini (VSB No. 90126)
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue NW
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com

*Attorneys for Plaintiff*


By: */s/Michael E. Lacy*_____

Michael E. Lacy (VSB No. 48477)
Sarah E. Siu (VSB No. 94716)
Troutman Pepper Hamilton Sanders LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 697-6061
Michael.lacy@troutman.com
Sarah.siu@troutman.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of March, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a true and correct copy of the foregoing to all counsel of record:

Michael E. Lacy (VSB No. 48477)
Sarah E. Siu (VSB No. 94716)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn (VSB No. 79596)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein (*pro hac vice forthcoming*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

Harry J. Liberman (*pro hac vice forthcoming*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (202) 704-6000
harry.liberman@troutman.com

-7-

By: */s/Paul Werner*

Paul Werner (VSB No. 48910)
Imad Matini (VSB No. 90126)
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue NW
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
*pwerner@sheppardmullin.com*
*imatini@sheppardmullin.com*

*Attorneys for Plaintiff*