# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,<br><br>       Plaintiff,<br><br>v.<br><br>ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>       Defendant. | Civil Action No. 1:22-cv-01343-CMH-IDD |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ANTHEM HEALTH PLANS OF VIRGINIA, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

*Page*

**INTRODUCTION** ................................................................................................................ 1

**ARGUMENT** ..................................................................................................................... 2

I. PLAINTIFF'S COMPLAINT FAILS TO PROVIDE ANTHEM WITH ADEQUATE NOTICE OF ITS CLAIMS AS REQUIRED BY FED. R. CIV. P. 8 ......... 2

II. PLAINTIFF'S BREACH OF CONTRACT AND ANTICIPATORY BREACH CLAIMS FAIL BECAUSE THEY IGNORE THE PLAIN LANGUAGE OF THE PROVIDER AGREEMENT. ........................................................................................ 4

III. PLAINTIFF CANNOT RECOVER ON ITS UNJUST ENRICHMENT CLAIM BECAUSE IT IS FORECLOSED BY THE PROVIDER AGREEMENT. ....................... 9

IV. PLAINTIFF'S DECLARATORY JUDGMENT CLAIM IS IMPROPERLY DUPLICATIVE. ........................................................................................................ 10

**CONCLUSION** ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACA Fin. Guar. Corp. v. City of Buena Vista*,
   917 F.3d 206 (4th Cir. 2019) ...................................................................................................6

*AdvanceTEC, L.L.C. v. Wohlsen Constr. Co.*,
   No. 3:17-CV-201-HEH, 2017 WL 1904255 (E.D. Va. May 9, 2017)......................................5

*Alami v. Lincoln Prop. Co.*,
   61 F. Supp. 3d 551 (E.D. Va. 2014) ....................................................................................4, 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................6

*Bank of Montreal v. Signet Bank*,
   193 F.3d 818 (4th Cir. 1999) ....................................................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................6

*Capital One Financial Corp. v. Drive Financial Services, L.P.*,
   434 F. Supp. 2d 367 (E.D. Va. 2006) .....................................................................................10

*Carolina Conduit Sys. v. MasTec N. Am., Inc.*,
   No. 3:11CV133-HEH, 2011 U.S. Dist. LEXIS 122578 (E.D. Va. Oct 24,
   2011) .........................................................................................................................................9

*Chertoff Capital, L.L.C. v. Braes Capital, LLC*,
   No. 1:19cv631, 2019 U.S. Dist. LEXIS 231192 (E.D. Va. Oct. 31, 2019) ..............................8

*Chesapeake Square Hotel, LLC v. Logan's Roadhouse, Inc.*,
   995 F. Supp. 2d 512 (E.D. Va. 2014), ......................................................................................2

*Cincinnati Insurance v. Ruch*,
   940 F. Supp. 2d 338 (E.D. Va. 2013) .......................................................................................2

*Cortez-Melton v. Capital One Fin. Corp.*,
   No. 3:19cv127, 2021 U.S. Dist. LEXIS 36676 (E.D. Va. Feb. 26, 2021) ................................9

*Doctor's Hosp. of Slidell, LLC v. United HealthCare Ins. Co.*,
   No. 10-3862, 2011 U.S. Dist. LEXIS 163445 (E.D. La. Apr. 26, 2011)..................................3

*E. Claiborne Robins Co., Inc. v. Teva Pharm. Indus. Ltd.*,
   No. 3:18CV827, 2019 WL 4482545 (E.D. Va. Sept. 18, 2019)...............................................5

*Edwards v. City of Goldsboro*,
  178 F.3d 231 (4th Cir. 1999) ............................................................................................... 5

*E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*,
  213 F.3d 175 (4th Cir. 2000) ............................................................................................ 4, 7

*Filak v. George*,
  267 Va. 612 (2004) ............................................................................................................. 8

*Galloway Corp. v. S.B. Ballad Constr. Co.*,
  464 S.E.2d 349 (Va. 1995) .................................................................................................. 5

*Harrell v. Colonial Holdings*,
  923 F. Supp. 2d 813 (E.D. Va. 2013) ................................................................................ 10

