IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:22-cv-01343-CMH-IDD |
| v. | )<br>) |
| ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, | ) STIPULATED CONFIDENTIALITY<br>) AGREEMENT AND PROTECTIVE<br>) ORDER<br>) |
| Defendant. | )<br>) |

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue this Stipulated Confidentiality Agreement and Protective Order (hereafter, "Order") pursuant to Federal Rule of Civil Procedure 26(c) to facilitate the voluntary exchange of documents and protect the confidentiality of nonpublic and competitively sensitive business or private health or personal information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of this Order;

IT IS HEREBY ORDERED that the Parties, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

**Scope of Protection**

1. This Order shall govern all information adduced in this action, including but not limited to discovery requests, any documents or materials produced in response to discovery requests, deposition and trial testimony (whether based upon oral examination or written questions), and any other information that a producing party may designate in connection with this action (collectively referred to as "Discovery Material").

2. This Order shall apply to the Parties, their representatives, agents, experts, and consultants, as well as all non-parties from whom discovery may be sought.

4. In the event that a Party seeks discovery from a non-party to this action, the Parties and/or the non-party may invoke the terms of this Order with respect to any Discovery Material to be provided by the non-party.

3. This Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). This Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

**Confidentiality**

4. *Confidential Information.* "Confidential Information" means information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it be a document,

information contained in a document, information revealed during a deposition, information revealed in a request and/ or response to an interrogatory or request for admission, or any other form of evidence or discovery contemplated under Part 5 of the Federal Rules which (1) is designated as "Confidential" by the producing party, and (2) which, in the good faith belief of the producing party contains (i) private health or personal information protected from disclosure under HIPAA and/or any other state or federal legislation, (ii) financial or tax information, (iii) confidential or proprietary research, development, design, construction, commercial, or business information that would not normally be revealed to the public, and/or (iv) trade secrets.  In designating information as Confidential Information, the producing party shall make such a designation only as to the material or portion of the Discovery Material that the producing party, in good faith, believes contains Confidential Information.  All Discovery Material that is designated "Confidential" shall be used for purposes of this action and for no other purposes, except as set forth within this Order.

5. *Material That Is Not Confidential.*  Discovery Material will not be deemed "Confidential," and producing parties shall use reasonable efforts to ensure that Discovery Material is not designated as such, if the content or substance thereof is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise.

6. *Attorney's Eyes Only Information*.  "Attorney's Eyes Only Information" refers to any Discovery Material that may be designated as "Confidential" as that term is defined in Paragraph 4 and is of the most sensitive nature and believed to be unknown to the public and the opposing party and which, if disclosed, would adversely affect the producing party's legitimate business interests and/or provide a competitor with significant technical or unfair business

advantages. The designation of Discovery Material as "Attorney's Eyes Only" shall be the rare exception and not the rule.

    7.    *Process of Designation.* All Confidential Information or Attorney's Eyes Only Information must be designated in the following manner, as applicable:

    a.  *Documents.* Documents designated as "Confidential" or "Attorney's Eyes Only" shall be so identified by the producing party marking each page of the document as "Confidential" or "Attorney's Eyes Only," or by issuing some other conspicuous notice identifying the material as "Confidential" or "Attorney's Eyes Only" (such as by letter setting forth the bates numbers or ranges or otherwise describing with particularity the documents to be treated as "Confidential" or "Attorney's Eyes Only"). If a receiving party wishes to designate documents produced by another party as "Confidential" or "Attorney's Eyes Only," the receiving party shall have a reasonable opportunity to request that the party who has control of the documents at issue make such designation.

    b.  *Designation of Other Discovery Material.* Discovery Material designated as "Confidential" or "Attorney's Eyes Only" that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated by the producing party in a writing provided to the receiving party at the time of production.

    c.  *Testimony or Deposition.* Testimony or information disclosed at a deposition may be designated as "Confidential" or "Attorney's Eyes Only" by indicating on the record at the deposition the specific testimony which shall be designated "Confidential" or "Attorney's Eyes Only." Alternatively, deposition

testimony may be designated as "Confidential" or "Attorney's Eyes Only" by so advising the other parties in writing of the portions of the transcript that shall be treated as "Confidential" or "Attorney's Eyes Only" within 15 days after the deposition transcript is prepared.  Until the end of this 15-day period (or until an earlier designation is made by counsel) the entire deposition shall be treated as if designated "Confidential."

