IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE, | ) ) ) ) ) |
| Plaintiff-Counter Defendant, | ) ) |
| v. | ) Case No. 1:22-cv-01343-CMH-IDD ) |
| ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, | ) ) ) ) |
| Defendant-Counterclaimant. | ) ) ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF AIS HEALTHCARE'S
MOTION TO DISMISS ANTHEM'S COUNTERCLAIM**

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| BACKGROUND | | 2 |
| STANDARD | | 3 |
| ARGUMENT | | 3 |
| I. | Anthem Has Failed To Allege Any Injury Supporting Constitutional Standing. | 3 |
| II. | Anthem Has Failed To Allege A Cognizable Breach Claim. | 5 |
| CONCLUSION | | 6 |

# TABLE OF AUTHORITIES

**Cases**                                                               **Page(s)**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................... 3, 4

*Baehr v. Creig Northrop Team, P.C.*,
  953 F.3d 244 (4th Cir. 2020) ............................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 3

*City of New York v. United States Dep't of Def.*,
  Case No. 1:17-CV-01464, 2018 WL 1937347 (E.D. Va. Apr. 24, 2018) ........................... 4

*Disability Rights S.C. v. McMaster*,
  24 F. 4th 893 (4th Cir. 2022) ............................................................................................. 5

*Foodbuy, LLC v. Gregory Packaging, Inc.*,
  987 F.3d 102 (4th Cir. 2021) ..................................................................................... 3, 4, 5

*Froelich v. Fed. Election Comm'n*,
  855 F. Supp. 868 (E.D. Va. 1994) ..................................................................................... 4

*Holland v. Consol Energy, Inc.*,
  781 Fed. Appx. 209 (4th Cir. 2019) ................................................................................... 4

*Jaldin v. ReconTrust Co., N.A.*,
  539 Fed. Appx. 97 (4th Cir. 2013) ..................................................................................... 5

*Jones v. Fulton Bank, N.A.*,
  565 Fed. Appx. 251 (4th Cir. 2014) ................................................................................... 5

*LifeNet Health v. LifeCell Corp.*,
  Case No. 2:15-CV-461, 2016 WL 11672048 (E.D. Va. Sept. 2, 2016) ......................... 5, 6

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ....................................................................................................... 3, 4

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
  591 F.3d 250 (4th Cir. 2009) ............................................................................................. 3

*Podrokyin v. Am. Armed Forces Mut. Aid Ass'n*,
  Case No. 1:21-CV-588, 2022 WL 6755834 (E.D. Va. Oct. 11, 2022) ............................... 4

*Sierra Club v. Morton*,
  405 U.S. 727 (1972) ........................................................................................................... 4

*Spokeo, Inc. v. Robins*,
 578 U.S. 330 (2016) .................................................................................................3, 4

*Sunrise Continuing Care, LLC v. Wright*,
 277 Va. 148 (Va. 2009) ................................................................................................5

*U.S. Airline Pilots Ass'n v. Awappa, LLC*,
 615 F.3d 312 (4th Cir. 2010) .......................................................................................3

**Rules**

Fed. R. Civ. P. 12(b)(1) ......................................................................................................3

Fed. R. Civ. P. 12(b)(6) ......................................................................................................3

Plaintiff-Counter Defendant Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS"), submits this Memorandum of Law in Support of its Motion to Dismiss Defendant-Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield's ("Anthem's") counterclaim.

**INTRODUCTION**

AIS sued Anthem to obtain redress for its wrongful refusal to pay for vital care AIS provides Anthem's members under contract. Even though Anthem has repeatedly acknowledged it must pay AIS for that care – and assured AIS that it would do so – Anthem has improperly denied AIS's claims and recouped payments, all while AIS has continued to provide care to Anthem's members for free. After it became clear that Anthem never intended to pay AIS, and instead just string it along for as long as possible, AIS sued for breach of the parties' agreement and terminated the parties' agreement.

Anthem responded to AIS's suit with a purported counterclaim based on AIS's termination. But Anthem's counterclaim suffers multiple, fatal defects. Most fundamentally, Anthem lacks standing because it has failed to allege AIS caused it any actual or imminent injury. Anthem merely alleges that it may have suffered vague, unidentified "reputational" harm and conducted emergency outreach to its members. But nowhere does it allege any facts showing these supposed harms were triggered by AIS's alleged breach, or even that *Anthem* – as opposed to its members – suffered any actual, imminent harm.

