# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,<br><br>　　　Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>　　　Defendant-Counterclaimant. | Civil Action No. 1:22-cv-01343-CMH-IDD |

---

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF-COUNTERCLAIM DEFENDANT BOND PHARMACY, INC. d/b/a AIS
HEALTHCARE'S MOTION TO DISMISS ANTHEM'S COUNTERCLAIM**

---

## TABLE OF CONTENTS

*Page*

**ARGUMENT** ................................................................................................................. 1

I. ANTHEM HAS PROPERLY PLED ALL ELEMENTS OF ITS BREACH OF CONTRACT CLAIM. ........................................................................................... 1

II. ANTHEM HAS PROPERLY ALLEGED STANDING TO BRING ITS BREACH OF CONTRACT CLAIM. ................................................................... 6

**CONCLUSION** ............................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................................. 1

*Bank of Am. Inv. Servs., Inc. v. Byrd*,
 No. 2:09CV211, 2009 WL 10184606 (E.D. Va. June 15, 2009) ........................................ 5

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................................. 2

*City of New York v. United States Department of Defense*,
 No. 1:17-cv-01464, 2018 WL 1937347 (E.D. Va. Apr. 24, 2018) ...................................... 7

*EA Designs & Co. v. Coastal Accents, LLC*,
 No. 2:19-CV-677, 2020 WL 1965682 (E.D. Va. Mar. 18, 2020), *report and recommendation adopted*, No. 2:19CV677, 2020 WL 1963936 (E.D. Va. Apr. 23, 2020) ......................................................................................................................... 5, 6

*Enomoto v. Space Adventures, Ltd.*,
 624 F. Supp. 2d 443 (E.D. Va. 2009) ................................................................................. 1

*Filak v. George*,
 594 S.E.2d 610 (Va. 2004) ................................................................................................. 1

*Foodbuy, LLC v. Gregory Packaging, Inc.*,
 987 F.3d 102 (4th Cir. 2021) .............................................................................................. 7

*Froelich v. Fed. Election Comm'n*,
 855 F. Supp. 868 (E.D. Va. 1994) ..................................................................................... 7

*Hair Club for Men, LLC v. Ehson*,
 No. 1:16-CV-236, 2016 WL 6780310 (E.D. Va. Nov. 14, 2016) ....................................... 5

*Holland v. Consol Energy, Inc.*,
 781 F. App'x 209 (4th Cir. 2019) ...................................................................................... 7

*Holloway v. Maryland*,
 32 F.4th 293 (4th Cir. 2022) .............................................................................................. 2

*Jaldin v. ReconTrust Co., N.A.*,
 539 F. App'x 97 (4th Cir. 2013) ........................................................................................ 5

*Job v. Simply Wireless, Inc.*,
 160 F. Supp. 3d 891 (E.D. Va. 2015) ................................................................................ 2

*Jones v. Fulton Bank, N.A.*,
  No. 3:13-CV-126, 2013 WL 3788428 (E.D. Va. Jul. 18, 2013) ................................. 5

*Jones v. Fulton Bank, N.A.*,
  565 F. App'x 251 (4th Cir. 2014) ............................................................................... 4

*JTH Tax, Inc. v. Vacchiano*,
  No. CIV A 206CV418, 2006 WL 3299996 (E.D. Va. Oct. 25, 2006) ........................ 6

*Keil v. Seth Corp.*,
  No. 3:21CV153 (DJN), 2021 WL 5088242 (E.D. Va. Nov. 2, 2021) ................... 2, 4

*Lucero v. Early,*
  873 F.3d 466 (4th Cir. 2017) ..................................................................................... 1

*Matherly v. Andrews*,
  859 F.3d 264 (4th Cir. 2017) ..................................................................................... 1

*Parris v. PNC Mortg.*,
  No. 2:14CV142, 2014 WL 3735531 (E.D. Va. July 28, 2014) ................................. 1

*Podroykin v. American Armed Forces Mutual Aid Ass'n*,
  No. 1:21-cv-588, 2022 WL 6755834 (E.D. Va. Oct. 11, 2022) ................................. 7

