IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | ) | |
|---|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE, | ) ) ) ) | |
| Plaintiff-Counter Defendant, | ) ) | |
| v. | ) ) | Case No. 1:22-cv-01343-CMH-IDD |
| ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, | ) ) ) ) ) | |
| Defendant-Counterclaimant. | ) | |

**REPLY BRIEF IN SUPPORT OF AIS HEALTHCARE'S
MOTION TO DISMISS ANTHEM'S COUNTERCLAIM**

# TABLE OF CONTENTS

| | Page |
|---|---:|
| ARGUMENT | 1 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Caballero v. American Mortg. Network*,
  Case No. 1:11-CV-622, 2011 WL 3440025 (E.D. Va. Aug. 8, 2011)......................................2

*Foodbuy, LLC v. Gregory Packaging, Inc.*,
  987 F.3d 102 (4th Cir. 2021) ................................................................................................4

*Francis v. Giacomelli*,
  588 F.3d 186 (4th Cit. 2009)..................................................................................................4

*Hanback v. DRHI, Inc.*,
  94 F. Supp. 3d 753 (E.D. Va. 2015) ......................................................................................4

*Holland v. Consol Energy, Inc.*,
  781 Fed. App'x 209 (4th Cir. 2019) ......................................................................................2

*Jaldin v. ReconTrust Co., N.A.*,
  539 Fed. App'x 97 (4th Cir. 2013) ........................................................................................5

*Job v. Simply Wireless Inc.*,
  160 F. Supp. 3d 891 (2015) ...................................................................................................5

*Jones v. Fulton Bank, N.A.*,
  565 Fed. App'x 251 (4th Cir. 2014) ...................................................................................4, 5

*JTH Tax, Inc. v. Vacchiano*,
  2006 WL 3299996 (E.D. Va. Oct. 25, 2006)..........................................................................3

*Keil v. Seth Corporation*,
  Case No. 3:21-CV-153, 2021 WL 5088242 (E.D. Va. Nov. 2, 2021).....................................5

*LifeNet Health v. LifeCell Corp.*,
  No. 2:15-CV-461, 2016 WL 11672048 (E.D. Va. Sept. 2, 2016) ..........................................5

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992)............................................................................................................1, 2

*Podroykin v. Am. Armed Forces Mut. Aid Ass'n*,
  Case No. 1:21-CV-588, 2022 WL 6755834 (E.D. Va. Oct. 11, 2022)....................................2

*Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*,
  713 F.3d 175 (4th Cir. 2013) .................................................................................................3

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)...............................................................................................................1

**Page(s)**

<u>Cases</u>

*SunTrust Mortg., Inc. v. K. Hovnanian American Mortgage, LLC*,
 Case No. 3:12-CV-317, 2012 WL 13029758 (E.D. Va. July 9, 2021) ....................................... 3

*TransUnion LLC v. Ramirez*,
 141 S. Ct. 2190 (2021) ................................................................................................. 2, 3, 4

Plaintiff-Counter Defendant Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS"), submits this Reply Brief in Support of its Motion to Dismiss Defendant-Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield's ("Anthem's") Counterclaim.

## ARGUMENT

AIS moved to dismiss Anthem's Counterclaim based on two, fundamental pleading deficiencies – Anthem failed to allege any Article III injury and damages from AIS's supposed breach. In opposition, Anthem conflates the separate but distinct concepts – injury and damages – in support of the theory that its allegations are good enough for now and any deficiencies can be addressed down the road – on summary judgment. But the Court cannot just take Anthem's word that it has subject matter jurisdiction. Anthem must allege facts to support its own standing before this Court. It has not done so. Nor, under traditional Rule 12 analysis, can the Court await summary judgment to assess whether Anthem has, at the outset, plausibly alleged any damages from AIS's supposed breach. Because Anthem's Counterclaim falls short of alleging facts to support either its standing or a viable breach claim, the Court should grant AIS's motion. Just as the Court cannot "wait and see" if it has subject matter jurisdiction, AIS should not (and properly cannot) be dragged through costly and time-consuming discovery and dispositive motions practice before learning if Anthem can allege any plausible damages.

