# EXHIBIT D

![SheppardMullin]

Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C. 20006-6801
202.747.1900 main
202.747.1901 fax
www.sheppardmullin.com

Paul Werner
202.747.1931 direct
202.747.3817 fax
pwerner@sheppardmullin.com

September 6, 2023

**VIA ELECTRONIC MAIL**

Michael Lacy
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
15th Floor
Richmond, VA 23219
Email: michael.lacy@troutman.com

Re: Response to Anthem September 6, 2023 Correspondence Regarding Deposition of Gail Boudreaux

Dear Michael:

We have properly sought testimony from Gail Boudreaux based on her first-hand involvement in the matters in dispute between the parties, which we have previously identified for you.  See *JTH Tax, Inc., v. Aime*, 2016 WL 9223926 at *5 (E.D. Va. 2016) (ruling that company CEO was proper deponent due to his "personal knowledge of the facts at issue").

While you argue otherwise, you have not offered any legal basis for preventing Ms. Boudreaux's deposition.  Instead, you have questioned our motives without basis, while attempting to dismiss her connection to the litigation as "strained."  On this latter point, the record evidence suggests otherwise, and we are entitled to test your assertion at deposition.  We are therefore entitled to inquire into her concerns about prepayments to AIS.[1]  Bryony Winn's May 2022 "VERY concerned" email in fact came only a few months after AIS was put on prepayment review in December 2021.  We are entitled to inquire into Ms. Boudreaux's direction and involvement in that decision and review.

We are also entitled to inquire into, as Paige Henning has represented, Ms. Boudreaux's direct, first-hand involvement in provider agreement negotiations with AIS.  And, based on these specific instances of direct involvement in the matters in dispute, we are also entitled to inquire about any other involvement she has had in the disputed matters.

Your other arguments are also off base.  As you know, the fact that some of AIS's patients contacted Ms. Boudreaux (after this litigation had commenced) to register their concern about Anthem's treatment of AIS is not something we raised in our earlier communication.

---

[1] Email from Byrony Winn to Thomas Golias, *et al.,* ANTM_00018663 (May 3, 2022) (emphasis in original).

Indeed, while your inclusion of the April 2023 email thread regarding this outreach of AIS patients was intended to obfuscate the legitimate bases for our notice, it actually clarifies and strengthens those bases.  Your letter starts with the argument that our notice was procedurally improper, that Elevance is but the parent company of Anthem, and that there is no connection between the parent (and its executives) and the issues in this litigation.  But the individuals on that April 2023 thread you included had a variety of email domains—elevancehealth.com; anthem.com; and carelon.com email addresses, meaning that, as far as Elevance (and its CEO) are concerned, all three of those Elevance corporate entities should be involved.  Your letter confirms that they are in play.

We are happy to meet and confer with you at a mutually-agreeable time.

Warm regards,

Paul Werner
Imad Matini
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

CC: Counsel of Record