**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:22-cv-01343-CMH-IDD** |
| **ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,** | |
| **Defendant.** | |

---

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT ANTHEM HEALTH PLANS OF VIRGINIA, INC. D/B/A ANTHEM BLUE**
**CROSS AND BLUE SHIELD'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

165712687v1

## TABLE OF CONTENTS

*Page*

STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................... 4

A.   BACKGROUND ................................................................................................ 4

B.   THE ORIGINAL PROVIDER AGREEMENT ................................................. 5

C.   THE ███████████████████ ..................................................................... 7

D.   OTHER CONTRACTUAL CLAIM REQUIREMENTS .................................. 14

    (1)   ██████████████████ ........................................................................ 14

    (2)   ████████████████ ............................................................................ 16

    (3)   ████████████ .................................................................................... 16

E.   ███████████████████████ ............................................................... 16

ARGUMENT ................................................................................................................. 17

A.   CATEGORY #1:  EXCLUDED DRUG CLAIMS. ........................................... 17

    (1)   Under the unambiguous terms of the Agreement, AIS's Drug Claims for ████████████████████ are not payable. ..................... 17

    (2)   Notwithstanding the ██████████████████, AIS continued to submit Drug Claims to Anthem for drugs AIS shipped to a physician's office for an in-office refill, all of which should be dismissed. ............................................. 20

    (3)   Summary judgment is warranted on *all* of Bond's Drug Claims where the undisputed evidence makes clear Bond did *not* perform an in-home refill. ........ 21

B.   CATEGORY #2:  ████████████████████ PER DIEM CLAIMS. ................................. 21

    (1)   ████████████████████████████████ make clear that Per Diem Claims are not payable when ████████████████████ outside the patient's home. .......................................................... 22

    (2)   Undisputed testimony from ████████ AIS's corporate representatives ██ confirm that AIS understood the ██████████ prohibited it from billing per diems unless it performed in-home refills. ................................................................................... 23

    (3)   Based on the plain language of the ████████████████ and the undisputed evidentiary record, Anthem should be granted summary judgment on *all* of AIS's ██████████████ Per Diem Claims where the medication was refilled in a physician's office ................................................................................ 24

C.   CATEGORY  #3:  ████████████████ DRUG  CLAIMS,  PER  DIEM  CLAIMS  AND OTHER CLAIMS. ............................................................................................. 24

    (1)   The unambiguous terms of the Agreement required AIS to submit all claims to Anthem ████████████████████ ........................................ 24

165712687v1

(2)     ████████ claims can be identified without a trial based upon undisputed evidence. ...................................................................................................... 25

(3)     Anthem has identified and summarized all of the ██████ claims for which AIS seeks payment in this litigation; Anthem is entitled to summary judgment on all of them. .................................................................................. 26

D.     CATEGORY #4: ██████████████████████ ........................... 27

E.     CATEGORY #5: "OTHER CLAIMS"........................................................... 27

F.     ANTHEM IS ENTITLED TO SUMMARY JUDGMENT ON COUNTS II, III, AND IV OF AIS'S COMPLAINT. ................................................................. 28

CONCLUSION ................................................................................................................ 29

165712687v1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AvePoint, Inc. v. Knickerbocker*,
  475 F. Supp. 3d 483 (E.D. Va. 2020) ............................................................................... 29

*Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*,
  No. 3:12CV748-HEH, 2014 WL 1281235 (E.D. Va. Mar. 27, 2014), *aff'd sub nom.*
  *Bala v. Com. of Virginia Dep't of Conservation & Recreation*, 614 F. App'x 636 (4th
  Cir. 2015)............................................................................................................................. 17

*Carolina Conduit Sys. v. MasTec N. Am., Inc.*,
  No. 3:11CV133-HEH, 2011 U.S. Dist. LEXIS 122578 (E.D. Va. Oct 24, 2011).............. 29

*Chertoff Capital, L.L.C. v. Braes Capital, LLC*,
  No. 1:19cv631, 2019 U.S. Dist. LEXIS 231192 (E.D. Va. Oct. 31, 2019)........................ 28

