IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE, | ) ) ) ) |
| Plaintiff-Counter Defendant, | ) ) ) ) |
| v. | ) ) ) |
| ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, | ) ) ) ) ) |
| Defendant-Counterclaimant. | ) ) ) ) |

Case No. 1:22-cv-01343-CMH-IDD

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF/ COUNTER-DEFENDANT'S MOTION IN LIMINE TO PRECLUDE DEFENDANT/ COUNTER-CLAIMANT FROM USING DOCUMENTS PRODUCED IN OTHER ARBITRATIONS**

-i-

**TABLE OF CONTENTS**

Page

INTRODUCTION ....................................................................................................................1

BACKGROUND .....................................................................................................................1

ARGUMENT ..........................................................................................................................3

CONCLUSION........................................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Burlage v. Summerville Senior Living, Inc.*,
    No. 1:07-CV-352, 2007 WL 3172353 (E.D. Va. Oct. 25, 2007)................................................5

*Cargill Inc. v. Ron Burge Trucking, Inc.*,
    284 F.R.D. 421 (D. Minn. 2012)..............................................................................................4

*Cherryholmes v. Centers for Advanced Orthopaedics, LLC*,
    No. TDC-18-3541, 2019 WL 13225410 (D. Md. Aug. 20, 2019)............................................5

*Christ College, Inc. v. Bd. Supervisors, Fairfax Cnty.*,
    No. 90-2406, 1991 WL 179102 (4th Cir. 1991) ......................................................................4

*Collins v. Tri-State Zoological Park of W. Md., Inc.*,
    No. 1:20-cv-01225-PX, 2021 WL 5416533 (D. Md. Nov. 19, 2021) ......................................5

*Commonwealth v. Edwards*,
    370 S.E.2d 296 (Va. 1988).......................................................................................................5

*Marcum v. Zimmer*,
    163 F.R.D. 250 (S.D. W. Va. 1995).........................................................................................5

*Nergol v. DePuy Orthopedics, Inc.*,
    69 F.4th 1 (1st Cir. 2023)..........................................................................................................4

*Van Vleck v. Sallyport Glob. Holdings, Inc.*,
    No. 1:19-CV-00060, 2019 WL 13297195 (E.D. Va. Dec. 3, 2019).........................................6

*Virginia Elec. & Power Co. v. Westmoreland-LG & E Partners*,
    526 S.E.2d 750 (Va. 2000).......................................................................................................6

*W. Va. Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*,
    200 F.R.D. 564 (S.D. W. Va. 2001).........................................................................................5

Plaintiff/ Counter-Defendant Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS"), submits this memorandum of law in support of its motion in limine to preclude Defendant/ Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross And Blue Shield ("Anthem"), from introducing into evidence at trial documents produced exclusively in other arbitrations involving the parties.

## INTRODUCTION

Besides this litigation, AIS and Anthem are involved in other arbitrations specific to certain contracts that apply to care for Anthem members in particular states. In one of those cases involving a contract and member claims tied to Indiana, the parties produced documents pursuant to an Indiana-specific arbitration order and confidentiality order that explicitly limited use of those documents to that arbitration.

Nevertheless, Anthem now seeks to introduce the Indiana arbitration documents at trial in this case. But those documents were designated confidential and produced for use in only specific arbitrations following orders from one Arbitrator (with which AIS respectfully disagrees). They were not reproduced for use in this litigation. Considering the close of discovery has long passed, Anthem has further waived any objections to AIS's productions and privilege log as well as its confidentiality and privilege designations made in the Indiana arbitration. Nor should the Indiana arbitration documents be used given that certain of them are protected from disclosure under the attorney-client privilege.

The Court should grant AIS's motion.

