IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>    Defendant/Counterclaimant. | Civil Action No. 1:22-cv-01343-CMH-IDD |

**DEFENDANT/COUNTERCLAIMANT'S BRIEF IN
OPPOSITION TO MOTION *IN LIMINE***

Defendant-Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), submits this brief in opposition to the motion *in limine* filed by Plaintiff-Counter-defendant Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS") (ECF No. 195) seeking to preclude Anthem from using certain documents produced in related matters (the "Motion").

**INTRODUCTION & BACKGROUND**

The Motion is a transparent attempt at discovery gamesmanship. A bedrock principle underlying the Federal Rules is that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Yet, in defiance of this fundamental principle, AIS seeks to preclude Anthem from using at trial 24 documents (the "Documents")[1] that AIS voluntarily produced to Anthem in other matters that

---

[1] The contested documents are Exhibit Nos. 6, 13, 43, 45- 47, 52, 54, 55, 57, 60, 61-64, 70, 76, 81, 85, 86, 88, 93, 94, and 96 on Anthem's Exhibit list.

involve the same claims and same issues as this case, claiming that they can only be used in two related arbitrations but not in this case.

More specifically, in addition to this litigation, the parties are engaged in thirteen arbitrations. Each action involves the same parties (AIS as plaintiff/claimant, and the appropriate Anthem entity as defendant/respondent),[2] the same set of facts, the same witnesses, the same operative contract, and the same amendments thereto. Accordingly, Anthem propounded the same core document requests to AIS in all of the matters, including this case. *See* **Exhibit A** (AIS's responses to Anthem document requests). To avoid the unnecessary burden and expense of reproducing the same documents in each action, the parties agreed that they would exchange documents applicable to all actions once rather than reproduce the same documents over and over again in every single action. AIS now claims that the Documents it voluntarily produced in two of those arbitrations, which are undoubtedly relevant and responsive to Anthem's same document requests here, cannot be used in this case. AIS's argument and its Motion should be denied on its face.

AIS's argument stems from AIS's privilege log. Like its document production, AIS produced a single privilege log for all matters, including this case. *See* **Exhibit B** (July 14, 2023, email from H. Wigger providing privilege log). The log was 113 pages log and obviously overbroad. Anthem objected to the log on numerous grounds, including, that it contained documents that were, on their face, not privileged. Thereafter, AIS ***voluntarily*** agreed to produce most of the documents on its log because they "reflect business rather than legal matters, and other documents that, for other reasons, should not have been included in the first place." *See* **Exhibit**

---

[2] AIS entered into the same Provider Agreement with each of the fourteen different Anthem entities, each of which provide health benefit plans in a separate state.

**C** (Aug. 11, 2023, letter from P. Werner).  Ultimately, AIS only withheld 83 documents based on privilege and produced the rest, including the Documents.

AIS's falsely claims that it produced the Documents "following orders from one Arbitrator."  *See* ECF No. 196 at 1.  **At no point did any arbitrator order AIS to produce these documents.**  AIS does not attach any such order, because no such order exists and nothing of the sort ever happened.  The chief arbitrator in Indiana, upon receiving the parties' objections to the other's privilege log and noting the voluminous size of AIS's log, told the parties to review their logs and make sure they had only listed documents that were truly privileged.  The arbitrator did *not* rule that any particular documents were (or were not) privileged, nor did he require AIS to produce any particular documents.  Following its review, AIS voluntarily revised its privilege log and, when transmitting that amended log to Anthem, conceded that the documents should not have been withheld "in the first place."  *See* Exhibit C; **Exhibit D** (Aug. 11, 2023 email from H. Wigger) (stating that AIS was "not withholding any documents not listed on our log on the basis of privilege.").  The Documents represent 24 of the documents that AIS erroneously withheld from production on privilege grounds but subsequently *voluntarily* produced.

Despite all of this, AIS now attempts to prohibit Anthem from using the Documents by arguing that it only produced the Documents for purposes of the Indiana and California arbitrations.[3]  AIS's tactics should be rejected.  As AIS admitted, the Documents should have never been withheld "in the first place", as they are clearly relevant and responsive to Anthem's discovery requests in this matter.  Nor are the documents privileged, and regardless, AIS has waived any claim of privilege by voluntarily producing the documents to Anthem.  Moreover, the

---

[3] AIS purported to produce the documents in these two actions because they share the same chief arbitrator.

3

Documents were not only used in Anthem's depositions of AIS's witnesses *in this case*, AIS attached these depositions in support of its Motion for Summary Judgment *in this case,* and AIS included the depositions on their exhibit list *in this case*. Prohibiting Anthem from using them at trial is not only nonsensical, it also would be incredibly prejudicial to Anthem.

For these reasons, and those set forth more fully below, the Motion should be denied in its entirety.

