**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |  |
|---|---|---|
| **BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,** | ) ) ) ) | |
| **Plaintiff-Counter Defendant,** | ) ) | **Case No. 1:22-cv-01343-CMH-IDD** |
| **v.** | ) ) ) | |
| **ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,** | ) ) ) ) | |
| **Defendant-Counterclaimant.** | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF/ COUNTER-DEFENDANT'S MOTION IN LIMINE TO
PRECLUDE DEFENDANT/ COUNTER-CLAIMANT FROM INTRODUCING
EVIDENCE OR TESTIMONY OF GOVERNMENT INVESTIGATION**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ..................................................................................................................1

BACKGROUND .................................................................................................................2

ARGUMENT .......................................................................................................................2

CONCLUSION....................................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Desmond v. Gonzales*,
   No. 03-1729 (CKK), 2007 WL 9770233 (D.D.C. Feb. 19, 2007)....................................4, 5, 6

*Greenwood v. Rural Comty. Ins. Serv.*,
   No. 2:02CV00047 ERW, 2005 WL 6742495 (E.D. Mo. Dec. 13, 2005)................................6

*Ivory v. Esper*,
   No. 4:18-cv-4104, 2021 WL 5829027 (W.D. Ark. Dec. 8, 2021)............................................4

*In the Matter of the Application of WP Co. LLC*,
   201 F. Supp. 3d 109 (D.D.C. 2016),......................................................................................5

*Vir2us, Inc. v. Invincea, Inc.*,
   235 F. Supp. 3d 766 (E.D. Va. 2017) ....................................................................................3

<u>Other Authorities</u>

Fed. R. Civ. P. 37.............................................................................................................................2

Fed. R. Evid. 401 .............................................................................................................................4

Fed. R. Evid. 402 .............................................................................................................................4

Fed. R. Evid. 403 .....................................................................................................................4, 5, 6

Fed. R. Evid. 404 ........................................................................................................................4, 5

Fed. R. Evid. 602 .............................................................................................................................4

Fed. R. Evid. 801 .............................................................................................................................3

Fed. R. Evid. 802 .............................................................................................................................3

Plaintiff/ Counter-Defendant Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS"), submits this memorandum of law in support of its motion in limine to preclude Defendant/ Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross And Blue Shield ("Anthem"), from introducing any evidence about any government inquiry concerning AIS.

## **INTRODUCTION**

Anthem apparently intends at trial to introduce a hearsay news article noting that search warrants were executed at certain AIS facilities.  The reason Anthem seeks to do so is obvious and improper.  Anthem seeks to invite the jury to speculate that AIS is under investigation related to its billing practices and to conclude that AIS's billing practices are unlawful and that Anthem properly refused to meet its contractual payment obligations to AIS.  The Court should prevent AIS from being so unfairly prejudiced for multiple reasons.  As an initial matter, Anthem's proffered evidence is untimely.  Anthem did not disclose it during discovery, but instead sandbagged AIS by listing it for the first time on its trial exhibit list.  That is reason alone to exclude it.  But even if Anthem had disclosed the article in time, it is impermissible hearsay, irrelevant, and unfairly prejudicial.  If admitted, Anthem's evidence would inflame, mislead, and confuse the jury and severely prejudice AIS by incorrectly suggesting (and leading it to conclude) the government has determined its billing practices at issue in this case are improper when they are not, and the government has made no determination otherwise.

Accordingly, the Court should grant AIS's motion and preclude Anthem from referencing any government inquiry related to AIS or otherwise using Exhibit No. 97 at trial.

## BACKGROUND

At its core, this is a contract dispute between Anthem and AIS over whether Anthem is obligated to pay AIS anything for the care it has provided to Anthem's members for years, and continues to provide today – for free.

While it has no bearing related to that narrow contract dispute, however, Anthem has listed on its trial exhibit list a news article from WAPT, a Jackson, Mississippi affiliate of ABC, on the execution of certain search warrants by the Federal Bureau of Investigation ("FBI") at AIS's Ridgeland and Chunky, Mississippi offices.[1]  The government has made no public statements concerning the nature or scope of the search warrants, or any related inquiry that it has undertaken or is undertaking related to AIS.  Nor has the government announced any actions or determinations resulting from the search warrants or any related inquiry.

Nevertheless, months after the close of discovery, Anthem has listed the local news article about the search warrants on its exhibit list.  ECF No. 93-2 at 7 (listing Ex. No. 97).  AIS timely preserved its objections to that exhibit, ECF No. 103-1 at 19 (objections to Ex. No. 97), and now moves to preclude its use, or any discussion concerning the search warrants or any government inquiry related to AIS, at trial.

## ARGUMENT

The Court should preclude Anthem from introducing or using the news article or making any mention of any search warrants or investigation related to AIS.  ECF No. 93-2 at 7 (listing Ex. 97).  That evidence (and any mention of any search warrants or government inquiry) is inadmissible for four reasons.

---

[1]  Ross Adams, *FBI descends upon Ridgeland office building*, WAPT (Mar. 2, 2023, 7:27 AM), https://www.wapt.com/article/fbi-descends-upon-ridgeland-office-building/43145461 (identified as Exhibit ("Ex.") No. 97 on Anthem's exhibit list).

