IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,<br><br>    Plaintiff/Counterclaim- Defendant,<br><br>v.<br><br>ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>    Defendant/Counterclaimant-Plaintiff. | Civil Action No. 1:22-cv-01343-CMH-IDD |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO QUASH SUBPOENAS**

Pursuant to Federal Rule of Civil Procedure 45, Defendant/Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Shield ("Anthem"), submits this memorandum of law in supports of its motion to quash the Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action served by Plaintiff/Counterclaim-Defendant ("AIS") on non-party Scott Kovacs (the "Kovacs Subpoena") (**Exhibit 1**) and Lorrie Cahoon (the "Cahoon Subpoena") (**Exhibit 2**). For the reasons set forth below and in the supporting Declarations of Scott Kovacs (the "Kovacs Declaration") (**Exhibit 3**) and Lorrie Cahoon (the "Cahoon Declaration") (**Exhibit 4**), the Subpoenas should be quashed.

**INTRODUCTION & BACKGROUND**

On January 23, 2024, AIS served the Kovacs Subpoena on Mr. Kovacs, a former Anthem employee, seeking to compel him to appear in person at the trial scheduled to begin on March 4, 2024. Mr. Kovacs, a non-party, resides and works in Harrison Ohio, which is beyond 100 miles from this Court and therefore outside of its jurisdiction. *See* Fed. R. Civ. P. 45(c)(1). On January

168464544v1

24, AIS served the Cahoon Subpoena on Ms. Cahoon, a current Anthem employee, also seeking to compel her to appear in person at the trial to begin on March 4, 2024. Ms. Cahoon resides and works in Louisville, Kentucky, also beyond 100 miles from this Court and therefore outside of its jurisdiction. Therefore, these Subpoenas are unenforceable and must be quashed.

AIS's subsequently filed Motion to Permit Witness Trial Testimony by Zoom (ECF 226, 227) ("Motion to Permit") does not render the Subpoenas enforceable. As discussed below, Fed. R. Civ. P. 43, which enables the Court to allow witnesses to testify remotely if certain conditions are met, does not expand the Court's power to compel witnesses to testify. Therefore, the Subpoenas are unenforceable regardless of whether allowing Mr. Kovacs or Ms. Cahoon to testify remotely would be appropriate in this matter. If AIS wants to present testimony from Mr. Kovacs or Ms. Cahoon at trial, it can utilize their depositions in accordance with Fed. R. Civ. P. 32.

For these reasons, which are discussed more fully below, the Subpoenas must be quashed.

**ARGUMENT**

A. **SUBPOENAS ARE INVALID AND UNENFORCEABLE AS THE WITNESSES RESIDE OUTSIDE OF THIS COURT'S JURISDICTION.**

Federal Rule of Civil Procedure 45 provides that a subpoena can command the appearance of a witness "within 100 miles of where the person resides, is employed, or regularly transacts business in person; or [] within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) . . . would not incur substantial expense." Fed. R. Civ. P. 45(c)(1). If a trial subpoena exceeds these geographical limitations, the district court "**must** quash or modify" the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added). Where, as here, subpoenaed persons reside "more than 100 miles from the trial location" and "no record evidence [supports] that [they] regularly transact[] business in person within 100 miles of [the trial location] . . . [they are] not within the subpoena power of this forum."

*N5 Techs. v. Capital One N.A.*, 56 F. Supp. 3d 755, 765 (E.D. Va. 2014) (quashing subpoena of non-party that did not regularly transact business nor reside within 100 miles of courthouse).

As AIS knows, Mr. Kovacs is a resident of Ohio who lives and works more than 500 miles from the Court – well beyond the 100 miles permitted by Rule 45. *See* Kovacs Declaration, ¶ 2. Moreover, Mr. Kovacs is not a "a party or a party's officer" nor is he "employed, or regularly transacts business in person," in Virginia. *See id*., ¶¶ 2-3. Ms. Cahoon is a resident of Kentucky and lives and works more than 500 miles from the Court and beyond the geographical limitations set by Rule 45. *See* Cahoon Declaration, ¶ 2. Ms. Cahoon is also not a "party or a party's officer" – though an Anthem employee, she works in their Special Investigations Unit as an Investigator and does not travel to Virginia as part of her job duties. *See id*., ¶¶ 2-3. Accordingly, under Rule 45, these Subpoenas "**must**" be quashed. Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added); *N5 Techs.*, 56 F. Supp. 3d at 765.

