IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,<br><br>       **Plaintiff,**<br><br>v.<br><br>ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>       **Defendant.** | Civil Action No. 1:22-cv-01343-CMH-IDD |

**DEFENDANT ANTHEM HEALTH PLANS OF VIRGINIA, INC.'S OPPOSITION TO MOTION IN LIMINE TO PRECLUDE DEFENDANT/COUNTERCLAIMANT FROM INTRODUCING EVIDENCE OF TESTIMONY OF GOVERNMENT INVESTIGATION**

AIS seeks to preclude Anthem from introducing evidence of AIS's own breach of the contract at issue in this lawsuit. Specifically, AIS seeks to exclude Anthem's Exhibit 97, which is a news article concerning search warrants the FBI executed at certain AIS facilities and containing a quote from an AIS company spokesperson that AIS's cooperation with the investigation is "ongoing" (the "Article"). This article shows that AIS was under investigation by the federal government, knew it was under investigation by the federal government, and thus was contractually obligated to notify Anthem of the investigation, which it never did. The Article—which is publicly available—is, therefore, probative evidence of AIS's own breach of the parties' Provider Agreement and, among other things, undermines AIS's own breach of contract claim against Anthem. And because Anthem only offers the Article for the fact of the investigation (and AIS's knowledge of it), there is no merit to AIS's argument that the Article is hearsay. The Article is highly probative in this breach of contract case, it is admissible, and the Court should deny AIS's Motion in Limine.

1

168435802v1

2

**ARGUMENT**

I. **THE ARTICLE IS RELEVANT AND UNDERMINES AIS'S BREACH OF CONTRACT CLAIM.**

"Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed R. Evid. 401; *United States v. Powers,* 59 F.3d 1460, 1465 (4th Cir. 1995) ("The threshold for relevancy is relatively low."); *Petri v. Virginia Bd. of Med.*, No. 1:13-CV-01486, 2014 WL 5421238 at *2 (E.D. Va. Oct. 23, 2014) ("To satisfy the relevance standard, evidence need only be worth consideration by the jury, or have a plus value.") (citation omitted).

The Article "has a tendency" to make AIS's breach of contract claim against Anthem less probable. Fed R. Evid. 401. The Article establishes the fact of the FBI investigation and, by virtue of it containing a statement from an AIS spokesperson that AIS "look[s] forward to addressing any and all questions that law enforcement officials may have about [AIS's] business practices", it likewise shows that AIS knew it was under government investigation, thereby triggering its contractual obligation to notify Anthem, which it failed to do. ███████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████ *See* Provider Agreement, § 2.12.1 (ANTM_00001254) (**Exhibit 1**). Furthermore, pursuant to ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████ (*i.e.,* if AIS was under investigation). *See id.,* § 2.11 (ANTM_000001270). Here, AIS did not provide either contractually required notice.

168435802v1

AIS's failure to inform Anthem of the ongoing investigation is a breach of the Provider Agreement. Insofar as AIS must prove, as an element of its own breach of contract claim, its own compliance with the Provider Agreement, the fact of the FBI investigation and AIS's failure to notify are "of consequence" to determining whether AIS's breach of contract claim against Anthem may prevail. Fed R. Evid. 401; *Carley Cap. Grp. v. City of Newport News*, 709 F. Supp. 1387, 1396 (E.D. Va. 1989) (concluding that to sustain a breach of contract claim, "plaintiffs must prove, by preponderance of the evidence" that plaintiffs performed "in accordance with the terms of the contract[]."); *Johnson v. D & D Home Loans Corp.*, No. CIV.A. 2:07CV204, 2008 WL 851083 at * 7 (E.D. Va. Jan. 23, 2008) ("In Virginia, the first party to commit a material breach of the contract cannot enforce the contract.").

## II. THE PUBLICLY AVAILABLE ARTICLE MAY BE USED AT TRIAL.

AIS admits (as it must) that the Article was "published and publicly available since March 2023." ECF No. 224, at 3. Anthem, thus, did not need to produce the Article in discovery in order to use it at trial. "It is well established that discovery need not be required of documents of public record which are equally accessible to all parties." *Sec. & Exch. Comm'n v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973); *McKellips v. Kumo Tire Co., Inc.,* 305 F.R.D. 605, 680 (D. Kan. 2015); *Bleecker v. Standard Fire Ins. Co.*, 130 F. Supp. 2d 726, 738 (E.D.N.C. 2000) ("Discovery is not required when documents are in the possession of or are readily obtainable by the party seeking" the documents); *Shaffer v. Nat'l Health Ins. Co.*, No. 1:17-CV-195, 2018 WL 9988202 at *5 (N.D.W. Va. July 26, 2018) ("[R]equiring the Defendant to provide publicly accessible documents to Plaintiffs would require an unduly burdensome task on Defendant when those documents are readily available to Plaintiff.").