*Infectious Disease Doctors, P.A. v. BlueCross BlueShield of Tex.*,
  No. 3:13-CV-2920-L, 2014 U.S. Dist. LEXIS 120728, 2014 WL 4262164
  (N.D. Tex. Aug. 29, 2014) .................................................................................................. 3

*In re Kazmi*,
  No. 13-10897-BFK, 2013 WL 4859320 (Bankr. E.D. Va. Sept. 6, 2013) ........................ 10

*Metra Indus. v. Rivanna Water & Sewer Auth.*,
  No. 3:12CV00049, 2014 U.S. Dist. LEXIS 21568 (W.D. Va. Feb. 19, 2014) ................. 10

*Morrow v. Navy Fed. Credit Union*,
  No. 21-2323, 2022 WL 2526676 (4th Cir. July 7, 2022) .................................................... 5

*N. Shore Med. Ctr. v. Cigna Health & Life Ins. Co.*,
  No. 1:20-cv-24914-KMM, 2021 U.S. Dist. LEXIS 88901 (S.D. Fla. May 10,
  2021) ............................................................................................................................... 2, 3

*Ransome v. O'Bier*,
  No. 3:16cv1002, 2017 U.S. Dist. LEXIS 60527 (E.D. Va. Apr. 20, 2017) ........................ 5

*Reyes v. Wells Fargo Bank, N.A.*,
  No. 1:13-CV-547, 2013 WL 3874527, at *4 (E.D. Va. July 24, 2013) ............................... 9

*Simmons v. T.M. Assocs. Management, Inc.*,
  287 F. Supp. 3d 600 (W.D. Va. 2018) ................................................................................ 5

*Van Leer v. Deutsche Bank Sec., Inc.*,
  479 F. App'x 475 (4th Cir. 2012) ....................................................................................... 6

*Yorktowne Shopping Ctr., LLC v. Nat'l Sur. Corp.*,
  No. 1:10-CV-1333, 2011 WL 2414389 (E.D. Va. June 15, 2011) ..................................... 7

# TABLE OF AUTHORITIES
(continued)

**Page**

*1004 Palace Plaza, LLC v. Ebadom Food, LLC*,
 No. 1:18-CV-1376, 2019 WL 3084236 (E.D. Va. July 15, 2019) ...................................... 9, 10

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................................................................... 2, 4

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 4, 5

Fed. R. Civ. P. 10 ....................................................................................................................... 1

NHIA, *NHIA National Coding Standard for Home Infusion Claims under HIPAA*
 (2023), https://nhia.org/wp-content/uploads/2023/01/NHIA_Code_Std.pdf ........................ 15

Defendant Anthem Health Plans of Virginia, Inc. d/b/a Anthem, Blue Cross and Blue Shield ("Anthem"), by counsel, submits this Reply Memorandum of Law in support of its Motion to Dismiss the Complaint of Plaintiff Bond Pharmacy, Inc. d/b/a AIS Healthcare ("Bond Pharmacy" or "Plaintiff") in its entirety, pursuant to Federal Rules of Civil Procedure 8(a), 10, and 12(b)(6), and states as follows:

## INTRODUCTION

Plaintiff's Opposition spends the majority of its pages copying and pasting the allegations of its Complaint but offers little actual opposition to the dispositive issues Anthem raises in its Motion. Plaintiff does not dispute that in cases like this, courts regularly require plaintiffs to provide claims lists with specific information to adequately put the health benefits plan on notice of which claims are at issue. And despite refusing to provide a claims list that is not protected by Fed. R. Evid. 408, Plaintiff does not dispute that certain claims accrued in October 2020, outside the limitations period, or that it may not have exhausted its administrative appeal remedies, a prerequisite to bringing suit.

Similarly, Plaintiff does not dispute the clear contractual language of the Provider Agreement that forecloses Plaintiff's claims – it simply ignores it and argues that its unsupported, conclusory legal assertions are sufficient to make out a cause of action. Plaintiff does not dispute that it cannot recover on its unjust enrichment claim because the Provider Agreement governs the parties' relationship, and there is no suggestion that the agreement is unenforceable. Finally, Plaintiff does not dispute that courts dismiss declaratory judgment claims as improper where – as here – duplicative contract claims are pending.