8. *Inadvertent Production Without Designation.*  If a party, through inadvertence, produces any Discovery Material that the party believes should be designated "Confidential" or "Attorney's Eyes Only" without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order ("Misdesignated Material"), such production shall not be deemed a waiver of the producing party's later claim that such Misdesignated Material should be designated "Confidential" or "Attorney's Eyes Only."  The producing party may give written notice to the receiving party that the Misdesignated Material is designated "Confidential" or "Attorney's Eyes Only" and should be treated as such in accordance with the provisions of this Order.  The receiving party must treat the Misdesignated Material as "Confidential" or "Attorney's Eyes Only" from the date such notice is received, unless the receiving party can demonstrate that the Misdesignated Material does not qualify as "Confidential" or "Attorney's Eyes Only" under paragraphs 4 and 6 of this Order.  Prior to the receipt of such notice, disclosure of Misdesignated Material to persons not authorized to receive Confidential Information or Attorney's Eyes Only Information, shall not be deemed a violation of this Order, nor shall it cause such information, otherwise "Confidential" or "Attorney's Eyes Only" under this Order, to no longer qualify for such designation.  Upon the producing party's identification of Misdesignated Material to the receiving party, arrangements will be made for the destruction of

the Misdesignated Material or for the return to the producing party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly designated copies of Discovery Material.  Upon receipt of replacement copies of the Misdesignated Material with the proper designation, the receiving party shall take all reasonable steps to return or destroy all previously produced copies of the Misdesignated Material.  If requested by the producing party, a receiving party shall verify in writing that it has taken all reasonable steps to return or destroy Misdesignated Material.

         9.      *Unauthorized Disclosure of Confidential Information or Attorney's Eyes Only Information.*  In the event of a disclosure by a receiving party of Confidential Information and/or Attorney's Eyes Only Information to persons or entities not authorized by this Order to receive such information, the receiving party making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Information and/or Attorney's Eyes Only Information subject to this Order; (ii) immediately make reasonable efforts to recover the disclosed Confidential Information and/or Attorney's Eyes Only Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) immediately notify the producing party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Information and/or Attorney's Eyes Only Information and ensure against further dissemination or use thereof.  Disclosure of Confidential Information and/or Attorney's Eyes Only Information other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

10. *Permitted Disclosure of Confidential Information.* Counsel and others shall not disclose or permit the disclosure of Confidential Information under this Order to any other person or entity, except in the following circumstances:

    a. Disclosure may be made to employees of counsel who have direct functional responsibility for assisting in the preparation and trial of this action or any related appeal, including paralegal, secretarial, and clerical employees. Any employee to whom disclosure is made shall be advised of, and shall become subject to, the terms of this Order;

    b. Disclosure may be made to consultants or experts employed by counsel to assist in the preparation and trial of this action or any related appeal, but any such consultants or experts to whom Confidential Information is disclosed must agree in writing to be bound by the terms of this Order;

    c. Disclosure may be made to employees of the parties to the extent required for assisting in the preparation and trial of this action or any related appeal;

    d. Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal) and jurors in connection with this action, provided that, if the disclosure is made as part of a court filing, the Confidential Information shall be filed under seal or appropriately redacted;

    e. Disclosure may be made to court reporters used in connection with this action, as necessary for bona fide purposes related to this action;

    f. Disclosure may be made to any person who wrote, possessed, viewed or received a copy of information designated "Confidential" before it was furnished in this action;

 g. Disclosure may be made to any mediators and employees of such mediators who are actively engaged in assisting the mediators in connection with this action;

 h. Disclosure may be made to employees of copying, microfilming, document imaging, facsimile, and other services engaged to reproduce Discovery Material in connection with this action; and

 i. Disclosure may be made to trial or hearing witnesses or deponents in the course of this action as necessary for bona fide purposes related to the witness's or deponent's testimony, and after the person to whom such disclosure is made has been informed of the Order and has agreed in writing to be bound by it.

11. *Permitted Disclosure of Attorney's Eyes Only Information.* Counsel and others shall not disclose or permit the disclosure of Attorney's Eyes Only Information under this Order to any other person or entity, except in the following circumstances:

 a. Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal) in connection with this action, provided that, if the disclosure is made as part of a court filing, the Attorneys Eyes Only Information shall be filed under seal or appropriately redacted;

 b. Disclosure may be made to court reporters used in connection with this action, as necessary for bona fide purposes related to this action;

 c. Disclosure may be made to any person who (1) prepared, possessed, or received the Attorney's Eyes Only Information or a copy thereof before it was furnished in this action; or (2) was present or participated in a meeting or discussion of the Attorney's Eyes Only Information before it was furnished in this action;

    d. Disclosure may be made to any mediators and employees of such mediators who are actively engaged in assisting the mediators in connection with this action; and

    e. Disclosure may be made to employees of copying, microfilming, document imaging, facsimile, and other services engaged to reproduce Discovery Material in connection with this action.

12. Any person having access to Discovery Material designated "Confidential" or "Attorney's Eyes Only" under this Order, including consultants and experts, shall not make copies, extracts, summaries, or descriptions of such Discovery Material or any portion thereof, except as necessary for the preparation and trial of this action.