Even if Anthem had standing, it still has failed to allege a viable breach claim because it failed sufficiently to plead any plausible damages. The Court should grant AIS's motion.

## BACKGROUND

AIS sued Anthem for refusing to pay for the care provided to its members. *See generally* Complaint ("Cmplt."), Dkt. 1. While Anthem, at various points over the past several years, committed to paying AIS's claims submitted under Code S9328 for AIS's home infusion therapy ("HIT") services for each day an Anthem member had access to those medications and services, its representations have proven false at every turn. *See* Cmplt. ¶¶ 59, 73, 74, 82, 90, 101, 118, 119 & 128. Instead of making good on its promises, and meeting its contractual obligations, Anthem strung AIS along with vapid excuses, delays, and denials. *See id.* ¶¶ 81, 85, 88, 96, 102, 108, 114 & 122. After enduring this cycle for years, AIS finally sued Anthem for breach of the parties' Provider Agreement ("Agreement"). *See id.*

AIS also finally terminated the Agreement on March 31, 2023, after realizing that Anthem sought to extract free care from AIS for its members for as long as possible. Counterclaim ("Countercl."), Dkt. 45 ¶ 37 & Ex. H. Before it terminated the Agreement, however, AIS took steps to ensure that Anthem's members' care was not interrupted by the termination. *Id*. Ex. J. AIS informed the impacted members that it would "continue providing [their] care . . . without disruption." *Id.*

In response to AIS's suit, Anthem counterclaimed, alleging AIS's termination caused it to suffer unidentified "reputational and monetary harm," including "costly emergency outreach" to its members. *Id*. ¶¶ 54-55. But Anthem's counterclaim includes no allegations for how AIS's termination caused it any reputational or monetary harm. And while Anthem does not allege AIS has failed or refused to continue to care for its members, it nevertheless requested the Court to order AIS to continue to care for Anthem's members for 120 days. *Id.*, Prayer for Relief.

**STANDARD**

This motion is governed by familiar standards. A court should dismiss a counterclaim for want of jurisdiction where a counterclaimant lacks Article III standing. *See* Fed. R. Civ. P. 12(b)(1); *Foodbuy, LLC v. Gregory Packaging, Inc.*, 987 F.3d 102, 115-16 (4th Cir. 2021). The counterclaimant bears the burden of demonstrating that it has standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). And to meet the "irreducible constitutional minimum of standing," the counterclaimant must establish that it has suffered an injury in fact, the injury was caused by the counter-defendant's complained of conduct, and a favorable judicial ruling will redress the counterclaimant's injury. *Id.* at 560; *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 252 (4th Cir. 2020).

A court should also dismiss a counterclaim when it fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). The court need not accept legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.* 591 F.3d 250, 253 (4th Cir. 2009). Accordingly, "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action[ ]" will not spare a counterclaim from dismissal. *Iqbal*, 556 U.S. at 678; *see U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010). Applying these standards, the Court should dismiss Anthem's counterclaim.

**ARGUMENT**

**I. Anthem Has Failed To Allege Any Injury Supporting Constitutional Standing.**

Anthem's counterclaim fails out of the gate for a basic reason. The Court lacks jurisdiction to entertain the counterclaim because Anthem has failed to allege any "concrete and particularized" and "actual or imminent" injury. *Lujan*, 504 U.S. at 560–61; *see Spokeo, Inc. v.*

*Robins*, 578 U.S. 330, 339 (2016).  While Anthem summarily alleges it has suffered "reputational" and "monetary" harm from "costly emergency outreach," neither of these bare, conclusory allegations supports standing.  Countercl. ¶ 55.