*Sunrise Continuing Care, LLC v. Wright*,
  277 Va. 148 (2009) .................................................................................................... 4

*SunTrust Mortg., Inc. v. K. Hovnanian Am. Mortg., LLC*,
  No. 3:12CV317-JAG, 2012 WL 13029758 (E.D. Va. July 9, 2012) ......................... 6

*Williamson v. Tucker*,
  645 F.2d 404 (5th Cir. 1981) ..................................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 6

**INTRODUCTION**

The Motion to Dismiss Anthem's Counterclaim filed by Bond Pharmacy, Inc. ("Bond Pharmacy") asserts that Anthem Health Plans of Virginia, Inc. ("Anthem") has failed to adequately allege that it suffered damages as a result of Bond Pharmacy's breach of the parties' contract, and that Anthem lacks standing to recover the damages alleged. These two assertions really raise a single argument: Anthem Health Plans of Virginia, Inc. ("Anthem") has failed to explain, to Bond Pharmacy's satisfaction at least, all of the damages Bond Pharmacy's breach has caused Anthem. When viewed against Anthem's allegations, Bond Pharmacy's arguments amount to factual disputes, not legal insufficiencies. Anthem has alleged that Bond Pharmacy's breach caused it damages and provided details that explain the nature of those damages in a manner that is more than sufficient at the pleading stage. Because Bond Pharmacy's arguments raise factual disputes that cannot be resolved at this stage, its Motion to Dismiss should be denied.

**ARGUMENT**

**I.   ANTHEM HAS PROPERLY PLED ALL ELEMENTS OF ITS BREACH OF CONTRACT CLAIM.**

In considering a motion to dismiss, "[w]e accept as true all well-pleaded facts in a complaint and construe them in the light most favorable to the plaintiff." *Lucero v. Early*, 873 F.3d 466, 469 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Matherly v. Andrews*, 859 F.3d 264, 274 (4th Cir. 2017). To plead a breach of contract claim, a plaintiff must plead "(1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3) resulting injury or harm to the plaintiff." *Parris v. PNC Mortg.*, No. 2:14CV142, 2014 WL 3735531, at *5 (E.D. Va. July 28, 2014) (quoting *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 449 (E.D. Va. 2009) and citing *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)). As Bond Pharmacy argued in opposition to Anthem's Motion to

1

Dismiss, "[t]o state a plausible claim, a plaintiff need only allege enough 'factual content that allows the Court to draw reasonable inferences that the defendant is liable.'" ECF No. 30 at 10 (quoting *Holloway v. Maryland*, 32 F.4th 293, 298 (4th Cir. 2022)).

Bond Pharmacy does not take issue with the facts asserted in the Complaint regarding both the existence of a contract and Bond Pharmacy's breach of that contract. Nor does Bond Pharmacy take issue with the factual averments regarding monetary harm to Anthem, which includes Anthem's costly emergency outreach to its members. Mem. in Supp. of Mot. to Dismiss Counterclaim ("Mot. to Dismiss"), at 4–5. Instead, Bond Pharmacy's lone argument is that Anthem did not adequately allege that it suffered damages as a result of Bond Pharmacy's breach. Mot. to Dismiss at 5. This ignores multiple facts Anthem alleged in its Counterclaim and demands a level of pleading that goes far beyond what is required at this early stage of the litigation.

Indeed, this Court regularly rejects the very argument Bond Pharmacy makes. As this Court has explained, "at the motion to dismiss stage the general allegation that plaintiffs have suffered damage is sufficient for the claim to survive." *Job v. Simply Wireless, Inc.*, 160 F. Supp. 3d 891, 900 n.10 (E.D. Va. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n. 5 (2007) (pleadings need only state a basis for "plausible liability")). In *Job*, plaintiffs argued that any injury was not of a sort "cognizable in contract," an argument which the Court rejected as "an issue for the merits stage." *Id.* Similarly, in *Keil v. Seth Corp.*, No. 3:21CV153 (DJN), 2021 WL 5088242, at *6–7 (E.D. Va. Nov. 2, 2021), this Court rejected arguments that defendants had not adequately alleged damages because "at the pleading stage, a plaintiff need not prove his damages with reasonable certainty."