**1.** Anthem argues it has alleged damages sufficient to confer Article III standing. Opp. at 6. Not so. A counterclaimant bears the burden of showing the counter-defendant's conduct inflicted an injury in fact. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). It is not enough for Anthem merely to recite the elements of a claim. *Id*. at 561. Instead, Anthem must allege an injury that is "concrete and particularized" as well as "actual or imminent." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

Anthem has failed to do that here.  Aside from vague allusions to unknown harms, Anthem alleges no specific injury from AIS's supposed breach.  Countercl. ¶ 54.  That is fatal.  Each element of Article III standing – including, critically, an injury in fact – "must be supported in the same way as any other matter on which the [counterclaimant] bears the burden of proof."  *Lujan*, 504 U.S. at 561.  Without any plausible allegations of "concrete harm," Anthem has no standing to assert its breach claim.  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 & 2204 (2021); *see Podroykin v. Am. Armed Forces Mut. Aid Ass'n*, Case No. 1:21-CV-588, 2022 WL 6755834, at *3-4 (E.D. Va. Oct. 11, 2022).

**2.**  Anthem papers over this failing by arguing that it need not "prove" facts to support its standing until summary judgment.  Opp. at 6-7.  But Article III jurisdiction does not work that way.  Anthem must demonstrate its standing for this Court to entertain its claim – at the outset, not at some undetermined point down the road.  In other words, Anthem's Counterclaim, with its notions of speculative, ephemeral allegations of injury (and vague assertions of "emergency outreach" to members), is not deficient as a matter of proof, but of *pleading*.  Countercl. ¶ 54.

As the Fourth Circuit has made clear, tales of putative emergencies and supposed mitigation like Anthem's cannot support standing in the absence of some underlying actual or imminent injury.  *See Holland v. Consol Energy, Inc.*, 781 Fed. App'x 209, 211-13 (4th Cir. 2019) (requiring plaintiff to establish that "a substantial risk of harm actually exists").  Yet, that is all Anthem offers in its pleading.  Nor can it backfill missing allegations now, on brief, with more spin about its outreach.  *See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184-185 (4th Cir. 2013); *Caballero v. American Mortg. Network*, Case No. 1:11-CV-622, 2011 WL 3440025, at *5 (E.D. Va. Aug. 8, 2011) ("[A]

complaint may not be amended by the briefs in opposition to a motion to dismiss."); *see also* Opp. at 3-4.

**3.** Anthem also misreads the cases it invokes in support of its "decide standing later" theory. For example, in *JTH Tax, Inc.*, the plaintiff alleged injury from the defendant's ongoing and unauthorized use of its trademark. *See JTH Tax, Inc. v. Vacchiano*, 2006 WL 3299996, at *3-4 (E.D. Va. Oct. 25, 2006). While the defendant argued plaintiff's allegations could not support federal jurisdiction, the Court assumed diversity jurisdiction because the plaintiff alleged more than the minimum amount in controversy and that federal question jurisdiction existed based on its Lanham Act claim. *Id.* The Court there had no reason (and appropriately declined) to address any standing issue at all, let alone assume it and defer its determination until summary judgment.

And *SunTrust Mortg., Inc.*, actually highlights the problem with Anthem's own defective pleading. *See SunTrust Mortg., Inc. v. K. Hovnanian American Mortgage, LLC*, Case No. 3:12-CV-317, 2012 WL 13029758, at *1 (E.D. Va. July 9, 2021). There, the plaintiff alleged the defendant breached the parties' loan contracts by failing to indemnify plaintiff, causing it financial harm. *See id.* In response to the defendant's standing challenge, the Court held the plaintiff's alleged monetary losses constituted an Article III injury. *Id*. at *1-2. By contrast, Anthem does not allege anything close to plaintiff's specific allegations in *SunTrust* here. It offers only vague and implausible – or, likely, entirely non-existent – injuries.