*Cortez-Melton v. Capital One Fin. Corp.*,
  No. 3:19cv127, 2021 U.S. Dist. LEXIS 36676 (E.D. Va. Feb. 26, 2021)........................... 29

*Gordonsville Energy, L.P., v. Va. Elec. and Power Co.*,
  257 Va. 344 (1999).............................................................................................................. 17

*Metra Indus. v. Rivanna Water & Sewer Auth.*,
  No. 3:12CV00049, 2014 U.S. Dist. LEXIS 21568 (W.D. Va. Feb. 19, 2014).................... 29

*Quadros & Associates, P.C. v. City of Hampton*,
  268 Va. 50 (2004)................................................................................................................ 17

*Standard Banner Coal Corp. v. Rapoca Energy Co., LP*,
  265 Va. 320 (2003)........................................................................................................ 17, 19

*Travelers Indem. Co. of Am. v. Portal Healthcare Solutions, LLC*,
  35 F. Supp. 3d 765 (E.D. Va. 2014) ("Virginia courts customarily turn to dictionaries
  for help in deciphering a term's plain meaning.")................................................................ 18

*White Oak Power Constructors v. Mitsubishi Hitachi Power Systems Americas Inc.*,
  No. 3:17-cv-00355-JAG, 2019 WL 3752961 (E.D. Va. Aug. 8, 2019) ............................. 19

*Worsham v. Worsham*,
  74 Va. App. 151 (2022) 17HYPERLINK \l "_BA_Cite_944777_000045" \o "Long: Merriam-Webster
  Dictionary, 18 www.merriam-webster.com"18

This is a breach of contract case between a healthcare provider—Plaintiff/Counterclaim-Defendant Bond Pharmacy, Inc. d/b/a AIS Healthcare ("Bond" or "AIS")—and a health insurance company—Defendant/Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield ("Anthem").  AIS alleges that Anthem breached the parties' contract by failing to pay certain claims for services.  Anthem, conversely, asserts that those claims were for services that are not payable under the provisions of the contract and, therefore, should not be paid.  The validity of the contract—the parties' Agreement, as defined below—is not in question, and the contractual language that governs the claims is not ambiguous.  The unambiguous contract language—as reflected by AIS's admissions—demonstrate that AIS is not entitled to payment with respect to five categories of claims as a matter of law.  The Court should, therefore, award Anthem summary judgment on all claims that fall into these five categories.

The claims at issue in this case involve a narrow subset of Anthem members who utilize refillable implanted pumps (also known as "intrathecal" pain pumps) to manage pain caused by an illness.  Physicians surgically implant these pumps into Anthem members, and the pumps then infuse pain medications at prescribed intervals while the member is living at home (or outside a clinical setting).  When the pain medication in the pump is exhausted, the member receives a refill of the medication.  The pump refill occurs in one of two places: in a physician's office ("in-office") or in the member's home ("in-home").

Anthem contracts with physicians to perform in-office refills.  The physicians order the medication and refill it into the members' pump in the physician's office.  Anthem contracts with home infusion therapy ("HIT") providers like AIS to perform in-home refills.  The HIT providers provide the medication to one of their nurses, who takes the medication to the members' homes and refills it into the members' pumps in the home.  Anthem contracted with AIS to perform in-

home refills *only*.  Anthem did *not* contract with AIS to provide any medication or perform any services related to in-office refills.  In fact, the Agreement explicitly directed AIS *not* to do so.

If AIS performed an in-home refill for an Anthem member per the Agreement, Anthem agreed to pay the claims AIS submitted for those services.  The Agreement, either in its original form or as amended, governed AIS's submission, and Anthem's payment, of those claims.  The Agreement permitted AIS to perform services in the member's home and submit three types of claims for those services:

- **Drug Claims**[1]:  Claims AIS submitted for the medication it provided to refill into a member's intrathecal pump;

- **Nursing Claims**:  Claims AIS submitted for having one of its nurses go to the member's home to refill the pump there (and for any additional nursing visits to the home that may occur); and

- **Per Diem Claims**:  Claims AIS submitted for a daily rate for each day the pump infused the medication after AIS performed an in-home refill.