## BACKGROUND

In addition to this litigation, AIS and Anthem are involved in other arbitrations related to state-specific provider agreements and care for Anthem members in those states, including in Indiana. ECF No. 103 at 1–2. In the other arbitrations, including the Indiana arbitration, AIS

-1-

has produced documents specific to each arbitration, bates stamping them with a corresponding prefix, such as "AIS_IN." *Id.* at 1. Additionally, the parties in the Indiana arbitration entered a protective order that allowed the parties to designate documents "Confidential" or "Attorney's Eyes Only" ("AEO"), and if designated as such, limited their use exclusively to the Indiana arbitration, and no other dispute. ECF No. 103-2 at 6–8. The parties' protective order explicitly provides that the "[u]se of Confidential Information and/or Attorney's Eyes Only Information produced" in the Indiana arbitration "shall be *limited to [the Indiana] action*." *Id.* at 10 (emphasis added). Either party could challenge any designation. *Id.* at 10.

In the Indiana arbitration, AIS produced a substantial number of documents designated Confidential and AEO and used an Indiana-specific bates stamp ("AIS_IN"). It further produced documents pursuant to the Arbitrators' discovery orders that were specific to the Indiana arbitration. ECF Nos. 103-2 & 103-3. And when it produced its documents, AIS expressly stated that the documents were produced solely for use in the Indiana arbitration and reserved its rights to assert any privilege-related or other objections. ECF Nos. 103-2 ¶¶ 15, 18 & 103-4; *see* Exhibits ("Ex.") A & B.

The parties recently completed a week-long hearing in the Indiana arbitration. Anthem never objected to AIS's confidentiality designations in the Indiana arbitration, at the hearing or otherwise. It further did not object to AIS's document production or privilege log in the Indiana arbitration or this litigation. *See, e.g.*, ECF No. 103-4. Nor did Anthem move to compel AIS to reproduce the Indiana arbitration documents in this litigation before the close of discovery.

Months after the close of discovery, Anthem has now listed numerous Indiana-specific documents on its exhibit list. ECF No. 93-2.[1] AIS timely preserved its objections to those exhibits, ECF No. 103 at 1–2 (objections to Anthem's exhibit list) & 139-1 at 21–27, 35–36 (objections to Anthem's deposition designations), and it now moves to preclude their use at trial.

## ARGUMENT

Anthem seeks to introduce into evidence at trial documents – marked with the prefix "AIS_IN" – that were produced exclusively in the Indiana arbitration. AIS designated those documents confidential and produced them for use *only* in the Indiana arbitration, pursuant to the parties' agreed-on protective order. Permitting Anthem to use those documents in this litigation is improper and should be precluded for straightforward reasons.[2]

*First*, permitting Anthem to produce the Indiana arbitration documents in this litigation would violate the parties' protective order. As raised in AIS's objections to Anthem's exhibit list, the parties entered a stipulated protective order in the Indiana arbitration. ECF No. 103-2. Based on that agreed protective order, the parties produced documents in discovery, including documents marked Confidential or AEO – designations that the parties were free to challenge or dispute during discovery. *Id.* at 9–10, 11. If documents were designated Confidential or AEO, the agreed protective order limited their affirmative use to the Indiana arbitration. *Id.* at 6–8. If that were not enough, the agreed protective order also explicitly limited the use of any documents produced in the Indiana arbitration to only that arbitration. *Id.* at 10.

---

[1] The documents are identified as Exhibits ("Exs.") Nos. 6, 13, 43, 45, 46, 47, 52, 54, 55, 57, 60, 61, 62, 63, 64, 70, 76, 81, 85, 86, 88, 93, 94, and 96 on Anthem's exhibit list.

[2] AIS reserves the right to challenge the relevancy of the selected Indiana documents and maintain its privilege objections should the Court deny the instant motion in limine.

-3-

Accordingly, all of the Indiana documents listed on Anthem's exhibit list are properly excluded from use in this trial. AIS bates stamped those documents with the necessary prefix "AIS_IN" and designated them either Confidential or AEO.[3] AIS thus did not produce the selected Indiana documents for purposes of *this* case. ECF No. 103-4. Anthem never challenged those designations in the Indiana arbitration, and it has long waived its opportunity to do so, considering discovery closed long ago and the parties have already completed a week-long hearing for that arbitration.