## ARGUMENT

### I. AIS'S DISCOVERY GAMESMANSHIP SHOULD BE REJECTED.

"Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond. Gamesmanship to evade answering as required is not allowed." *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 622 (N.D.W.Va. 2006). "[N]ondisclosure, left untreated, gives rise to nasty snarls that eat up the parties' time, the Court's time, and the jury's time, in contravention of the rule that cases should be resolved in a just, speedy, and inexpensive manner." *Thomas v. FTS USA, LLC*, No. 3:13CV825, 2016 WL 3566657, at *12 (E.D. Va. June 24, 2016) (imposing preclusion sanctions because Defendants' untimely disclosure of a witness declaration and accompanying exhibits was intentional and tactical).

Each of the Documents is responsive and relevant to Anthem's document requests in this case, and there is no reason that Anthem should be precluded from using the Documents in this case. Yet, AIS argues that they cannot be used in this case under the protective order entered in the Indiana arbitration. AIS's reliance on the Indiana protective order is misplaced.

*First*, consistent with the parties' agreement to make a single document production applicable to all fourteen matters, the same protective order was entered for all fourteen matters. *See, e.g.*, ECF No. 103-2 (Indiana protective order) and ECF No. 50 (Stipulated Confidentiality

Agreement and Protective Order).  Hence, the protective orders collectively ensured that the parties could not use the documents produced beyond the fourteen matters.

*Second*, the issue here is not the Indiana protective order.  It is AIS's attempt to limit the use of the Documents in this case, even though they were (a) removed from AIS's privilege log because "they should not have been included in the first place" , (b) produced to Anthem, and (c) are clearly relevant to the issues in the case.  AIS's claim that Anthem needed to seek some relief in the Indiana arbitration confuses the actual issue—Anthem's right to use the Documents *in this case*.  Anthem did not need to seek any relief or otherwise compel AIS to produce the Documents in this case.[4]  AIS had already produced them to Anthem, and as discussed below, the Documents were used in depositions in this case, and AIS has put those depositions into the record of this case. When AIS produced the Documents, it did not move this Court for a protective order to limit the use of the Documents in this case, nor did it supplement its discovery responses in this case to object to producing them, despite the fact that AIS had conceded that the Documents are not privileged.

*Third,* even if the issue is about the Indiana protective order (and it is not), the proper remedy is for AIS to seek relief in the Indiana arbitration.  *See Pouneh Biazari v. DB Indus., LLC*, 5:16-cv-49, 2017 U.S. Dist. LEXIS 63310, *13 (W.D. Va. Apr. 26, 2017) (possible violations of a protective order entered in another case would need to be enforced by the other court that issued it) (citing *Culinary Foods v. Raychem Corp.*, 151 F.R.D. 297, 302-03 (N.D. Ill. Aug. 9, 1993) ("we

---

[4] If the Court determines that Anthem needs to seek relief from the Court to be able to use the Documents at trial, Anthem respectfully requests that it be given leave to so use the Documents. It would not delay the proceedings, nor would it prejudice AIS, as its witnesses have been deposed on these documents already.  Further, it would further the ends of justice because, as AIS has admitted, the Documents should not have been withheld based on privilege "in the first place." Exhibit C.

emphasize that Raychem is left with the remedy of enforcing the protective order issued by the other courts").

Here, there are no violations of *any* protective order.  Rather, AIS is trying to play discovery games pursuant to which AIS erroneously claims that it gets to decide which documents can be used in which case.  *See, e.g.*, *Williams v. Johnson & Johnson*, 50 F.R.D. 31, 33 (S.D.N.Y. 1970) (the collaborative use of discovery material across related litigation "comes squarely within the aims laid out in the first and fundamental rule of the Federal Rules of Civil Procedure . . . there is no merit to the all-encompassing contention that the fruits of discovery in one case are to be used in that case only"); *Ohio Valley Env't Coal. v. Elk Run Coal Co.*, 291 F.R.D. 114, 122 (S.D.W.Va. 2013) ("'the Federal Rules do not foreclose the collaborative use of discovery' as long as 'the initial litigation has not itself been instituted in bad faith for the purpose of obtaining documents for other actions'") (quoting *Cipollone v. Liggett Grp., Inc.*, 113 F.R.D. 86, 91 (D.N.J. 1986)).

AIS told Anthem that it was no longer withholding hundreds of documents it had previously—and erroneously—listed as privileged and which it was required to produce under Federal Rule of Civil Procedure 34, and AIS produced those documents to Anthem.  Yet, AIS now claims that Anthem cannot use them in this case.  In essence, AIS's argument is predicated on a clear violation of the Federal Rules of Civil Procedure and AIS's discovery obligations—that it intentionally withheld highly relevant, responsive documents from Anthem in this matter that AIS admits are not privileged.  Not only should the Motion be denied because of this attempted discovery malfeasance, AIS's position is a meritless litigation tactic seeking to prevent Anthem from using the Documents because they are clearly damaging to AIS.  AIS's gamesmanship should be rejected.