*First*, Anthem cannot introduce this news article because it was not produced in discovery. That is fatal because failing to provide information during discovery precludes its use "at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Nor can Anthem show its failure was justified or harmless here. *Vir2us, Inc. v. Invincea, Inc.*, 235 F. Supp. 3d 766, 776 (E.D. Va. 2017) (Morgan, J.) (citation omitted). The article was published and publicly available since March 2023, well before the close of fact discovery on September 12, 2023. ECF No. 62 at 1. Anthem's belated disclosure resonates as a misguided trial strategy that should not be rewarded. *Vir2us, Inc.*, 235 F. Supp. 3d at 777 (noting party's intent may be relevant to its explanation for failing to disclose evidence). Nor is there anything that it could do, at this point, to cure its dilatory disclosure. *See Vir2us, Inc.*, 235 F. Supp. 3d at 777–78 (concluding party's failure to disclose could not be cured)ECF Nos. 112 (scheduling trial) & 218 (documenting oral argument and taking cross motions for summary judgment under advisement).

*Second*, the news article is textbook hearsay. Fed. R. Evid. 802. It is an out-of-court statement that Anthem intends to offer for the truth of the matter asserted – that is, the government executed search warrants on an AIS facility. Fed. R. Evid. 801(c). Critically, the news article is not a witnesses' prior statement or a statement from AIS. Fed. R. Evid. 801(d). And it is not subject to any hearsay exception or otherwise admissible under Rule 802. Because Anthem will introduce the article to prove that the FBI is investigating AIS – and that out-of-court statement is not subject to hearsay exception – the Court should exclude plainly exclude it.

*Third*, evidence related to search warrants or any government inquiry is totally irrelevant in this case. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in

determining the action." Fed. R. Evid. 401. Here, any evidence related to search warrants or a government inquiry has no tendency to make Anthem's breach of contract more or less probable. That is because this is a contract dispute between private parties and centers on the interpretation of contract terms and performance of contract obligations. It has nothing to do with any government action or inquiry, and no such action or inquiry has any bearing on any fact the jury needs to find. *Desmond v. Gonzales*, No. 03-1729 (CKK), 2007 WL 9770233, at \*5 (D.D.C. Feb. 19, 2007) (finding evidence of unrelated FBI investigation was not relevant or admissible). Any suggestion to contrary is pure speculation, which is likewise inadmissible. *See* Fed. R. Evid. 602 (requiring personal knowledge, not speculation); *Ivory v. Esper*, No. 4:18-cv-4104, 2021 WL 5829027, at \*2 (W.D. Ark. Dec. 8, 2021) (excluding evidence of investigation when party did "not know the outcome" or if other party "was found to be guilty of any wrongdoing").

Anthem's intention here is as clear as it is improper. It seeks to introduce evidence related to the search warrants to confuse and mislead the jury. Anthem wants the jury to think that the search warrants mean that the government has concluded that AIS's billing practices are improper and, further, that Anthem therefore did not breach the parties' agreement by refusing to pay AIS for its services to Anthem members. Such speculation and logical leaps would be profoundly and unfairly prejudicial. Fed. R. Evid. 403. Moreover, any effort to introduce it for this purpose would be a blatant attempt to misuse impermissible character evidence, an effort that courts routinely preclude. Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); *Desmond*, 2007 WL 9770233, at \*5 (excluding evidence of unrelated FBI investigation under Rule 404).

-4-

*Finally*, the Court should exclude this evidence because it has no probative value, and, even if it did, any minimal value would be substantially outweighed by the danger of confusion, misleading the jury, and unfair prejudice.  Fed. R. Evid. 403.  A bare news article about search warrants has no bearing on any relevant factual inquiry here.  Indeed, any investigation may never reach any determination, let alone an adverse one.  As such, AIS is properly prejudiced from "the unfairness of being stigmatized from sensationalized and potentially out-of-context insinuations of wrongdoing . . . ."  *In the Matter of the Application of WP Co. LLC*, 201 F. Supp. 3d 109, 124 (D.D.C. 2016) (citations omitted).

But that is exactly what Anthem is up to here.  It wants to introduce the article to confuse and mislead the jury to think that AIS has engaged in wrong doing relevant to its billing practices and to further prejudice the jury against it.  More specifically, Anthem intends to speculate based on the mere execution of search warrants that the government's investigation is *ipso facto* confirmation that AIS's billing practices are unlawful and, therefore, Anthem had no obligation to pay the disputed claims.  As such, Anthem cannot establish any relevance or probative value for that evidence, which should end the inquiry.  Fed. R. Evid. 403 (requiring relevance and probative value).  But even if it could, any probative value will be substantially outweighed by the danger of confusion, misleading the jury, and unfair prejudice.  *Greenwood v. Rural Comty. Ins. Serv.*, No. 2:02CV00047 ERW, 2005 WL 6742495, at *1 (E.D. Mo. Dec. 13, 2005) (excluding evidence of investigation that has proved no wrongdoing because the minimal probative value "would be substantially outweighed by the danger of unfair prejudice"); *Desmond*, 2007 WL 9770233, at *5 (excluding evidence of unrelated FBI investigation under Rule 403).

## **CONCLUSION**

The Court should preclude Anthem from introducing at trial evidence or testimony of a pending government investigation.

Dated: January 29, 2024                    Respectfully submitted,


By: _____
Paul Werner (VSB No. 48910)
Imad Matini (VSB No. 90126)
Hannah Wigger (admitted *pro hac vice*)
Christopher Bauer (admitted *pro hac vice*)
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
hwigger@sheppardmullin.com
cbauer@sheppardmullin.com

*Attorneys for Plaintiff/ Counter-Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 29, 2024, the foregoing document was sent by CM/ECF

to the following counsel of record:

Michael E. Lacy
Sarah E. Siu
TROUTMAN PEPPER HAMILTON
SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn
TROUTMAN PEPPER HAMILTON
SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein
TROUTMAN PEPPER HAMILTON
SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

Harry J. Liberman
TROUTMAN PEPPER HAMILTON
SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (202) 704-6000
harry.liberman@troutman.com

By: _____
Paul Werner