**B.   AIS'S MOTION TO ALLOW MR. KOVACS AND MS. CAHOON TO TESTIFY REMOTELY DOES NOT MAKE THE SUBPOENAS ENFORCEABLE.**

The Subpoenas require that Mr. Kovacs and Ms. Cahoon appear in person at the trial. Therefore, the Subpoenas are unenforceable because, as discussed, both Mr. Kovacs and Ms. Cahoon reside and work beyond the subpoena power of the Court. After serving the invalid Subpoenas on Mr. Kovacs and Ms. Cahoon, AIS filed its Motion to Permit. The pending motion[1] does not change the outcome because the ability to present testimony by remote means under Rule

---

[1] As will be explained in Anthem's forthcoming opposition to AIS's Motion to Permit, all of the third parties for whom AIS seeks permission to testify remotely at trial reside and work beyond the subpoena power of the Court, and therefore, they cannot be compelled to testify at all. Moreover, even if the witnesses could be compelled to testify, AIS cannot satisfy the standard set forth in Rule 43 and thus would not be allowed to present the testimony remotely in any event.

168464544v1

43 does not expand the subpoena power of the Court, and therefore, cannot make the Subpoenas enforceable.

This issue was recently addressed by the Ninth Circuit, which held:

> Rule 43 does not give courts broader *power* to compel remote testimony; it gives courts *discretion* to allow a witness otherwise within the scope of its authority to appear remotely if the requirements of Rule 43(a) are satisfied. That is, neither the text of the rules nor the advisory committee's notes establish that the 100-mile limitation is inapplicable to remote testimony.

*In re Kirkland*, 75 F.4th 1030, 1043-44 (9th Cir. 2023). In so holding, the Ninth Circuit further relied on the advisory committee notes for Rule 45, which confirm that "Rule 45(c)'s geographical limitations apply even when remote testimony is allowed, and a witness is not required 'to attend' a trial or other proceedings in the traditional manner." *Id.*; *see* Fed R. Civ. P. 45 advisory committee's note to 2013 amendment ("[W]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from ***any place described in** Rule 45(c)(1).*") (emphasis added). As the Ninth Circuit stated, to hold otherwise "would essentially render Rule 45(d)(3)(A)(ii)—the requirement that courts quash subpoenas that reach 'beyond the geographical limits specified in Rule 45(c)'—a nullity as related to remote testimony." *In re Kirkland*, 75 F.4th at 1044 (citing *Hill v. Homeward Residential*, 799 F.3d 544, 553 (6th Cir. 2015) (concluding Rule 45 and its "geographic limitations" should be interpreted and enforced "as written")).

Other district courts that have considered this issue have similarly found that "application of Rule 43 requires the witness to either be compelled to testify at trial via Rule 45, or willing to testify at trial." *Black Card LLC v. Visa USA Inc.*, No. 15-cv-27, 2020 WL 9812009, at *3 (D. Wyo. Dec. 2, 2020) ("[B]ased on a full reading of Rule 43 and the committee notes" that "subpoenas for live video testimony under Rule 43 are subject to the same geographic limits as a

4

trial subpoena under Rule 45."); *see also, e.g., Rochester Drug Cooperative, Inc. v. Campanelli*, No. 23 Misc. 89 (KPF), 2023 WL 2945879, at *2 (S.D.N.Y. Apr. 14, 2023) (holding that "[w]hile a Rule 43(a) order authorizes testimony from a remote location, the witness can be commanded to testify only from a place described in Rule 45(c)(1)"); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. and Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2021 WL 2822535, at *3 (D. Kan. July 7, 2021) (refusing to "circumvent Rule 45's requirements by allowing plaintiffs to present their testimony remotely via contemporaneous transmission under Rule 43(a)" and noting that "[i]f the rule functioned as plaintiffs propose, the court would obviate the limitations that Rule 45 places on a court's subpoena power."); *Broumand v. Joseph*, 522 F. Supp. 3d 8, 23-24 (S.D.N.Y. 2021) (rejecting reading of Rule 45 that "would have to conclude that testimony via teleconference somehow moves a trial to the physical location of the testifying person" and concluding that such an "approach is inconsistent with the text of Rule 45(c), which speaks, not of how far a person would have to travel, but simply the location of the proceeding at which a person would be required to attend" and "any other reading would render Rule 45(c)'s geographical limitations a nullity and bestow upon any [court] sitting anywhere in the country the unbounded power to compel remote testimony from any person residing anywhere in the country").