168435802v1

Moreover, AIS's assertion that it was "sandbagged" by Anthem's inclusion of the Article on its Exhibit List is simply untrue. Anthem referred to the FBI investigation during the deposition of the AIS's CEO, Simon Castellanos. *See* Castellanos Depo. Tr., 206:22-209:18 (excerpt attached as **Exhibit 2**). But more importantly, an AIS company spokesperson is quoted in the Article. *See* ECF No. 93-2 at 7. AIS has, thus, been fully aware of this investigation since the moment the FBI raided its facilities, and it has known Anthem is aware of it since at least Mr. Castellanos's deposition. AIS's assertion that it has been "sandbagged," or that Anthem is somehow springing AIS's own failure to comply with the contract and provide notice to Anthem, is simply unsupported by the facts. *See, e.g., Shaffer v. Nat'l Health Ins. Co.*, No. 1:17-CV-195, 2018 WL 9988202 at *5 (N.D.W. Va. July 26, 2018) ("Courts have long held that the rules of discovery…do not require parties to produce records that are accessible to all parties."); *Peter D Holdings LLC v. Wold Oil Properties, LLC*, No. 17-CV-212-R, 2019 WL 7838432 at * 5 (D. Wyo. Oct. 23, 2019) (holding "the requested documents are both publicly available and equally accessible to both parties, and further discovery on the issue is not required.").

### III.   THE ARTICLE IS NOT HEARSAY.

Hearsay "is an out-of-court statement offered to prove the truth of the matter asserted." *United States v. Gallagher*, 90 F.4th 182, 195 (4th Cir. 2024). "If a statement is offered for any other reason, it is not hearsay and may not be excluded on that basis." *Id.* Anthem does not intend to introduce the Article for the truth of the matters asserted therein—*e.g.*, that the FBI actually executed search warrants on AIS's Ridgeland business, what documents the FBI took, etc. Instead, Anthem intends to introduce the Article solely to demonstrate the fact of the investigation, *i.e.,* as evidence that AIS was aware that it was under government investigation, including when an AIS representative was quoted in the Article stating that AIS's cooperation with the government has

4

been "ongoing." AIS's spokesperson's statement in the Article is sufficient to show that AIS *knew and believed* it was under federal investigation and, thus, was under a contractual obligation to notify Anthem. *See Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 378 (6th Cir. 2009) (concluding statements of passenger to tractor-trailer driver and an eyewitness to the accident were not hearsay because statements were offered for the fact that passenger had made the statements, not to prove the truth of any proposition."). This use of the Article is not hearsay.

### IV. THE ARTICLE'S PROBATIVE VALUE OUTWEIGHS ANY PREJUDICE TO AIS.

"The mere fact that the evidence will damage the defendant's case is not enough – the evidence must be unfairly prejudicial, and the unfair prejudice must *substantially* outweigh the probative value of the evidence." *PBM Prod., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 124 (4th Cir. 2011) (citations omitted) (emphasis added) (quoting *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006)). Evidence is only considered unfairly prejudicial "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *PBM Prod., LLC,* 639 F.3d at 124 (citation omitted).

This is a breach of contract case. The Article goes directly to an element of that breach claim—*i.e.,* AIS's own compliance, or lack thereof, with the Agreement. *See* Section I, *supra.* The Article establishes that AIS was aware of the ongoing federal investigation, since an AIS spokesperson was quoted in the Article stating that AIS will continue to cooperate. The fact that the article is damaging to AIS's case is not enough to outweigh its clear and direct probative value. *United States v. Boyd*, 53 F.3d 631, 647 (4th Cir. 1995) ("Of course, in one sense all incriminating evidence is inherently prejudicial."); *see also United States v. Queen*, 132 F.3d 991, 998 (4th Cir. 1997) (noting prejudicial evidence is "only prejudicial because it was so highly probative."). Nor

is the Article so inflammatory that there is a "genuine risk that the emotions of the jury will be excited to irrational behavior." *PBM Prod., LLC,* 639 F.3d at 124 (citation omitted). Therefore, "the balance under Rule 403 should be struck in favor of admissibility" and the Article should be deemed admissible. *PBM Prod., LLC,* 639 F.3d at 124 quoting *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008).

## CONCLUSION

For these reasons, Anthem respectfully requests that the Court enter an Order denying AIS's Motion.

Date:  February 12, 2024

**ANTHEM HEALTH PLANS OF VIRGINIA, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD**

*/s/ Michael E. Lacy*
Michael E. Lacy (VSB No. 48477)
Sarah E. Siu (VSB No. 94716)
TROUTMAN PEPPER HAMILTON SANDERS LLP
P.O. Box 1122
Richmond, VA 23218-1122
Telephone:  (804) 697-1326
Facsimile:  (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn (VSB No. 79596)
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein (*pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP

125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

*Counsel for Defendant-Counterclaimant*