Because Plaintiff has not and cannot properly plead any claims upon which relief can be granted, its Complaint should be dismissed with prejudice.

**ARGUMENT**

I.  **PLAINTIFF'S COMPLAINT FAILS TO PROVIDE ANTHEM WITH ADEQUATE NOTICE OF ITS CLAIMS AS REQUIRED BY Fed. R. Civ. P. 8.**

Plaintiff's Opposition fails to recognize that what constitutes "fair notice" as required by Fed. R. Civ. P. 8 depends on the nature of the claims themselves. Instead, Plaintiff asserts that it is not required to provide Anthem with notice of the health benefits claims at issue because it is not "practical," citing *Cincinnati Insurance v. Ruch*, 940 F. Supp. 2d 338 (E.D. Va. 2013). However, neither this Court in *Cincinnati Insurance* nor any of the other courts in the cases cited by Plaintiff suggest that Plaintiff's convenience or views of what is "practical" determine whether a complaint gives the defendant adequate notice. *See generally Cincinnati Ins.*, 940 F. Supp. 2d 338 (discussing whether a contract was assignable, not whether Plaintiff had provided adequate notice of its claims under Rule 8); *Chesapeake Square Hotel, LLC v. Logan's Roadhouse, Inc.*, 995 F. Supp. 2d 512, 518–19 (E.D. Va. 2014) (involving a breach of contract claim outside the insurance context and noting that because Fed. R. Civ. P. 8 required more than conclusory statements, a plaintiff must provide sufficient details about what it had done to perform and how it had satisfied specific conditions precedent).

Nor does Plaintiff dispute that in the health benefits context, courts regularly require providers to produce a claims list to properly plead that a health benefits plan breached a contract. Plaintiff argues only that some of the cases Anthem cites were more complicated than the situation here. Even if true, Plaintiff does not dispute that the information that the courts in those cases held was necessary to provide adequate notice went beyond merely identifying which provider and which broad category of service was at issue. *See* Opp. at 12. Rather, those courts required that the provider supply the member's name and other identifying information, dates of service, specific service codes, plan names, and expected amounts outstanding. *N. Shore Med. Ctr. v.*

*Cigna Health & Life Ins. Co.*, No. 1:20-cv-24914-KMM, 2021 U.S. Dist. LEXIS 88901, at *12 (S.D. Fla. May 10, 2021); *Infectious Disease Doctors, P.A. v. BlueCross BlueShield of Tex.*, No. 3:13-CV-2920-L, 2014 U.S. Dist. LEXIS 120728, 2014 WL 4262164, at *3 (N.D. Tex. Aug. 29, 2014) (involving a single provider company and a single insurer); *Doctor's Hosp. of Slidell, LLC v. United HealthCare Ins. Co.*, No. 10-3862, 2011 U.S. Dist. LEXIS 163445, at *9-10 (E.D. La. Apr. 26, 2011) (requiring "basic factual information . . . including the identity of the patient and the nature and date of the services, the [health benefits] plan, [and] the amount billed and paid" in Plaintiff's view).

Anthem offers multiple insurance plans, and Plaintiff offers a variety of HIT services and drugs that it billed, as Plaintiff admits, under various "J-Codes" and other codes, presumably provided by a number of different nurses or other medical professionals. Without a claims list, Anthem cannot identify which of the claims it believes it properly processed are now at issue, much less "assess the validity of Plaintiff['s] claims." *N. Shore Med. Ctr.* 2021 U.S. Dist. LEXIS 88901, at *12.[1]

For example, Plaintiff's claims should be dismissed to the extent they are barred by the Provider Agreement's limitations period or administrative appeal requirements. Plaintiff alleges that Anthem denied at least some of the claims at issue in October 2020, more than two years before Plaintiff filed this suit. Compl. ¶ 83 (cited in Opp. at 15). On the face of the Complaint,