13. *Challenges to Designations.* The parties shall have the right to dispute the "Confidential" or "Attorneys' Eyes Only" designation claimed by any other party or non-party in accordance with this Order. If a receiving party believes that any documents or materials have been inappropriately designated by a producing party, the receiving party shall confer in good faith with counsel for the producing party. As part of that conferral, the producing party must assess whether redaction is a viable alternative to complete nondisclosure. If the parties are unable to resolve the matter informally, either party may file the appropriate motion seeking relief from the Court. Regardless of which party files the motion, the party seeking to prevent the disclosure bears the burden of establishing good cause for non-disclosure. Information claimed to be "Confidential" or "Attorney's Eyes Only" that is subject to a dispute as to proper designation shall, until further order of the Court, be treated in accordance with the provisions of this Order pursuant to its designation as "Confidential" and/or "Attorney's Eyes Only." In this circumstance, a producing party's designation of the Discovery Material shall be controlling unless otherwise determined by the Court. In the event a motion to challenge a producing

party's designation of Discovery Material as "Confidential" or "Attorney's Eyes Only" is pursued, it and the accompanying materials shall be filed under seal, and the confidentiality of such information shall remain protected until the Court shall order otherwise. The parties shall attempt to resolve any such challenge by agreement prior to filing such a motion. A party is not obligated to challenge the propriety of any "Confidential" or "Attorney's Eye's Only" designation at the time of production or, in the case of Misdesignated Material, at the time of designation, and failure to do so shall not preclude a subsequent challenge thereto or constitute an admission that such designation was proper.

14. *Limited Use.* Use of Confidential Information and/or Attorney's Eyes Only Information produced in this action shall be limited to this action.

15. *Trial Procedures*. A determination as to when and what special procedures, if any, are necessary for handling Discovery Material designated "Confidential" or "Attorney's Eyes Only" subject to this Order at trial shall be deferred until a trial date has been set in this case. Nothing contained in this Order, however, shall preclude either party from attempting to use any Discovery Material designated "Confidential" or "Attorney's Eyes Only" as evidence should this matter proceed to trial, subject to any confidentiality protections that the Court may direct. Notwithstanding, the exhibits, whether in a hearing or at trial, labeled "Confidential" or "Attorney's Eyes Only" shall not be required to be in an envelope unless explicitly agreed by the parties or ordered by the Court.

16. *Return of Confidential Information.* Within 60 days following the conclusion of this action (including any appeals, if applicable), all copies of Discovery Material designated "Confidential" or "Attorney's Eyes Only" will be destroyed or returned to the party or non-party who produced them. Counsel for each party shall, if requested by the other party, provide a

certificate or other writing confirming compliance with the foregoing provision. In addition, any copies of such of Discovery Material designated "Confidential" or "Attorney's Eyes Only" that are offered or admitted into evidence during this action will be maintained under seal in the Court file or returned to the producing party. Counsel for each party shall be entitled to retain all pleadings, motion papers, discovery responses (other than the other party's produced documents designated "Confidential" or "Attorney's Eyes Only"), deposition transcripts, legal memoranda, correspondence, and work product.

17.     *No Waiver or Obligation to Object to Production.* Nothing contained in this Order shall be construed to require production of Confidential Information or Attorney's Eyes Only Information which is privileged or otherwise protected from discovery or which is not responsive to a discovery request. In addition, nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any discovery request, nor as a waiver by any party of its obligation to fulfill its discovery obligations under the Federal Rules. The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any applicable privilege.

## **Additional Provisions**

18.     This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto indefinitely as to any dispute between any of them regarding improper use of Discovery Material pursuant to this Order.

19.     This Order is without prejudice to the right of any party, or an interested non-party, to seek relief from the Court, upon good cause shown, from any of the restrictions

provided above or to impose additional limitations or restrictions on the disclosure of any Discovery Material produced. Any producing party shall have the right to waive all or part of the protections hereunder.

SO STIPULATED AND AGREED

_____
Paul A. Werner (VSB No. 48910)
Imad Matini (VSB No. 90126)
Maria-Laura C. Coltre (VSB No. 92177)
Kathryn Ryan (*pro hac vice to be submitted*)
Angelo Pavone (*pro hac vice to be submitted*)
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
mcoltre@sheppardmullin.com
katryan@sheppardmullin.com
apavone@sheppardmullin.com

*Attorneys for Plaintiff*


_____
Michael E. Lacy (VSB No. 48477)
Sarah E. Siu (VSB No. 94716)
TROUTMAN PEPPER HAMILTON SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326

Facsimile: (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn (VSB No. 79596)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein (*pro hac vice forthcoming*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

Harry J. Liberman (*pro hac vice forthcoming*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (202) 704-6000
harry.liberman@troutman.com

*Attorneys for Defendant*


SO ORDERED


ENTERED:        /        /

_____
                              Judge