Anthem does not allege any facts – at all – to support its allegations of reputational and monetary harms.  *See id.*  The only "monetary" harm Anthem points to is "costly emergency outreach" it allegedly made to its members following AIS's termination.  *Id.* ¶ 54.  But Anthem fails to allege that any action by AIS necessitated that outreach.  *See id.* ¶¶ 40 & 49-55.  While Anthem also alleges that AIS had to meet certain continuity of care obligations, it does not allege that AIS actually failed to meet those obligations – AIS indeed did not.  *Id.*  As a result, Anthem has failed to allege any "substantial risk of harm" that "actually exist[ed]" absent its outreach, *Holland v. Consol Energy, Inc.*, 781 Fed. Appx. 209, 213 (4th Cir. 2019), or any other "certainly impending" injury caused by an alleged breach by AIS, *City of New York v. United States Dep't of Def.*, Case No. 1:17-CV-01464, 2018 WL 1937347, at *3 (E.D. Va. Apr. 24, 2018).  Anthem's "conclusory allegations" are not enough to support its constitutional standing.  *Podrokyin v. Am. Armed Forces Mut. Aid Ass'n*, Case No. 1:21-CV-588, 2022 WL 6755834, at *3 (E.D. Va. Oct. 11, 2022); *Iqbal*, 556 U.S. at 678.

Anthem also cannot establish its own standing based on allegations about supposed harms to its members.  Countercl. ¶ 55; *see Lujan*, 504 U.S. at 563, fn. 1 (stating a "particularized" injury is one that affects the plaintiff "in a personal and individual way"); *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972) (explaining the injury in fact test "requires that the party seeking review be himself among the injured").  Instead, Anthem must allege it "personally suffered [a] distinct and palpable injury."  *Froelich v. Fed. Election Comm'n*, 855 F. Supp. 868, 870 (E.D. Va. 1994) (Hilton, J.); *see Foodbuy*, 987 F.3d at 116 ("An organizational plaintiff

must still demonstrate *personal* harm."). Anthem's failure to do so deprives this Court of jurisdiction over the counterclaim.[1]  Countercl. ¶ 55.

**II. Anthem Has Failed To Allege A Cognizable Breach Claim.**

Beyond its lack of standing, Anthem's breach claim fails on its own terms because it has failed adequately to allege – as it must – any damages. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 156 (Va. 2009) ("[P]roof of damages is an essential element of a breach of contract claim, and failure to prove that element warrants dismissal of the claim."); *see Jones v. Fulton Bank, N.A.*, 565 Fed. Appx. 251, 252 (4th Cir. 2014) (affirming Eastern District of Virginia dismissal of a breach of contract claim for failing sufficiently to plead damages due to the breach). Anthem does not allege any monetary harm it suffered *because of* any supposed breach by AIS. *Sunrise Continuing Care*, 277 Va. at 156 (explaining a viable breach of contract claim requires allegations of "damage to the plaintiff caused by the breach").

The only monetary harm Anthem points to is "costly emergency outreach" it allegedly chose to undertake. Countercl. ¶ 54. But Anthem fails to allege AIS caused that harm by failing to provide care, or to provide "any factual support" regarding how communication with its members otherwise caused it to suffer "monetary harm." *Jaldin v. ReconTrust Co., N.A.*, 539 Fed. Appx. 97, 102-103 (4th Cir. 2013) (affirming dismissal of breach claim where plaintiff did not factually support damages allegations); *see* Countercl. ¶¶ 40 & 49-55.

While Anthem vaguely alleges "reputational" harm as well, such harm will not support its breach claim either. Under well-established Virginia law, reputational damages "are not

---

[1] Anthem further requests the Court to grant injunctive relief requiring AIS to provide Covered Services during a Continuation of Care Period, Countercl. ¶ 40, yet does not allege that AIS has refused to provide these services. *See, e.g., id.* ¶¶ 22 & 40 & Ex. J (stating "AIS commits to continue providing [its patients'] care . . . without disruption"). AIS has not. Accordingly, a favorable decision by the Court could not "redress" Anthem's supposed injury. *See Disability Rights S.C. v. McMaster*, 24 F. 4th 893, 903 (4th Cir. 2022).

redressable in breach of contract actions." *See LifeNet Health v. LifeCell Corp.*, Case No. 2:15-CV-461, 2016 WL 11672048 at *5 (E.D. Va. Sept. 2, 2016). As such, Anthem's counterclaim should be dismissed on these grounds as well. *See id.*

## CONCLUSION

The Court should grant AIS's motion and dismiss Anthem's Counterclaim.


Dated: May 31, 2023         Respectfully submitted,

By: _____
Paul Werner
Imad Matini
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com

*Attorneys for Plaintiff AIS*