Anthem has plainly met its obligation here. Anthem alleged that the reason for including clear parameters for termination, including notice requirements and contractual continuity of care

2

provisions, was to "allow[] Anthem to inform its members of other in-network HIT providers, [which] allows the members time to transition their care to the alternate, in-network providers, if they choose to do so." Counterclaim ¶ 22; *see also* ¶ 18 (requiring at least 120 days prior written of notice in terminations without cause). Anthem likewise alleged that Bond Pharmacy terminated the Provider Agreement between the parties "effective immediately" on Friday, March 31, 2023, without any prior notice. Counterclaim ¶¶ 37–38. Anthem attached the purported termination letter (Ex. H), which made no mention of any intention to honor continuity of care, as well as the letter AIS sent to its members the following week, which stated that "AIS Healthcare will no longer be in Anthem's network as of March 31st, 2023" and that this could "impact how much you pay for AIS's services" (Ex. J). From all of this, Anthem alleged:

> 54. ***As a result of AIS's material breaches*** of the Provider Agreement, Anthem has suffered, and continues to suffer, damages and harm. ***For example, Anthem has had to conduct costly emergency outreach to affected members to explain their other in-network options and respond to concerns from its members that AIS would overbill them at out-of-network rates for services occurring in the next week*** if they were unable to switch to another provider in time for their scheduled refill.
>
> 55. ***AIS's unjustified and improper termination*** harms the health, wellbeing, and finances of its members and ***causes both reputational and monetary harm to Anthem.***

(Emphasis added); *see also* Counterclaim ¶ 7 (alleging that Bond Pharmacy's breach of the Provider Agreements "has and will continue to harm Anthem, necessitating this Counterclaim").

3

Taking these allegations as true and in the light most favorable to Anthem, as the Court must, Anthem has clearly alleged monetary damages Bond Pharmacy caused it by improperly and immediately terminating the agreement and also by representing that such immediate termination would result in increased costs to Anthem and its members, leading, of course, to member concern and consternation that Anthem had to attempt to quickly remediate. On the basis of these allegations, Anthem's contract claim is adequately pled and Bond Pharmacy's Motion to Dismiss should be denied. Nothing more is required. To the extent Bond Pharmacy tried to raise factual issues relating to causation and the quantum of damages, those cannot be resolved at the pleadings stage.

The case law on which Bond Pharmacy relies to argue the contrary is inapposite. First, Bond Pharmacy cites to *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 156 (2009), for the proposition that "failure to prove that element [of damages] warrants dismissal of the claim." But *Sunrise* was an appeal of a trial court's denial of a post-jury trial motion to strike a breach of contract claim and did not discuss what allegations of damage would be sufficient to survive a motion to dismiss or demurrer. Courts, of course, do not hold plaintiffs at the pleadings stage to the burden of proof ultimately needed to succeed at trial to recover damages. *See Keil*, 2021 WL 5088242, at *6–7 ("The claims for damages in *Little*, *Batt*, and *Farrar* all failed for uncertainty at the proof stage. The instant case, however, has not yet passed the pleadings stage. Accordingly, at this point, the Court will not hold Plaintiff to the burden that he will ultimately need to meet to recover damages.").

Next, Bond Pharmacy cites to *Jones v. Fulton Bank, N.A.*, 565 F. App'x 251, 252 (4th Cir. 2014), but that decision only affirmed a dismissal for failure to allege damages *because that ruling was not appealed*. Moreover, even a cursory review of the district court's ruling reveals stark