Accordingly, because Anthem has not alleged any injury to support standing, its Counterclaim is properly dismissed at the outset. *See TransUnion LLC*, 141 S. Ct. at 2203 ("If

'the plaintiff does not claim to have suffered an injury that the defendant caused . . . there is no case or controversy for the federal court to resolve.' ").[1]

**4.** Even if Anthem had standing, its breach claim fails for another, independent reason in any event: it has not alleged any damages. *See Jones v. Fulton Bank, N.A.*, 565 Fed. App'x 251, 252 (4th Cir. 2014). Instead of addressing that deficiency head on, Anthem argues AIS seeks to hold it to an unheard of heightened pleading standard. Opp. at 2. That is not the case. Rather, Anthem has failed to meet basic Rule 12 pleading standards. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cit. 2009) ("[A] complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . 'naked assertions' of wrongdoing necessitate some 'factual enhancement' ").

To meet that standard, Anthem must plausibly allege, among other things, that AIS's alleged breach caused it to suffer damages. *See Hanback v. DRHI, Inc.*, 94 F. Supp. 3d 753, 760-61 (E.D. Va. 2015). Anthem, again, has failed to do so. While it alleges "costly emergency outreach" to its members, it does not plausibly allege that outreach was tied to AIS's alleged breach. Countercl. ¶ 54. But it must. Nor can the Court connect the dots for Anthem, as Anthem's damages claim is undermined by the absence of any allegations that AIS failed to meet its continuity-of-care obligations or that AIS breached the agreement by failing to provide any required care to Anthem's members. Anthem has not even alleged its members experienced any gap in care because of AIS's breach. (They did not.) As such, the Court cannot backfill a plausible damages theory for Anthem. There is not one.

---

[1] Anthem argues its claims do not rest on injuries allegedly suffered by its members, Opp. at 7-8, but it actually only alleges harms to its members – not itself. Countercl. ¶¶ 42 & 55. Anthem cannot co-opt its member's alleged injuries to establish its own standing. *See Foodbuy, LLC v. Gregory Packaging, Inc.*, 987 F.3d 102, 116 (4th Cir. 2021).

**5.** Nor is Anthem correct that it can just offer a "general allegation" of damages for now. Opp. at 2. Far from supporting this theory, its own cases, which involved plaintiffs who had alleged some form of monetary damages, undermine Anthem's theory. *See Job v. Simply Wireless Inc.*, 160 F. Supp. 3d 891, 894 (2015) (plaintiff alleging defendant failed to make contractual payments to plaintiff, triggering monetary damages); *see Keil v. Seth Corporation*, Case No. 3:21-CV-153, 2021 WL 5088242, at *6-7 (E.D. Va. Nov. 2, 2021) (plaintiff alleging defendant breached fiduciary duty owed to him by improperly depleting monetary value of company shares). Unlike these cases, the problem for Anthem is that it did not allege any monetary damages, and the damages that it did allege (reputational harms) are not recoverable under its breach claim. *See LifeNet Health v. LifeCell Corp.*, Case No. 2:15-CV-461, 2016 WL 11672048, at *5 (E.D. Va. Sept. 2, 2016); *see Jaldin v. ReconTrust Co., N.A.*, 539 Fed. App'x 97, 102-103 (4th Cir. 2013). Accordingly, without any plausible allegations of damages, Anthem's breach claim fails under Rule 12 and should be dismissed on this basis as well. *See Jones*, 565 Fed. App'x at 252.

## **CONCLUSION**

The Court should grant AIS's motion and dismiss Anthem's Counterclaim.

Dated: June 20, 2023

        Respectfully submitted,

By: _____
Paul Werner
Imad Matini
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com

*Attorneys for Plaintiff/ Counter-Defendant AIS*