During their contractual relationship, AIS submitted claims to Anthem that were *not* properly payable under the Agreement.  These included claims for services that the Agreement explicitly excluded from payment because they related to in-office refills, and other claims that Anthem denied because they were not payable pursuant to some other term of the Agreement.  All of the claims on which AIS seeks payment in this litigation are claims Anthem has not paid, either because the Agreement excludes them or because they were not payable for one or more other reasons.[2]

With respect to these unpaid/denied claims, Anthem seeks summary judgment on five

---

[1] The terms "drugs" and "pharmaceuticals" (and "medications") are synonymous ▮▮▮▮▮▮▮▮▮▮▮▮ therefore, Anthem uses the terms "drugs" and "pharmaceuticals" interchangeably throughout this brief.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

specific categories of claims for which the undisputed evidentiary record forecloses any right by AIS to recover.  They are:



1. **Excluded Drug Claims**:  Both the Agreement ████████████ (as defined below) unambiguously state that when AIS shipped its drugs to a physician's office for in-office pump refills, the associated Drug Claims are not payable by Anthem. ████████████████████████████████████████ yet AIS nonetheless seeks payment on Drug Claims for drugs it shipped to physicians' offices.

2. ████████████ **Per Diem Claims**: ████████████ unambiguously states that Per Diem Claims are not payable by Anthem when a physician performed the associated refill in his/her office, rather than an AIS nurse refilling the pump in the member's home. ████████████████████████████████ ████████████████████████████████ ████████████████████████ for which it seeks payment in this litigation.

3. ████████ **Claims**:  The Agreement unambiguously specified that Commercial and Medicare plan claims AIS submitted to Anthem ████████ are not payable.  AIS has conceded the applicability of this ████ requirement to its claims but nonetheless seeks payment on claims in this litigation that are ████ and, thus, are not payable.

4. ████████████ **Claims**:  Under the Agreement, ████████████ ████████████████████ This ████ applies to all claims that Anthem ████ more than two years prior to November 23, 2022, the date on which AIS filed this litigation.

5. **"Other Claims"** ████████████████ ████████████ ████

In addition to these five specific categories of claims, Anthem also is entitled to summary judgment on AIS's Anticipatory Breach of Contract and Declaratory Judgment counts (Counts II and IV) because AIS terminated the Agreement in March 2023.  And Anthem is entitled to summary judgment on AIS's Unjust Enrichment count (Count III) because all of the claims at issue are governed by the Agreement, which is indisputably a valid contract.

165712687v1

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

**A.**   **Background**

1. ██████████████████████████████████

████████████████████████████████████████

███████

2. ██████████████████████████████████

████████████████████████████████████████

██████████████████████████████

3. ██████████████████████████████████

████████████████████████████████████████

██████████████████████████████

4. ██████████████████████████████████

███████

5. ██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

6. ██████████████████████████████████

█████████████████

7. ██████████████████████████████████

████████████████████████████████████████

███████████

165712687v1

**B.**     **The Original Provider Agreement**

8.     ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████

9.     The Original Provider Agreement was amended twice.  One amendment became effective November 1, 2020, and the second amendment became effective December 15, 2021. Complaint, ECF No. 6, ¶¶ 6, 57, 113, 140, 161; Answer to Counterclaim, ECF No. 63, ¶¶ 1, 28; ██████████████████████████████████████████████████████████████ ████████████████████████████

10.     The Original Provider Agreement and its two amendments (together, the "Agreement") constituted a valid and enforceable contract, which remained in effect until AIS terminated the Agreement on March 30, 2023.  Complaint, ECF No. 6, ¶¶ 6, 57, 113, 140, 161; Answer to Counterclaim, ECF No. 63, ¶¶ 1, 28; ██████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████

11.     ██████████████████████████████████████████████████ ██████████████     Timmerman Dep. 187:3-6 ("[T]he intent of the contract is for services rendered in the home.") (**Ex. 6**); *see also id.* at 203:18-22; ██████████████████████████

12.     This entailed AIS preparing the pain medication for a particular member and then having one of its nurses physically travel to the member's home to perform an in-home refill of the medication into the member's pump.  Timmerman Dep. 187:3-6 ("[T]he intent of the contract is for services rendered in the home.") (**Ex. 6**); *see also id.* at 203:18-22 ██████████████████████ ████████

13.     ██████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

14.     ███████████████████████████████████████

██████████

        ███████████

        ███████████████████████████████████
        ███████████████████████████████████
        ███████████████████████████████████
        ███████████████████████████████████
        ███████████████████████████████████
        ███████████████████████████████████

██████████████████████████████████████████████

15.     ███████████████████████████████████████

████████████████████████████████████████████

███████████████████████

16.     Mr. Castellanos testified in this case that "[AIS] cannot bill for the drugs when the

drugs are shipped to the doctor's office."  Castellanos Dep. Tr. 87:24-88:1 (**Ex. 9**).