*Second*, Anthem has also failed to challenge AIS's document productions and privilege log in that arbitration. *Id.* Fact discovery in both this litigation and the Indiana arbitration closed months ago. ECF No. 62. Yet, Anthem never raised any objections while discovery was open and active, or even moved to compel their production in this litigation, thus waiving the objections it may try to assert now. *See Christ College, Inc. v. Bd. Supervisors, Fairfax Cnty.*, No. 90-2406, 1991 WL 179102, at *9 (4th Cir. 1991) (concluding party's "failure to obtain additional discovery was substantially their own responsibility"); *Cargill Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn. 2012) (applying Rule 33(b)(4) waiver provision to discovery production under Rule 34). Anthem cannot introduce at trial exhibits that were not produced in this litigation to which Anthem waived any objection. This is especially so when its use of those documents would violate a separate protective order to which Anthem agreed and governs confidentiality designations that Anthem never challenged. *See Nergol v. DePuy Orthopedics, Inc.*, 69 F.4th 1, 12–13 (1st Cir. 2023) (concluding affidavits attached to second amended complaint could not rely on information produced under a protective order in another case).

---

[3] *See supra* Note 1.

And given the late stage of this litigation – with summary judgment fully briefed and the parties now preparing for trial – there is no good cause to permit Anthem to raise its objections now. *See Collins v. Tri-State Zoological Park of W. Md., Inc.*, No. 1:20-cv-01225-PX, 2021 WL 5416533, at *2 (D. Md. Nov. 19, 2021) (concluding lack of objection waived given the late stage of the litigation). There is simply no good cause to reopen a discovery deadline – which has long passed – to permit Anthem to challenge AIS's document production and privilege designations in this litigation, which would only prejudice AIS by allowing Anthem to avoid compliance with the parties' agreed-on protective order and procedures. Anthem's lack of diligence and carelessness make clear that there is no good cause whatsoever. *See W. Va. Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D. W. Va. 2001) (noting lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard"); *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995) (explaining that "the inquiry should end" if the moving party was not diligent).

*Third*, many of the Indiana documents are privileged and not subject to disclosure. *See e.g.*, Anthem Exs. Nos. 43, 47, 54, 61 & 70. While AIS produced certain of those documents pursuant to the Arbitrators' orders applying Indiana law, these documents are properly shielded from disclosure by the attorney-client privilege under Virginia law. *See Commonwealth v. Edwards*, 370 S.E.2d 296, 301 (Va. 1988); *Burlage v. Summerville Senior Living, Inc.*, No. 1:07-CV-352, 2007 WL 3172353, at *1 (E.D. Va. Oct. 25, 2007). Indeed, they involve AIS's General Counsel relaying legal advice and guidance sought by the company – a classic example of where the attorney-client privilege applies. *See Va. Elec. & Power Co. v. Westmoreland-LG & E Partners*, 526 S.E.2d 750, 755 (Va. 2000); *Van Vleck v. Sallyport Glob. Holdings, Inc.*, No. 1:19-CV-00060, 2019 WL 13297195, at *4 (E.D. Va. Dec. 3, 2019). And in producing these

documents, AIS expressly preserved its privilege objections and objected to their use in any other arbitration or litigation between the parties. ECF Nos. 103-2 ¶¶ 15, 18 & 103-4; Ex. A & B. They are therefore properly shielded from disclosure and use in this litigation.

## CONCLUSION

The Court should preclude Anthem from using at trial documents produced in confidential arbitrations.

Dated: December 28, 2023                    Respectfully submitted,

By: _____
Paul Werner (VSB No. 48910)
Imad Matini (VSB No. 90126)
Hannah Wigger (admitted *pro hac vice*)
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
hwigger@sheppardmullin.com

*Attorneys for Plaintiff/ Counter-Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 28, 2023, the foregoing document was sent by CM/ECF to the following counsel of record:

Michael E. Lacy
Sarah E. Siu
TROUTMAN PEPPER HAMILTON
SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn
TROUTMAN PEPPER HAMILTON
SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein
TROUTMAN PEPPER HAMILTON
SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

Harry J. Liberman
TROUTMAN PEPPER HAMILTON
SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (202) 704-6000
harry.liberman@troutman.com

By: _____
Paul Werner