Moreover, AIS has waived its position by relying on deposition testimony regarding the Documents in this case. Specifically, in support of its Motion for Summary Judgment (ECF No. 187), AIS attached as exhibits the depositions of two of its witnesses, Simon Castellanos and Beverly Aborne. Both witnesses were questioned about several of the Documents in their depositions. *See* ECF No. 187, Ex. 7 (Castellanos Dep. Tr.) at 4–6, 31, 63, 86, 127, 146, 151, 159, 163, 188, 197, 201 (Dep. Exs. 24, 27, 30, 33, 35, 36, 38, 39, 45, 47, 48); ECF No. 187, Ex. 5 (Aborne Dep. Tr.) at 6, 233 (Dep. Ex. 22). AIS also included these deposition transcripts, *in full*, on its own Exhibit List (ECF No. 94-1) as Exhibits 268 and 269. By putting this testimony and these exhibits into the record, AIS has waived any argument that Anthem cannot use the Documents in this case. Additionally, allowing AIS to engage in such gamesmanship would substantially prejudice Anthem at trial. Not only are the Documents incredibly relevant, Anthem has used them in the depositions of AIS's witnesses in this case. Anthem should be able to use that deposition testimony to impeach AIS's witnesses and/or offer the testimony into evidence, just as AIS has done already.

AIS's motion to exclude the Documents is meritless and should be denied.

## II. AIS'S OBJECTION BASED ON PRIVILEGE IS MERITLESS.

### a. The Documents are not privileged.

The attorney-client privilege only applies if: (1) the communication is made to a lawyer who, at the time, is "acting as a lawyer"; (2) it is "for the purpose of securing primarily . . . (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding"; and, (3) the privilege has not been waived. *U.S. v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (per curiam). As the proponent of the privilege, AIS has the burden to establish that each document is privileged. *Hawkins v. Stables*, 148 F.3d 379, 381 (4th Cir. 1998).

Attorney-client privilege does not "apply to any communication as to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose even if there had been no perceived additional interest in securing legal advice." *BAE Sys. Ordnance Sys., Inc. v. Fluor Fed. Sols., LLC*, No. 7:20-cv-00587, 2023 U.S. Dist. LEXIS 222011, at *20 (W.D. Va. Apr. 4, 2023). Further "[a] communication is not privileged simply because one of the parties is an attorney . . . [n]or does simply copying an attorney on a communication . . . cloak that communication with the attorney-client privilege. *CSX Transportation, Inc., Individually & on behalf of Norfolk & Portsmouth Belt Line Railroad Company v. Norfolk Southern Railway Company, et al.*, No. 2:18-CV-530, 2020 WL 12862960, at *2 (E.D. Va. Aug. 21, 2020) *citing McAirlaids, Inc. v. Kimberly-Clark Corp.*, No. 7:13-CV-193, 2014 U.S. Dist. LEXIS 201138, at *12 (W.D. Va. Sep. 26, 2014) (internal quotations omitted).

Here, AIS does not even discuss this legal standard or the substance of the communications, much less demonstrate (as it must) how the substance of the Documents could possibly qualify them as privileged. And for good reason. It already admitted that the Documents "reflect business rather than legal matters" and/or "should not have been included [on its privilege log] in the first place." Indeed, the Documents do not contain communications to a lawyer who is "acting as a lawyer." The communications were not made "for the purposes of securing primarily . . . an opinion on law." The Documents consist of communications that serve a business rather than a legal purpose, do not include any attorney involvement, or include third parties who break any attorney-client privilege that might otherwise exist. *BAE Sys. Ordnance Sys.*, 2023 U.S. Dist. LEXIS 222011, at *20 (excluding business-purpose communications); *Sheet Metal Workers Int'l Ass'n v. Sweeney*, 29 F.3d 120, 125 (4th Cir. 1994) ("Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as

8

to all other communications relating to the same subject matter" because such disclosures are "inconsistent with maintaining the confidential nature of the attorney-client relationship."). For example, Exhibit 61 contains email exchanges preparing for a certain slide show presentation intended for a routine board meeting discussing the economics of various reimbursement models and feedback from patients and others on those models, not requesting or providing legal advice. And Exhibit 57 is an email to non-party Dave Fusco at Entracte, whose inclusion in the discussion—which involves no legal advice—waives any possible claim of privilege relating to the email and its subject matter. *Sheet Metal Workers Int'l Ass'n*, 29 F.3d at 125. The remaining Documents are likewise not privileged.