Compelling Mr. Kovacs' or Ms. Cahoon's compliance with these Subpoenas "would stretch the federal subpoena power well beyond the bounds of Rule 45, which focuses on the *location of the proceeding* in which a witness is compelled to testify." *In re Kirkland*, 75 F.4th at 1046. Accordingly, the Subpoenas must be quashed, as Mr. Kovacs and Ms. Cahoon are beyond this Court's subpoena power.[2]

---

[2] As will be discussed more fulling in Anthem's opposition to the Motion to Permit, the cases relied on by AIS in its Motion to Permit are distinguishable. *See, e.g., Mitchell v. United States Bank Nat'l Ass'n*, No. TDC-19-2225, 2021 WL 6120105, at *7-9 (D. Md. Jan. 11, 2021)

### C. AIS CAN PRESENT TESTIMONY FROM THESE INDIVIDUALS BY DEPOSITION.

While the Court must quash the Subpoenas for Mr. Kovacs' and Ms. Cahoon's trial testimony, doing so will not prevent AIS from presenting testimony from Mr. Kovacs and Ms. Cahoon at trial. Federal Rule of Civil Procedure 32 provides that deposition testimony may be used at trial, "whether or not [the deponent was] a party," if that witness "is more than 100 miles from the place of hearing or trial . . . unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4); *see also Perry v. LTD, Inc.*, No. 14-cv-00148, 2014 WL 3544988, at *3 n.3 (E.D. Va. July 17, 2014) ("Rule 32(a)(3)(B) provides that a deposition may be admitted if the witness is 'at a greater distance from 100 miles from the place of trial.'"); *see also Tatman v. Collins*, 938 F.2d 509, 511-12 (4th Cir. 1991) ("a deposition may be admitted if the witness is 'at a greater distance than 100 miles from the *place of trial*' . . . [:] the courthouse where the trial takes place."); *see also Fazio v. Lehman Bros.*, No. 02-cv-157, 2004 WL 5613816, at *3 (N.D. Ohio June 21, 2004) ("There is, however, an alternative method to secure evidence from witnesses beyond the hundred mile limit . . . [the] Plaintiff [may] issue deposition subpoenas in the manner prescribed by Rule 45(a)(3), and use the depositions as an alternative to live testimony under Rule 32."). Accordingly, if AIS wants to present testimony from Mr. Kovacs or Ms. Cahoon at trial, it can use their depositions pursuant to Rule 32.

---

(involving a motion to quash subpoena for deposition testimony); *A.hak Indus. Servs. BV v. Techcorr USA, LLC*, No. 11-cc-00074, 2014 WL 2931794 (N.D. W. Va. June 30, 2014) (involving a telephonic hearing on a motion to compel, not a trial).

168464544v1

## **CONCLUSION**

For the reasons set forth above, Anthem respectfully requests that the Court quash the Subpoenas.

Dated: February 6, 2024

Respectfully submitted,

By: _____*/s/ Michael E. Lacy*_____
Michael E. Lacy (VSB No. 48477)
Sarah E. Siu (VSB No. 94716)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
P.O. Box 1122
Richmond, VA 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn (VSB No. 79596)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein (*pro hac vice*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

*Counsel for Defendant*

## **Certificate of Service**

I certify that I have on this 6th day of February, 2024, filed the foregoing Memorandum of Law in Support of Motion to Quash Subpoenas using the Court's ECF system which will give electronic notification to all parties of record.

    */s/ Michael E. Lacy*
Michael E. Lacy