---

[1] Plaintiff does not address Anthem's comment that the February 2022 spreadsheet was worked over by the parties and is out of date. Plaintiff instead claims that it recently provided Anthem with a newer spreadsheet (after Anthem filed its motion to dismiss in this case and repeatedly requested one), but neglects to mention that it conditioned its production of that spreadsheet on the limitation that it be used for settlement purposes only. And even that spreadsheet lacks vital details, including claim numbers and the amount Plaintiff alleges it is owed. It also includes claims for codes not referenced in the Complaint, leading Anthem to question whether the spreadsheet simply lists all claims Anthem has denied, not just the ones at issue in this lawsuit because Plaintiff alleges they were wrongfully denied. Anthem further notes that a claims list would enable Anthem to determine whether there were other bases for denial of the claims, such as exclusions under an ERISA plan, failure to exhaust the required grievance process, or the expiration of a statute of limitation.

3

and thus even under the Rule 12 standard, those claims are barred by the two-year contractual limitations period. Similarly, Plaintiff does not allege in its Complaint that it took *any* of the claims at issue through the appropriate appeal process. To the contrary, Plaintiff tacitly admits that it may not have complied with its appeals obligations for any of the claims at issue because it thought appeals would be "utterly futile." Opp. at 16. Plaintiff's perceptions of futility do not excuse it from compliance with its contractual obligations. Therefore, the Court must dismiss any claims for which Plaintiff did not exhaust the bargained-for administrative appeal requirements in the Provider Agreement. While Plaintiff argues that it is not required to plead facts that might be used in an affirmative defense, the facts which give rise to these defenses are the same ones required for proper notice under Fed. R. Civ. P. 8 in provider disputes like this one. Plaintiff should not be allowed to avoid dismissal on a different ground by subverting the requirements of Fed. R. Civ. P. 8.

Therefore, Plaintiff's Complaint should be dismissed.

## II. PLAINTIFF'S BREACH OF CONTRACT AND ANTICIPATORY BREACH CLAIMS FAIL BECAUSE THEY IGNORE THE PLAIN LANGUAGE OF THE PROVIDER AGREEMENT.

As an initial matter, Plaintiff incorrectly claims that "breach claims and issues of contract interpretation are not appropriate for resolution on a Rule 12 motion." Opp. at 14. To the contrary, the Fourth Circuit, this Court, and many others regularly consider issues of contract interpretation at the pleadings stage and dismiss contract claims where, as here, they are foreclosed by clear and unambiguous contract language. *See E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 181 (4th Cir. 2000) ("Because the lease expressly gives J.D. Associates the right to take the actions alleged by Eastern Shore in the complaint, the district court properly dismissed Eastern Shore's [breach of contract] claim related to these express provisions."); *Alami v. Lincoln Prop. Co.*, 61 F. Supp. 3d 551, 558 (E.D. Va. 2014) ("Because Section 3(b) [of the contract] explicitly

4

precludes the Alamis from bring any claims against Defendants stemming from a delay in completing the buildout, the breach of contract claim must be dismissed."); *E. Claiborne Robins Co., Inc. v. Teva Pharm. Indus. Ltd.*, No. 3:18CV827, 2019 WL 4482545, at *4 (E.D. Va. Sept. 18, 2019) (interpreting performance requirements under contract and dismissing breach of contract claim on that basis); *Ransome v. O'Bier*, No. 3:16-CV-01002, 2017 WL 1437100, at *3 (E.D. Va. Apr. 20, 2017) (analyzing and applying "the plain language" of the contract to dismiss a breach of contract claim); *AdvanceTEC, L.L.C. v. Wohlsen Constr. Co.*, No. 3:17-CV-201-HEH, 2017 WL 1904255, at *7 (E.D. Va. May 9, 2017) (dismissing breach of contract claim based on reading of contract that was contrary to its text); *see also Morrow v. Navy Fed. Credit Union*, No. 21-2323, 2022 WL 2526676, at *3 (4th Cir. July 7, 2022) (citing *Galloway Corp. v. S.B. Ballad Constr. Co.*, 464 S.E.2d 349, 354 (Va. 1995)) ("[T]he 'mere fact that terms of a contract are in dispute is not evidence that the language is not clear and explicit and requires extrinsic evidence to aid in its construction.'").[2]

Plaintiff does not dispute Anthem's interpretation of the plain language of the Provider Agreement – nor can it – because the Provider Agreement's language is unambiguous. Plaintiff simply ignores it, arguing that its conclusory and oversimplified allegations (that Anthem agreed to pay AIS for home infusion therapy services and that Plaintiff "compli[ed]" with the Provider Agreement but Anthem did not pay) is sufficient to make out a breach of contract claim. Opp. at 13. This is insufficient to state a claim for past or anticipatory breach of contract for three reasons.