4

differences between *Jones* and this case. In *Jones*, the plaintiffs alleged that their lender had misstated the amount they owed when sending a mortgage default notice. The issue, however, was that the plaintiffs actually owed money and had not alleged that they had suffered damages from the misstatement itself – that they could have paid the amount actually owed and cured the default if the notice had stated the correct amount. No. 3:13-CV-126, 2013 WL 3788428 (E.D. Va. Jul. 18, 2013). No facts even remotely close to those are present here. Quite to the contrary, Anthem has alleged that Bond Pharmacy's immediate termination without proper notice necessitated costly, urgent outreach and responses to member and physician concerns and that the way in which Bond Pharmacy terminated the contract hurt, and continues to hurt, Anthem's reputation in the eyes of its members.[1]

Finally, Bond Pharmacy cites to *Jaldin v. ReconTrust Co., N.A.*, 539 F. App'x 97 (4th Cir. 2013), to argue that Anthem needs to provide "factual support" for its monetary harm. However, unlike in *Jaldin*, where plaintiffs simply alleged "emotional distress, embarrassment, and loss of enjoyment of life" without "further factual enhancement," Anthem has alleged a more-than-plausible explanation of how Bond's breach of its contract has caused Anthem damages, monetary and otherwise, allegations which may be proven through the course of the litigation and which would entitle Anthem to relief. "The issue of which facts, if any, can be substantiated by proof presents a damages question for later resolution at summary judgment or trial." *EA Designs & Co.*

---

[1] While Anthem does not dispute that certain reputational harms are not reparable with money damages, monetary damages caused by a lack of goodwill *are* cognizable in contract if Anthem is able to prove them with sufficient certainty at trial (for example, if a member ends or refuses to renew his or her membership with Anthem because of Bond Pharmacy's actions). *See Hair Club for Men, LLC v. Ehson*, No. 1:16-CV-236, 2016 WL 6780310, at *2 (E.D. Va. Nov. 14, 2016) (allowing damages based on the effect of the defendant's misconduct on the plaintiff's customers); *Bank of Am. Inv. Servs., Inc. v. Byrd*, No. 2:09CV211, 2009 WL 10184606, at *6 (E.D. Va. June 15, 2009) (holding that "breaches of lease or contract often result in the loss of future business and cause harm to goodwill" and explaining that injunctive relief is appropriate where the harms are irreparable but not where such harms can be repaired by damages).

5

*v. Coastal Accents, LLC*, No. 2:19-CV-677, 2020 WL 1965682, at *7 (E.D. Va. Mar. 18, 2020), *report and recommendation adopted*, No. 2:19CV677, 2020 WL 1963936 (E.D. Va. Apr. 23, 2020) (denying motion to dismiss).

## II. ANTHEM HAS PROPERLY ALLEGED STANDING TO BRING ITS BREACH OF CONTRACT CLAIM.

Because Anthem has adequately pled a breach of contract claim against Bond Pharmacy, Anthem clearly has standing to assert the claim. Bond Pharmacy breached an agreement between it and Anthem, not some third-party, and while the breach undeniably impacted Anthem's members, it also caused direct financial harm and loss of goodwill to Anthem, which Anthem has alleged. Counterclaim ¶¶ 7, 18, 22, 37–38, 54–55.

Bond Pharmacy argues that Anthem has failed to allege any concrete, particularized, and actual or imminent injury. Not only is that simply incorrect, for the reasons set out above, but Bond Pharmacy's argument depends on "jurisdictional facts that are closely entwined with the merits." *JTH Tax, Inc. v. Vacchiano*, No. CIV A 206CV418, 2006 WL 3299996, at *4 (E.D. Va. Oct. 25, 2006) (denying motion to dismiss for lack of jurisdiction where the defendant merely disputed plaintiff's damages). In such cases, "the proper course, 'is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.'" *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)).