17.     ███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

---

3 The Original Provider Agreement references Ambulatory Infusion Suites; however, it is undisputed that AIS never set up and Ambulatory Infusion Suite or shipped pharmaceuticals to one.  *See* Forshage Dep. Tr. 136:15-19 (**Ex. 7**).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████

18.   ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

19.   ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████

20.   ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████

**C.**     <u>**The December 15, 2021, Amendment**</u>

21.   ████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████

22.   A██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

23. 

24.

Castellanos Dep. Tr. 104:16–105:13 (**Ex. 9**).

25.

26. ████████████████████████████████████████████

████████████████████████████

27. ████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████ Castellanos Dep. Tr. 160:1–161:8 (**Ex. 9**).

28. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████

29. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

30. ████████████████████████████████████████████

█████████████████████████████   ████████████████

█████████████████████

31. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

32. ████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████ Castellanos Dep. Tr.

104:16–105:13 (**Ex. 9**).

     33. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

     34. ████████████████████████████████████████

███████████████

     35. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████

     36. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

     37. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

     38. ████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████

39.   ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

40.   ████████████████████████████████████████

███████████████████████████████████████████████

██████████

      ███████

      █████████████████████

          █ ████████████████████████████
            ██████████████████████████████
            █████████████████████
          █ ██████████████████████████
            ██████████████████

███████████████████████████████████

41.   ████████████████████████████████████████

███████████████████████████████████████

42.   ████████████████████████████████████████

███████████████████████████████████████████████

████████████████████

43.   ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███

44.  ██████████████████████████████████

███████████████████████████████████████████████

██████████████████████████

45.  ██████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████

46.  ██████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

47.  ██████████████████████████████████

███████████████████████████████████████████████

███████

48.  ██████████████████████████████████

███████████████████████████████████████████████

█████████

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

49.  ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████

50.  ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████

51.  ████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████

52.  ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

53. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

54. ████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████ Castellanos Dep. Tr. at

210:5-10 **(Ex. 9)** ████████████████████████████████

██████████████████████████████

**D.** <u>**Other Contractual Claim Requirements**</u>

**(1)** ██████████████████████████

55. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████

56. ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

57. ████████████████████████████████████

████████████████████████████████████████

███████████████████████

58. ████████████████████████████████████

████████████████████████████████████████



59.

60.

61.

62.

63.

**(2)** ███████████████

64.  ██████████████████████████████████████

████████████████████████████████████

**(3)** "Other Claims"

65.  ██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

█████████████████

66.  ██████████████████████████████████████

██████████████████████████████████████

█████████████████████████████

67.  ██████████████████████████████████████

██████████████████████████████████████

██████████████

**E.**  ████████████████████████

68.  ██████████████████████████████████████

██████████████████████████████████████

██████

69.  ██████████████████████████████████████

██████████████████████████████████████

████████████████████████████

70.  ██████████████████████████████████████

██████████████████████████████████████.

165712687v1

71. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

72. ████████████████████████████████████████

████████████████

**ARGUMENT**

**A.**   **Category #1:  Excluded Drug Claims.**

   **(1)**   **Under the unambiguous terms of the Agreement, AIS's Drug Claims for**
   ██████████████████████████████████████ **are not payable.**