### b. AIS has waived the privilege by voluntarily producing the Documents to Anthem and removing them from its privilege log.

Even if any of the Documents reflected privileged communications (which AIS admits they do not), AIS waived any privilege by voluntarily producing the documents to Anthem and removing them from its privilege log. "The Fourth Circuit Court of Appeals . . . has determined that the attorney-client privilege is to be strictly confined within the narrowest possible limits consistent with the logic of its principle. . . . Additionally, a party waives the privilege if it voluntarily produces the privileged document to a third party." *Scott & Stringfellow, LLC v. AIG Commer. Equip. Fin., Inc.*, No. 3:10cv825-HEH-DWD, 2011 U.S. Dist. LEXIS 51028, at *6-7 (E.D. Va. May 12, 2011) (citing *In re Grand Jury Proceedings*, 727 F.2d 1352, 1355 (4th Cir. 1984)) (internal quotations omitted).

"Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives attorney-client privilege." *Jones*, 696 F.2d at 1072 (4th Cir. 1982) (per curiam). "Once a waiver of the attorney-client privilege is deemed to have occurred, the privilege is relinquished for all purposes and in all circumstances thereafter." *Ostrander v. Am. Home*

9

*Assurance Co.*, No. 5:05cv-00110, 2006 WL 8442470, at *3 (N.D. W. Va. Mar. 31, 2006). It is AIS's burden to establish that it did not waive privilege. *Hawkins*, 148 F.3d at 383; *Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264, 277 (E.D. Va. 2004) ("the burden to prove that the privilege applies . . . includes establishing that the privilege was not waived").

AIS does not satisfy this burden. AIS does not, and cannot, dispute that it voluntarily produced these documents in two other proceedings between the parties. Yet, AIS argues that the documents somehow remain privileged in this litigation. This argument is incorrect. First, AIS voluntarily removed the Documents from its privilege log and produced them because they are not privileged, regardless of the position AIS is trying to take now. *See* Exhibit C; Exhibit D. Second, there is no such thing as a selective waiver of the attorney-client privilege. In fact, "[t]he Fourth Circuit rejects the concept of limited waiver of attorney-client privilege." *U.S. v. Cohn*, 303 F. Supp. 2d 672, 679 (D. Md. 2003) (citing *In re Martin Marietta, Corp.*, 856 F.2d 619, 623 (4th Cir. 1988)). Waiving the attorney-client privilege is "absolute"; once waived, "it is waived for good." *Scalia v. Med. Staffing of Am., LLC*, No. 2:18CV226, 2020 WL 1811344, at *4 (E.D. Va. Apr. 8, 2020). This includes when a party, as AIS did here, waives the privilege by producing the materials in other, parallel litigation. *See, e.g., Rambus*, 220 F.R.D. at 277 (finding waiver of the attorney-client privilege because the party "has already disclosed the at-issue documents in two parallel proceedings"); *see also Banneker Ventures, LLC v. Graham*, 253 F. Supp. 3d 64, 71 (D.D.C. 2018); *U.S. v. Swain*, 1991 WL 47102 (D.S.C. Feb. 5, 1991). The fact that AIS produced these documents in two other litigations is dispositive that they are no longer privileged. *See, e.g., Rambus*, 220 F.R.D. at 277; *U.S. v. Kelsey-Hayes Wheel Co.*, 15 F.R.D. 461, 464 (E.D. Mich. 1954) ("If the client waives the privilege at a first trial, he may not claim it at a subsequent trial, because after the first publication the communication is no longer confidential and there is no

reason for recognizing the privilege."); *U.S. v. Health Care Mgmt. Partners, Ltd.*, No. 04-CV-02340-REB-BNB, 2006 WL 6654875, at *10 (D. Colo. Aug. 17, 2006); *see also* Epstein & Martin, *Attorney–Client Privilege* at 76 ("Once an express or implicit waiver has occurred, the privilege is generally treated as relinquished for all purposes and in all circumstances thereafter."). And it is corroborated by the fact that AIS never re-listed these documents on its privilege log after removing them – AIS served a single privilege log for all fourteen matters, including Virginia, and removed these documents from that privilege log.

## **CONCLUSION**

Therefore, AIS's Motion *in Limine* should be denied.

| | |
|---|---|
| Date: January 11, 2024 | ANTHEM HEALTH PLANS OF VIRGINIA, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD |

       */s/ Michael E. Lacy*
Michael E. Lacy (VSB No. 48477)
Sarah E. Siu (VSB No. 94716)
TROUTMAN PEPPER HAMILTON SANDERS LLP
P.O. Box 1122
Richmond, VA 23218-1122
Telephone:  (804) 697-1326
Facsimile:  (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn (VSB No. 79596)
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein (*pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

*Counsel for Defendant/Counterclaim-Plaintiff*