---

[2] Conversely, the cases Plaintiff cites for the proposition that contract claims cannot be dismissed at the Rule 12 stage are inapposite. *See Bank of Montreal v. Signet Bank*, 193 F.3d 818, 835 (4th Cir. 1999) (holding on appeal of summary judgment that contract interpretation was suited to resolution at summary judgment, not that it was *not* suited to resolution on a motion to dismiss); *Simmons v. T.M. Assocs. Management, Inc.*, 287 F. Supp. 3d 600, 606 (W.D. Va. 2018) (holding only that a court cannot consider documents that were not referenced in a complaint – unlike the Provider Agreement at issue here – but saying nothing about contract interpretation); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244–53 (4th Cir. 1999) (involving constitutional claims, not breach of contract claims, and saying nothing about contract interpretation, though freely interpreting constitutional provisions).

First, it is black-letter Fourth Circuit law that a plaintiff cannot rely on conclusory allegations to plead that it satisfied conditions precedent to payment or otherwise state a breach of contract claim. Courts "need not accept a complaint's legal conclusions," and "simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212, 215 (4th Cir. 2019) (affirming dismissal of breach of contract claims which relied on conclusory allegations); *see also Van Leer v. Deutsche Bank Sec., Inc.*, 479 F. App'x 475, 480 (4th Cir. 2012) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (affirming dismissal of breach of contract claim at the pleadings stage because the plaintiff's allegations "rely on conclusory claims, rendering dismissal appropriate").

Second, even putting aside the conclusory nature of Plaintiff's pleading and argument, the paragraphs of the Complaint to which Plaintiff cites in its Opposition simply do not say what Plaintiff claims they say, even under the most favorable reading. For example, Plaintiff cites Paragraphs 60–70 as alleging that AIS only billed per diems for days when the pain pump was refilled in the patient's home, *contra* Opp. at 13 ("AIS alleges it provided HIT services in patients' homes and did not bill when a treating physician refilled a patient's intrathecal pump."). Similarly, Plaintiff cites multiple paragraphs of the Complaint as alleging that it "billed and submitted its claims *in compliance* with the Agreement." Opp. at 13 (citing Compl. ¶¶ 6–7, 73, 90–92, 131–136). However, the cited paragraphs say no such thing. At most, they allege only that the parties contracted under the Provider Agreement and that, in so contracting, Anthem agreed to pay certain drug and per diem charges. These cited paragraphs do not allege that AIS submitted its claims in compliance with the Provider Agreement.[3] Likewise, Plaintiff has not alleged, except in

---

[3] And to the extent this conclusory legal assertion can be located elsewhere in Plaintiff's Complaint, it is not entitled to any weight or inferences in Plaintiff's favor and cannot support a breach of contract claim, particularly not

conclusory fashion, that Anthem has made "a positive, unconditional, and unequivocal declaration of fixed purpose not to perform the contract in any event or at any time" as is required to state a claim for anticipatory breach. *Yorktowne Shopping Ctr., LLC v. Nat'l Sur. Corp.*, No. 1:10-CV-1333, 2011 WL 2414389, at *7 (E.D. Va. June 15, 2011). District courts are not bound by the "legal conclusions drawn from" whatever facts a plaintiff alleges and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Third, simply pleading that Anthem did not pay a claim, without more, does not make out a claim for breach of contract if the claim is not payable under the terms of the Provider Agreement. Plaintiff's breach of contract theory – to the extent one is pled in the Complaint – depends on the allegation that "the Agreement does not limit or condition per diem charges based on where the drug is dispensed." *See* Compl. ¶ 19 ("[T]he Agreement does not limit or condition per diem charges based on where the drug is dispensed.").[4] But as Anthem explained in its Motion, the Agreement expressly contradicts that allegation. For example, Section III of the PCS Attachment in the Provider Agreement could not be clearer that it limits claims by unambiguously prohibiting

---

where Plaintiff's interpretation of the Provider Agreement is flatly contradicted by the Provider Agreement's plain language.