Consistent with this principle, this Court previously considered and rejected arguments that a plaintiff's claim should be dismissed for lack of damages and lack of standing because it had failed to produce evidence that it sustained the alleged financial losses. In *SunTrust Mortg., Inc. v. K. Hovnanian Am. Mortg., LLC*, No. 3:12CV317-JAG, 2012 WL 13029758, at *1 (E.D. Va. July 9, 2012), in denying a motion to dismiss, the Court explained, "[t]his argument confuses the standing doctrine and misapprehends the purpose of a Rule 12(b)(6) motion." *Id.* The court found

6

that the plaintiff had standing "based upon the contracts at issue between the parties" and that the plaintiff's allegations of monetary losses were adequate. *Id.* It concluded, "[w]hether SunTrust has proven these damages, however, is a question for summary judgment, not a motion to dismiss." *Id.* Rather, "[j]udicial examination of the damages issue is properly reserved until after the parties have engaged in adequate discovery and filed motions for summary judgment." *Id.*

The precedents cited by Bond Pharmacy do not compel a different result. The trial court dismissal for lack of standing appealed in *Holland v. Consol Energy, Inc.*, 781 F. App'x 209 (4th Cir. 2019), did not occur until the summary judgment stage, following discovery. The cause of action in *City of New York v. United States Department of Defense*, No. 1:17-cv-01464, 2018 WL 1937347 (E.D. Va. Apr. 24, 2018), depended on a statute that did not create any rights for the plaintiffs and where plaintiffs had not yet suffered any harm which "requires a chain of speculative assumptions" – unlike here, where the cause of action arises from a contract to which Anthem is a party and where Anthem has already suffered (and continues to suffer) monetary damages as a result of Bond Pharmacy's breach. *See also Podroykin v. American Armed Forces Mutual Aid Ass'n*, No. 1:21-cv-588, 2022 WL 6755834 (E.D. Va. Oct. 11, 2022) (dismissing complaint based on data breach where plaintiff conceded that he could not demonstrate misuse of his personal information and had not alleged that he had been intentionally targeted). And unlike in *Froelich v. Fed. Election Comm'n*, 855 F. Supp. 868, 870 (E.D. Va. 1994), and *Foodbuy, LLC v. Gregory Packaging, Inc.*, 987 F.3d 102, 115–16 (4th Cir. 2021), Anthem is not relying on the fact that Bond Pharmacy's actions hurt its members, although that is certainly true and of great concern to Anthem. Rather, as Anthem's Counterclaim alleges, Anthem itself has been harmed by Bond Pharmacy's breach of the contracted-for termination provisions, as Anthem had to dedicate resources to emergently assist members in the aftermath of Bond Pharmacy's "immediate"

termination notice and to enforce continuity of care to the extent possible. Anthem has standing to enforce its contract with Bond Pharmacy and seek to be made whole for damages Anthem had suffered as a result of Bond Pharmacy's breach of the contract.

## **CONCLUSION**

For the foregoing reasons, Anthem respectfully requests that this Court deny Bond Pharmacy's Motion to Dismiss Anthem's Counterclaim.

| | |
|---|---|
| Date: June 14, 2023 | ANTHEM HEALTH PLANS OF VIRGINIA, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD |
| | |
| | */s/ Michael E. Lacy* |
| | Michael E. Lacy (VSB No. 48477) |
| | Sarah E. Siu (VSB No. 94716) |
| | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| | P.O. Box 1122 |
| | Richmond, Virginia 23218-1122 |
| | Telephone: (804) 697-1326 |
| | Facsimile: (804) 697-6061 |
| | michael.lacy@troutman.com |
| | sarah.siu@troutman.com |
| | |
| | Virginia Bell Flynn (VSB No. 79596) |
| | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| | 301 S. College Street, 34th Floor |
| | Charlotte, NC 28202 |
| | Telephone: (704) 916-1509 |
| | Facsimile: (704) 998-4051 |
| | virginia.flynn@troutman.com |
| | |
| | Callan G. Stein (*pro hac vice*) |
| | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| | 125 High Street, 19th Floor |
| | Boston, MA 02110 |
| | Telephone: (617) 204-5100 |
| | callan.stein@troutman.com |
| | |
| | Harry J. Liberman (*pro hac vice forthcoming*) |
| | TROUTMAN PEPPER HAMILTON SANDERS LLP |
| | 875 Third Avenue |
| | New York, NY 10022 |
| | Telephone: (202) 704-6000 |
| | harry.liberman@troutman.com |
| | |
| | *Counsel for Defendant* |