Virginia law is clear that if a contract's language is unambiguous, the terms and words used by the parties "must be given their plain and ordinary meanings." *Gordonsville Energy, L.P., v. Va. Elec. and Power Co.*, 257 Va. 344, 354 (1999) (citing *Marina Shores, Ltd. v. Cohn-Philips, Ltd.*, 246 Va. 222 (1993)).  "It is the function of the court to construe the contract made by the parties, not to make a contract for them." *Standard Banner Coal Corp. v. Rapoca Energy Co., LP*, 265 Va. 320, 325 (2003) (quoting *Wilson v. Holyfield*, 227 Va. 184, 188 (1984)).  Accordingly, Virginia courts routinely grant parties like Anthem summary judgment on contract claims where, as here, the relevant contractual language is unambiguous.  *See, e.g.*, *Quadros & Associates, P.C. v. City of Hampton*, 268 Va. 50, 54–55 (2004) (affirming summary judgment where contract's terms were plain and unambiguous); *Worsham v. Worsham*, 74 Va. App. 151, 167–68 (2022) (affirming summary judgment where contract language was found to be plain and unambiguous); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, No. 3:12CV748-HEH, 2014 WL 1281235, at *3 (E.D. Va. Mar. 27, 2014), *aff'd sub nom. Bala v. Com. of Virginia Dep't of Conservation & Recreation*, 614 F. App'x 636 (4th Cir. 2015) (same).

Under the plain language of ███████████████ ████████████████████████

███████████████ Anthem was *never* required to pay AIS Drug Claims when AIS shipped those

drugs to a physician's office. ████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████ AIS understood that the Drug

Exclusion excluded payment of Drug Claims if AIS shipped the drugs to a physician's office:

> And the drugs, we [AIS] cannot bill for the drugs when the drugs
> are shipped to the doctor's office.

Castellanos Dep. Tr. 87:24-88:1 (**Ex. 9**).

In a transparent attempt to avoid the plain language of ████████████████ and its own

admission, AIS has recently attempted to manufacture (for the first time) an artificial and non-

existent distinction between drugs and pharmaceuticals.  "Pharmaceutical" is synonymous with

"drug" and "medication".  *See* Merriam-Webster Dictionary, www.merriam-webster.com

(defining "pharmaceutical" as "a medicinal drug", listing "drug" and "pharmaceutical" as

synonyms, and listing "medication" and "drug" as synonyms); *Travelers Indem. Co. of Am. v.*

*Portal Healthcare Solutions, LLC*, 35 F. Supp. 3d 765, 770 (E.D. Va. 2014) ("Virginia courts

customarily turn to dictionaries for help in deciphering a term's plain meaning.").  AIS's

manufactured distinction also is belied by the testimony of Mr. Castellanos, who admitted that

"pharmaceuticals shipped" means "drugs shipped." Castellanos Dep. Tr. at 131:9–12 (**Ex. 9**). ████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████ The evidence is clear that the term "pharmaceuticals" refers to AIS's drugs, and as conceded by Mr. Castellanos, "[AIS] cannot bill for the drugs when the drugs are shipped to the doctor's office."  Castellanos Dep. Tr. 87:24-88:1 (**Ex. 9**).

████████████████████████████████████████████ into surplusage and, thus, violate the basic tenet of contract law that all provisions must be read to give them meaning. *Standard Banner Coal Corp. v. Rapoca Energy Co., LP*, 265 Va. 320, 325 (2003) ("No word or clause in a contract will be treated as meaningless if a reasonable meaning can be given to it and the parties are presumed not to have included to have included needless words in a contract.") (citations omitted); *White Oak Power Constructors v. Mitsubishi Hitachi Power Systems Americas Inc.*, No. 3:17-cv-00355-JAG, 2019 WL 3752961 at *3 (E.D. Va. Aug. 8, 2019) (in granting motion for summary judgment based on contractual interpretation, explaining: "A court, however, should not analyze the meaning of snippets of the contract, but instead 'construe the contract as a whole.' . . . Relatedly, courts should 'give meaning to every clause where possible' and presume that 'the parties have not used words aimlessly.'  Virginia courts also presume that the parties 'were trying to accomplish something rational,' and 'will not read contracts to produce absurd results.'") (gathering cases; citations omitted).

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████

█████████████████████████████████████ and as acknowledged by the parties for the life of the Agreement, AIS's Drug Claims for drugs it shipped to a physician's office are not payable under the Agreement.   Therefore, Anthem is entitled to summary judgment on these claims.