[4] Plaintiff continues to claim that the Provider Agreement incorporates the National Home Infusion Association's "Standards" (the "NHIA Standards") but does not respond to Anthem's explanation that the standards are not referred to or incorporated in the Provider Agreement. Plaintiff claims that the NHIA "establish[es] 'the national standard'" but quotes the NHIA out of context. As NHIA itself acknowledges, it is the self-appointed national standard only, and provides a "national standard" for the convenience of its stakeholders only. Indeed, the NHIA admits that ultimately it does not have authority to vary the HCPCS and CPT code descriptions set out by HIPAA. NHIA, *NHIA National Coding Standard for Home Infusion Claims under HIPAA* (2023), at 106, 144, https://nhia.org/wp-content/uploads/2023/01/NHIA_Code_Std.pdf (last visited March 23, 2023) ("NHIA 2023 Standards"). The fact that both the Provider Agreement and the NHIA Standards quote HIPAA regulations does not lead to an inference that the Provider Agreement adopts *the NHIA Standards*. *Contra* Opp. at 14 n.7. Moreover, the NHIA Standards acknowledge that providers must comply with payors' limitations regarding place of service. *See* NHIA 2023 Standards at 36, 140–41 ("[M]any payers will have a benefit for services in the home (POS=12) that is different from services provided in other locations . . . .").

AIS from providing services in any location other than the member's home (or Ambulatory Infusion Suite):



Mem. in Supp. of Mot. to Dismiss, Ex. A, PCS § III, ECF No. 21-1 (emphasis added); *see also* Mem. in Supp. of Mot. to Dismiss, Ex. B, PCS § III, ECF No. 21-2 (███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████).

Similarly, Plaintiff alleges that "[t]he Agreement does not permit Anthem to recoup any overpayment if [Plaintiff] timely disputes any such overpayment." Compl. ¶¶ 151–56. But again, this assertion is flatly contradicted by the unambiguous language of the Provider Agreement which makes clear that while ███████████████████████████████ Anthem's overpayment determination, ███████████████████████████████████████████████ Mem. in Supp. of Mot. to Dismiss, Ex. A, § 2.7.

Plaintiff does not deny that the Provider Agreement says what it says. In other words, Anthem's alleged breaches are not breaches at all. Anthem's conduct is either expressly permitted or expressly required by the Provider Agreement. Plaintiff thus fails to plead "a violation or breach" of "a legally enforceable obligation of a defendant to a plaintiff," because the Provider Agreement unambiguously demonstrates that Anthem is not actually obligated to do what Plaintiff claims it failed to do. *Filak v. George*, 267 Va. 612, 619 (2004); *see also Chertoff Capital, L.L.C. v. Braes Capital, LLC*, No. 1:19cv631, 2019 U.S. Dist. LEXIS 231192, at *11–12 (E.D. Va. Oct. 31, 2019) (holding a defendant had not anticipatorily breached the contract when the alleged

repudiation was actually the exercise of his contractual rights). Because Plaintiff's claims ignore the clear contractual language, they fail, and Plaintiff's causes of action for breach of contract and anticipatory breach should be dismissed.