**(2)**      ██████████████████████████████ **AIS continued to submit Drug Claims to Anthem for drugs AIS shipped to a physician's office for an in-office refill, all of which should be dismissed.**

As discussed above, it is undisputed that AIS is *not* entitled to payment on any Drug Claims for drugs AIS shipped to a physician's office. ████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████

████

██████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████

████████████████████████

███████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████

████████████

**(3)**  **Summary judgment is warranted on *all* of Bond's Drug Claims where the undisputed evidence makes clear Bond did *not* perform an in-home refill.**

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████

**B.**  **Category #2:** ████████████████ **Per Diem Claims.**

As discussed above, Anthem only seeks summary judgment on the Per Diem Claims ████████████████████████ Per Diem Claims that were associated with pump refills that occurred in physicians' offices (or otherwise outside the patient's home) ███████████████ ████████████████████████████████ ██████████ ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████[6]

    **(1)**   ████████████████████████ **make clear that Per Diem Claims are not payable when** ████████████████████ **outside the patient's home.**

As discussed above ███████████████████████████████████

████ the sole purpose ████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████

    ████████

    ██████████████████████████████████

    ██████████████████████████████████

    ██████████████████████████████████

    ████████

█████████████████████████████████████████

    █████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████

    █████████████████████████████████

    █████████████████████████████████

---

[6] ███████████████████████████████████████████████████

████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████

     **(2)**     **Undisputed testimony from** ██████ ██████████████████████████████
████████████████████████████████████████████████████████████
████

████████████████████ Mr. Castellanos conceded (as they must) the obvious and plain

meaning and intent of the Per Diem Exclusion. ████████████████████

           ████████████████████████████████████████████████
████████████████████████████████

████████████████████████████████

██████████████████████████ Mr. Castellanos likewise confirmed this meaning:

> Q:  And you say that the language here appears that we can only bill
> for drugs and per diems when [refill] done at home.  Right?
>
> A:  That's correct.
>
> Q:  And that was your understanding of the changes created by the
> amendment.  Correct?
>
> ...
>
> A:  That's right the amendment that came to me when I looked at it
> that's what I interpreted.

Castellanos Dep. 160:19-161:8 (**Ex. 9**); ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

These admissions ████████ AIS's corporate representatives are fully consistent with

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████

- ██████████████████████████████████████████████
  ████████████████████████████████████████████████
  █████████████████████████████████████.

- ████████████████████████████████████████████████
  ████████████████████████████████████████████████
  ████████████████████████████████████████████████
  ██████████████████████████

(3)      **Based on the plain language of the** ██████████████ **and the undisputed evidentiary record, Anthem should be granted summary judgment on** *all* **of AIS's** ████████████ **Per Diem Claims where the medication was refilled in a physician's office.**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

C.      **Category #3:** ██████████ **Drug Claims, Per Diem Claims and Other Claims.**

(1)      **The unambiguous terms of the Agreement required AIS to submit all claims to Anthem** ████████████████████████████

The Agreement required AIS to submit all Commercial and Medicare claims to Anthem

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████



---

[7] In other jurisdictions, Bond has alleged that issues with a claims processing company called "Novologix" thwarted their ability to timely file claims. However, it is undisputed that Novologix *was not* involved in the pricing and/or processing of claims in Virginia. *See* Sobecki Dep. Tr. at 41:14-17 (**Ex. 38**) ("Q. And what is Novologix? A. Novologix is a repricer for home infusion therapy claims in the States of Missouri, Indiana, and Ohio.")

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████ ██████████

███████████████████████████████████████████████

████████████████████████████████████████

**(3)**     **Anthem has identified and summarized all of the ███████ claims for which AIS seeks payment in this litigation; Anthem is entitled to summary judgment on all of them.**

██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████ ███████████████████████

---

8 ███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████████████

9 ███████████████████████████████████████████████
████████████████████████████████████

10 ███████████████████████████████████████████████

**D.** <u>**Category #4:**</u> ███████████████████████



**E.** <u>**Category #5:  "Other Claims"**</u>

165712687v1



**F.      Anthem is Entitled to Summary Judgment on Counts II, III, and IV of AIS's Complaint.**

AIS asserts four Counts in this litigation: Breach of Contract (Count I), Anticipatory Breach of Contract (Count II), Unjust Enrichment (Count III), and Declaratory Judgment (Count IV).  The preceding sections address the five categories of claims that the Court should dismiss as to all counts, including Count I for breach of contract.  The Court should also grant Anthem summary judgment on Counts II, III, and IV in their entirety.