### III. PLAINTIFF CANNOT RECOVER ON ITS UNJUST ENRICHMENT CLAIM BECAUSE IT IS FORECLOSED BY THE PROVIDER AGREEMENT.

As Plaintiff does not dispute, a plaintiff cannot recover on an unjust enrichment claim if that claim is duplicative of its breach of contract claim. *See* Opp. at 14. Plaintiff, however, argues that it may proceed with unjust enrichment as a claim made in the alternative. *Id.* But Plaintiff does *not* plead its unjust enrichment claim in the alternative, and it is foreclosed by the existence of the Provider Agreement, which Plaintiff has pled and Anthem agrees governs the parties' relationship. *See Carolina Conduit Sys. v. MasTec N. Am., Inc.*, No. 3:11CV133-HEH, 2011 U.S. Dist. LEXIS 122578, at *8 (E.D. Va. Oct 24, 2011); *Cortez-Melton v. Capital One Fin. Corp.*, No. 3:19CV127, 2021 WL 771754, at *10–11 (E.D. Va. Feb. 26, 2021). An unjust enrichment claim cannot be pled in company with a breach of contract claim, even in the alternative, if there is no allegation that the contract is unenforceable. *Reyes v. Wells Fargo Bank, N.A.*, No. 1:13-CV-547, 2013 WL 3874527, at *4 (E.D. Va. July 24, 2013) (holding that "Plaintiff's unjust enrichment claim is unwarranted and must also be dismissed" because "[w]hen a contract governs an agreement between parties, "the equitable remedy of restitution grounded in quasi-contract or unjust enrichment does not lie"); *Cortez-Melton*, 2021 WL 771754, at *10 (dismissing unjust enrichment claim because a contract existed and, "as other courts in the Eastern District of Virginia have stated, "[a] condition precedent to the assertion of ... a claim [of unjust enrichment] is that no express contract exists between the parties") (citation omitted) (alterations in original); *contra 1004 Palace Plaza, LLC v. Ebadom Food, LLC*, No. 1:18-CV-1376, 2019 WL 3084236, at *3 (E.D. Va. July 15, 2019) (allowing unjust enrichment to proceed in the alternative where Plaintiff

9

had adequately pled a fraud in the inducement claim, "which, if successful, would negate the existence of the lease"); *Harrell v. Colonial Holdings*, 923 F. Supp. 2d 813, 826–27 (E.D. Va. 2013) (denying motion to dismiss because plaintiffs had "specifically note[d] that the breach of contract claim [wa]s brought 'IN THE ALTERNATIVE'" and where defendant had also denied the existence of an agreement between the parties). Here, there is no dispute that the Provider Agreement is enforceable. Indeed, Plaintiff's breach of contract claim depends on its enforceability. Thus, the Court must dismiss Plaintiff's unjust enrichment claim.

**IV. PLAINTIFF'S DECLARATORY JUDGMENT CLAIM IS IMPROPERLY DUPLICATIVE.**

Likewise, because Plaintiff's declaratory judgment claim is duplicative of its breach of contract and anticipatory breach claims – in addition to being foreclosed by the plain language of the Provider Agreement – it "serves no useful purpose" and must be dismissed. *Metra Indus. v. Rivanna Water & Sewer Auth.*, No. 3:12CV00049, 2014 U.S. Dist. LEXIS 21568, at *5 (W.D. Va. Feb. 19, 2014) (citation omitted). Plaintiff points to no precedents which would allow both a breach of contract claim and a declaratory judgment claim to proceed, and neither of the cases Plaintiff does cite, *In re Kazmi*, No. 13-10897-BFK, 2013 WL 4859320 (Bankr. E.D. Va. Sept. 6, 2013) and *Capital One Financial Corp. v. Drive Financial Services, L.P.*, 434 F. Supp. 2d 367, 372 (E.D. Va. 2006), involved a duplicative breach of contract claim.

## <u>CONCLUSION</u>

For the foregoing reasons, Anthem respectfully requests that this Court grant its motion to dismiss in its entirety and dismiss the Complaint with prejudice.

10

| | |
|---|---|
| Date: March 23, 2023 | ANTHEM HEALTH PLANS OF VIRGINIA, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD |

*/s/ Michael E. Lacy*
Michael E. Lacy (VSB No. 48477)
Sarah E. Siu (VSB No. 94716)
TROUTMAN PEPPER HAMILTON SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn (VSB No. 79596)
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein (*pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

Harry J. Liberman (*pro hac vice forthcoming*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (202) 704-6000
harry.liberman@troutman.com

*Counsel for Defendant*