First, AIS cannot maintain a claim for anticipatory breach of the Agreement because it terminated the Agreement in March 2023.  *Chertoff Capital, L.L.C. v. Braes Capital, LLC*, No. 1:19cv631, 2019 U.S. Dist. LEXIS 231192, at *11-12 (E.D. Va. Oct. 31, 2019) ("In light of these circumstances, to find that a repudiation of the contract took place would not only be implausible, it would also ignore Syversen's termination of the contract under the clear language of Section 5 of the agreement.").

Second, Anthem is entitled to summary judgment on AIS's Unjust Enrichment claim (Count III) because all of the claims at issue predate AIS's termination of the Agreement and therefore are governed by that valid and binding contract.  "'Where a contract governs the

relationship of the parties, the equitable remedy of restitution grounded in quasi-contract or unjust enrichment does not lie.'"  *Carolina Conduit Sys. v. MasTec N. Am., Inc.*, No. 3:11CV133-HEH, 2011 U.S. Dist. LEXIS 122578, at *8 (E.D. Va. Oct 24, 2011) (quoting *WRH Mortgage, Inc. v. S.A.S. Associates*, 214 F.3d 528, 534 (4th Cir. 2000)); *Cortez-Melton v. Capital One Fin. Corp.*, No. 3:19cv127, 2021 U.S. Dist. LEXIS 36676, at *28-30 (E.D. Va. Feb. 26, 2021) (dismissing a claim for "unjust enrichment because a contract exists between [Plaintiff] and [Defendant]").  The validity and enforceability of the Provider Agreement ██████████ between Anthem and AIS with respect to the claims at issue in this litigation is not in question.  Complaint, ECF No. 6, ¶¶ 6, 57, 113, 140, 161; Answer to Counterclaim, ECF No. 63, ¶ 1.

Third, Anthem is entitled to summary judgment on AIS's Declaratory Judgment claim (Count IV) because it "seeks only to adjudicate an already-existing breach of contract claim," *Metra Indus. v. Rivanna Water & Sewer Auth.*, No. 3:12CV00049, 2014 U.S. Dist. LEXIS 21568, at *5 (W.D. Va. Feb. 19, 2014) (quoting *Torchlight Loan Servs., LLC v. Column Fin., Inc.*, No. 11 Civ. 7426, 2012 U.S. Dist. LEXIS 105895, at *33 (S.D.N.Y. July 25, 2012)), and because any "alleged wrongs have already suffered," *AvePoint, Inc. v. Knickerbocker*, 475 F. Supp. 3d 483, 488 (E.D. Va. 2020).  AIS's breach of contract claim covers all existing claims, and there is no need for further clarification of the Agreement apart from adjudication of the breach of contract claim, because AIS has terminated the Agreement.

## CONCLUSION

The relevant provisions in the Agreement are unambiguous.  And those provisions, along with the undisputed evidence and testimony provided by Bond's ██████████ ██████████ Mr. Castellanos, demonstrate that Anthem is entitled to summary judgment on all claims in the five categories identified in this Motion.  Granting summary judgment would narrow

the focus of the hearing to those claims for which there are genuine factual disputes: it therefore should be granted.

Date:  December 1, 2023

**ANTHEM HEALTH PLANS OF VIRGINIA, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD**

_____*/s/ Michael E. Lacy*_____
Michael E. Lacy (VSB No. 48477)
Sarah E. Siu (VSB No. 94716)
TROUTMAN PEPPER HAMILTON SANDERS LLP
P.O. Box 1122
Richmond, VA 23218-1122
Telephone:  (804) 697-1326
Facsimile:  (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn (VSB No. 79596)
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein (*pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

Harry J. Liberman (*pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (202) 704-6000
harry.liberman@troutman.com

*Counsel for Defendant-Counterclaimant*

165712687v1