IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,<br><br>　　　Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,<br><br>　　　Defendant/Counterclaimant. | Civil Action No. 1:22-cv-01343-CMH-IDD |

**DEFENDANT/COUNTERCLAIMANT ANTHEM'S BRIEF IN OPPOSITION TO PLAINTIFF/COUNTERCLAIM-DEFENDANT AIS'S MOTION TO PERMIT WITNESS TRIAL TESTIMONY BY ZOOM**

AIS has improperly subpoenaed three witnesses, seeking to compel each of them to appear in person at the trial scheduled to begin on March 4, 2024 (the "Trial"). Each of these witnesses works and resides more than 100 miles from this Court, meaning each is beyond the subpoena power of the Court pursuant to Fed. R. Civ. P. 45(c)(1). Because these subpoenas are unenforceable, Anthem has moved to quash them for the two witnesses it represents.[1]

Notwithstanding the unenforceability of the subpoenas, AIS now seeks leave to present the testimony of all three witness via Zoom. AIS's motion will soon be moot, as the Court will have no choice but to quash the subpoenas AIS directed to individuals beyond the Court's subpoena power as violating Rule 45. But beyond that, AIS's motion does not come close to demonstrating the "good cause" that Fed. R. Civ. P 43(a) requires to permit remote testimony. Indeed, there is no

---

[1] Anthem represents Mr. Kovacs and Ms. Cahoon, but does not represent Ms. Henning and did not move to quash the subpoena served on her.

1

"good cause." Rather, AIS's motion is merely an attempt to do an end run around Rule 45. But Rule 43 does not expand the Court's subpoena power under Rule 45. And AIS cannot compel remotely that which it cannot compel in person. The Court should deny AIS's motion.

## BACKGROUND

In January 2024, AIS served subpoenas on three witnesses purporting to compel each to appear at the Trial to give testimony. The three witnesses—who all reside and work outside the Court's 100-mile radius subpoena power—are: (1) Mr. Kovacs, a non-party and former Anthem employee, who resides and works in Harrison, Ohio (the "Kovacs Subpoena") (**Exhibit 1**); (2) Ms. Cahoon, a current Anthem employee, who resides and works in Louisville, Kentucky (the "Cahoon Subpoena") (**Exhibit 2**); and, (3) Ms. Henning, another non-party and former Anthem employee, who resides in Indiana (the "Henning Subpoena") (**Exhibit 3**).

When AIS served the subpoenas, it offered no indication to any witness that the subpoena was unenforceable and could not compel their appearance. And knowing that a Motion to Quash was likely forthcoming, AIS moved quickly. Within days of serving the subpoenas—before these three witnesses could prepare a Motion to Quash—AIS filed the instant Motion seeking to compel remote testimony.

AIS's subpoenas violate Rule 45 on their face. Thus, on February 6, 2024, Anthem filed a Motion to Quash the Kovacs Subpoena and the Cahoon Subpoena, on the ground that both Mr. Kovacs and Ms. Cahoon are outside the Court's subpoena power (ECF No. 230) ("Motion to Quash"). As Anthem explains in the Motion to Quash, there is no dispute the witnesses are beyond the Court's 100-mile geographical authority. Thus, the subpoenas are clearly unenforceable, and the Court "must" quash them. The Henning Subpoena, although not subject to the Motion to Quash (because Anthem does not represent Ms. Henning), is also unenforceable for the same reasons.

2

168593255v2

Given this timing, AIS's Motion is premature. The Court should rule on the Motion to Quash first, because if the Court grants that motion—as it must—and quashes the subpoenas, AIS's request to present those witnesses remotely is moot (*see* Section I, *infra*). Indeed, the Motion to Quash is governed by the limits of the Court's subpoena authority set by Rule 45. AIS's present motion is governed by Rule 43, which does not and cannot expand that Rule 45 authority (*see* Section II, *infra*). But even in the unlikely event that the Court denies the Motion to Quash, AIS has still failed to show the "good cause" that is required for the Court to permit remote testimony, and the Court can and should deny the motion on those grounds alone (*see* Section III, *infra*).

## ARGUMENT

**I.     AIS'S MOTION IS PREMATURE AND WILL BE MOOTED BY ANTHEM'S MOTION TO QUASH, BECAUSE THESE SUBPOENAS ARE INVALID AND UNENFORCEABLE.**

As set forth in detail in Anthem's Motion to Quash, Federal Rule of Civil Procedure 45 provides that a subpoena can command the appearance of a witness "within 100 miles of where the person resides, is employed, or regularly transacts business in person; or [] within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) . . . would not incur substantial expense." Fed. R. Civ. P. 45(c)(1). Where, as here, a trial subpoena exceeds these geographical limitations, the district court "**must** quash or modify" the subpoena. Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added).

As AIS knows, all three witnesses reside and work well beyond the 100 miles permitted by Rule 45. (ECF 231-3, Kovacs Declaration, ¶ 2; ECF 231-4, Cahoon Declaration ¶ 2; Henning Dep. Tr. at 1, **Exhibit 4**). AIS likewise knowns that none of the three subpoenaed witnesses is "a party or a party's officer" and none is "employed, or regularly transacts business in person," in Virginia. (ECF 231-3, Kovacs Declaration, ¶ 3; ECF 231-4, Cahoon Declaration ¶ 3; Henning

3

Dep. Tr. at 1, **Exhibit 4**). The witnesses, therefore, and clearly "not within the subpoena power of this forum," *N5 Techs. v. Capital One N.A.,* 56 F. Supp. 3d 755, 765 (E.D. Va. 2014) (quashing subpoena of non-party that did not regularly transact business nor reside within 100 miles of courthouse), and, per Rule 45's direction, the Subpoenas "**must**" be quashed, Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added). Once this happens, AIS's present motion to present the witnesses' testimony remotely will be rendered moot.

## II. AIS'S MOTION TO ALLOW THE WITNESSES TO TESTIFY REMOTELY DOES NOT MAKE THE SUBPOENAS ENFORCEABLE.

As discussed above and in Anthem's Motion to Quash, the Subpoenas are invalid, unenforceable, and they "must" be quashed. AIS's present Motion seeking permission to have these witnesses testify remotely does not alter this fundamental analysis, because Rule 43 does not expand the subpoena power of the Court that is set by Rule 45. *See, e.g., Lea v. Wyeth LLC*, No. 03-cv-1339, 2011 WL 13195950, at *1 (E.D. Tex. Nov. 22, 2011) ("Defendants maintain that the language of Rule 43(a) is permissive and, therefore, does not expand the reach of the subpoena power outlined in Rule 45. The court agrees."); *Cross v. Wyeth Pharms., Inc.,* No. 06-cv-429, 2011 WL 2517211, at *8–9 (M.D. Fla. June 23, 2011) (rejecting plaintiff's assertion that "Rule 43 . . . permits an order compelling a witness (who resides beyond the subpoena power described in Rule 45(b)) to testify by 'live videoconferencing'"); *Ping-Kuo Lin v. Horan Cap. Mgmt., LLC,* 14-cv-5202, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (concluding that Rule 43(a) "does not operate to extend the range or requirements of a subpoena"); *Guangzhou Yuchen Trading Co. v. DBest Prods. Inc.*, No. 21-cv-04758, 2023 WL 2626373, at *1 (C.D. Cal. Feb. 24, 2023) ("[T]here is no basis under Rule 30(b)(6), Rule 45, or Rule 43 that would allow this Court to compel an unwilling corporate deponent who resides outside the Court's subpoena power to testify at trial."); *Roundtree v. Chase Bank USA, N.A.*, No. 13-cv-239, 2014 WL 2480259, at *2 (W.D. Wash. June

3, 2014) (rejecting plaintiff's "attempts to avoid the geographic limits of FRCP 45(c) by arguing that trial testimony via live video link moves a trial to the physical location of the testifying person").

Rather, Rule 43 merely creates an avenue by which courts may *allow* individuals who have been *properly subpoenaed* (or who agree to testify voluntarily) to testify remotely in certain very limited circumstances. But whether a court will allow an individual to testify remotely is a distinct inquiry from whether an individual can be compelled to testify by subpoena. Rule 43 does not create a mechanism to *compel* testimony and it certainly does not provide an avenue to circumvent Rule 45's clear geographical limitations. *See, e.g.*, *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 18-md-2836, 2023 WL 4156858, at *1 (E.D. Va. Apr. 5, 2023) ("The only determination before this court is whether it should allow these witnesses, if otherwise choosing or compelled to testify, to do so via remote technology – a determination that is controlled by Federal Rule of Civil Procedure 43."); *see also Alessi Equip. Inc. v. Am. Piledriving Equip., Inc.*, No. 18-cv-3976, 2022 U.S. Dist. LEXIS 99812, at *1–3 (S.D.N.Y. June 2, 2022) (refusing to "require [a witness] to travel from Washington to this District to testify in-person" or "to testify by video if he does not wish to do so," where a witness "reside[d] over 100 miles outside of this District.").

The Ninth Circuit recently addressed this very issue:

> Rule 43 does not give courts broader *power* to compel remote testimony; it gives courts *discretion* to allow a witness otherwise within the scope of its authority to appear remotely if the requirements of Rule 43(a) are satisfied. That is, neither the text of the rules nor the advisory committee's notes establish that the 100-mile limitation is inapplicable to remote testimony.

*In re Kirkland*, 75 F.4th 1030, 1043–44 (9th Cir. 2023). In so holding, the Ninth Circuit relied on the advisory committee notes for Rule 45, which confirm that "Rule 45(c)'s geographical limitations apply even when remote testimony is allowed, and a witness is not required 'to attend'

5

a trial or other proceedings in the traditional manner." *Id.*; *see* Fed R. Civ. P. 45 advisory committee's note to 2013 amendment ("[W]hen an order under Rule 43(a) authorizes testimony from a remote location, the witness can be commanded to testify from ***any place described in** Rule 45(c)(1).*") (emphasis added). The Ninth Circuit also recognized that to hold otherwise "would essentially render Rule 45(d)(3)(A)(ii)—the requirement that courts quash subpoenas that reach 'beyond the geographical limits specified in Rule 45(c)'—a nullity as related to remote testimony." *In re Kirkland*, 75 F.4th at 1044 (citing *Hill v. Homeward Residential*, 799 F.3d 544, 553 (6th Cir. 2015) (concluding Rule 45 and its "geographic limitations" should be interpreted and enforced "as written")).

Other district courts that have considered this issue have issued rulings—consistent with the Ninth Circuit's decision and reasoning—that Rule 43 first requires the witness to either be compelled to testify at trial via Rule 45, or willing to testify at trial voluntarily. *See, e.g., Black Card LLC v. Visa USA Inc.*, No. 15-cv-27, 2020 WL 9812009, at *3 (D. Wyo. Dec. 2, 2020) ("[B]ased on a full reading of Rule 43 and the committee notes" that "subpoenas for live video testimony under Rule 43 are subject to the same geographic limits as a trial subpoena under Rule 45."); *Rochester Drug Cooperative, Inc. v. Campanelli*, No. 23 Misc. 89 (KPF), 2023 U.S. Dist. LEXIS 67767, 2023 WL 2945879, at *2 (S.D.N.Y. Apr. 14, 2023) (holding that "[w]hile a Rule 43(a) order authorizes testimony from a remote location, the witness can be commanded to testify only from a place described in Rule 45(c)(1)"); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. and Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2021 WL 2822535, at *3 (D. Kan. July 7, 2021) (refusing to "circumvent Rule 45's requirements by allowing plaintiffs to present their testimony remotely via contemporaneous transmission under Rule 43(a)" and noting that "[i]f the rule functioned as plaintiffs propose, the court would obviate the limitations that Rule 45 places

6

on a court's subpoena power."); *Broumand v. Joseph*, 522 F. Supp. 3d 8, 23–24 (S.D.N.Y. 2021) (rejecting reading of Rule 45 that "would have to conclude that testimony via teleconference somehow moves a trial to the physical location of the testifying person" and concluding that such an "approach is inconsistent with the text of Rule 45(c), which speaks, not of how far a person would have to travel, but simply the location of the proceeding at which a person would be required to attend" and "any other reading would render Rule 45(c)'s geographical limitations a nullity and bestow upon any [court] sitting anywhere in the country the unbounded power to compel remote testimony from any person residing anywhere in the country").

This body of case law supporting that Rule 43 does not nullify or even expand Rule 45—including the Ninth Circuit's clear analysis and holding—is extensive and controlling. AIS attempts to mitigate the impact of these overwhelming decisions by citing to other, factually inconsistent cases. But even if these cases were not easily distinguishable on factual grounds, the courts' legal reasoning in them actually underscores by remote testimony is *inappropriate* here. For example, AIS cites *Mitchell v. United States Bank Nat'l Ass'n*, No. TDC-19-2225, 2021 WL 6120105, at *7-9 (D. Md. Jan. 11, 2021). But there, the Maryland district court actually *granted* the motion to quash a subpoena for deposition testimony where the subpoena would impose an undue burden on the witness and Plaintiff failed to demonstrate substantial need for the testimony. AIS also cites *A.hak Indus. Servs. BV v. Techcorr USA, LLC*, No. 11-cc-00074, 2014 WL 2931794 (N.D. W. Va. June 30, 2014), a West Virginia district court case where the court did order a witness to attend a hearing by phone, but that witness was the *CEO of one of the parties*. AIS's remaining cases are equally inapplicable for myriad other reasons. *See, e.g., Truth Tellers, LLC v. Levine,* 662 F. Supp. 3d 605, 619–22 (N.D. W. Va. Mar. 20, 2023) (analyzing use of depositions as trial exhibits under Rule 32, not the court's subpoena power under Rule 45); *United*

7

*States v. $110,000 in U.S. Currency* No. 21-cv-981, 2021 WL 2376019, at *2–3 (N.D. Ill. June 10, 2021) (enforcing subpoena for witness who resided *10 miles* from deposition location).

AIS's attempt to use Rule 43 to compel the witnesses' compliance with the Subpoenas beyond the scope of Rule 45 "would stretch the federal subpoena power well beyond the bounds of Rule 45, which focuses on the *location of the proceeding* in which a witness is compelled to testify." *In re Kirkland*, 75 F.4th at 1046.  The Subpoenas are beyond this Court's subpoena power.  They are unenforceable and "must" be quashed pursuant to Rule 45.  And AIS's request for remote testimony under Rule 43 does nothing to alter that Rule 45 analysis.

### III. AIS FAILS TO SHOW GOOD CAUSE OR COMPELLING CIRCUMSTANCES TO JUSTIFY TAKING REMOTE TESTIMONY.

The Court can and should quash the Subpoenas, thereby rendering AIS's request for remote testimony moot.  But putting that aside, even if the Subpoenas AIS served were enforceable—*which they are not*—AIS has not come close to demonstrating good cause or a compelling reason to justify the court permitting these witnesses to testify at trial via remote means, especially because all three witnesses were deposed, and their deposition can be used.

Rule 43(a) "permits testimony in open court by contemporaneous transmission from a different location," if there is "good cause in compelling circumstances and with appropriate safeguards." *Peyton v. Clark*, No. 12-cv-00481, 2014 WL 7011133, at *1 (W.D. Va. Dec. 11, 2014) (permitting remote testimony is within Court's discretion); *see also Flame S.A. v. Indus. Carriers, Inc.* No. 13-cv-658, 2014 WL 4181958, at *2 (E.D. Va. Aug. 21, 2014) ("Permitting or rejecting such [remote] testimony is within the Court's discretion.").  As many courts have found, a witness's distance from a trial is *not* a compelling reason to allow for remote testimony.  *See, e.g.*, *Tharpe v. Lawidjaja*, No. 12-cv-39, 2013 WL 5939702, at *3 (W.D. Va. Nov. 5, 2013) (finding "Defendant's assertion that it is inconvenient for his witnesses to attend the trial [as failing to] show 'good cause

in compelling circumstances'"); *United Realty Advisors, LP v. Verschleiser*, Nos. 14-cv-5903, 14-cv-8048, 2022 WL 5251229, at * 1 (S.D.N.Y. Sept. 7, 2022) (finding that travel from California to New York did not constitute a compelling reason to permit testimony by transmission); *United States v. Kivanc*, 714 F.3d 782, 791 (4th Cir. 2013) (finding that a witness's poor health, corroborated by a physician, did not constitute compelling circumstances to allow remote testimony); *Graham v. Dhar*, No. 18-cv-274, 2020 WL 3470507, at *1 (S.D. W.Va. June 25, 2020) (finding that compelling circumstances did not exist where trial was scheduled more than one month from the date of the order, and where the need for testimony was not "unexpected"); *Kaufman v. United States*, No. 12-cv-0237, 2014 WL 2740407, at *1 (S.D. W.Va. June 17, 2014) (finding 300 mile distance from the district did not constitute compelling circumstances).

Further negating any possible finding of good cause or a compelling reason is the fact that all three witnesses were deposed in this case. Rule 32 provides that deposition testimony may be used at trial, "whether or not [the deponent was] a party," if that witness "is more than 100 miles from the place of hearing or trial . . . unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4); *see also Perry v. LTD, Inc.*, No. 14-cv-00148, 2014 WL 3544988, at *3 n.3 (E.D. Va. July 17, 2014) ("Rule 32(a)(3)(B) provides that a deposition may be admitted if the witness is 'at a greater distance from 100 miles from the place of trial.'"); *see also Tatman v. Collins*, 938 F.2d 509, 511–12 (4th Cir. 1991) ("a deposition may be admitted if the witness is 'at a greater distance than 100 miles from the *place of trial*' . . . [:] the courthouse where the trial takes place."); *see also Fazio v. Lehman Bros.*, No. 02-cv-157, 2004 WL 5613816, at *3 (N.D. Ohio June 21, 2004) ("There is, however, an alternative method to secure evidence from witnesses beyond the hundred mile limit . . . [the] Plaintiff [may] issue deposition subpoenas in the manner prescribed by Rule 45(a)(3), and use the depositions as an alternative to

9

live testimony under Rule 32."). AIS has provided no compelling reason to force three witnesses, all of whom are outside of this Court's subpoena power, to testify remotely when they have just appeared for their depositions a mere six months ago.

Because AIS offers no good cause or compelling reason to justify the remote testimony, its reliance on *In re 3M Combat Arms Earpluug Prods. Liab. Litig.,* MDL No. 2885, 2022 WL 504451, at *2 (N.D. Fla. Feb. 18, 2022) and *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017) is misplaced. In both cases, the district courts found that "compelling circumstances" existed to permit remote testimony. In *In re 3M,* the court found that the witness' prior deposition testimony had "evolved" and was "stale." *In re 3M,* at *2. In *In re Xarelto,* the court similarly found that the witness' deposition testimony was over a year old and Plaintiff's theory of case had since changed. *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 2017 WL 2311719, at *4. AIS does not allege, much less demonstrate, anything of the sort here. Indeed, it cannot. AIS deposed all three witnesses within the last six months, and in that short time their testimony has not become "stale" nor has AIS's theory of the case "changed." Moreover, the witness in *In re Xarelto* was, unlike here, *a party to the action. See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 2017 WL 2311719, at *1. AIS offers no good cause or compelling circumstances to justify remote testimony, as none exist.

## CONCLUSION

For the reasons set forth above, Anthem respectfully requests that the Court deny the Motion.

Dated: February 12, 2024	Respectfully submitted,

By: ___/s/ Michael E. Lacy___

Michael E. Lacy (VSB No. 48477)
Virginia Bell Flynn (VSB No. 79596)
Sarah E. Siu (VSB No. 84716)
Callan G. Stein (*pro hac vice*)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 697-6061
michael.lacy@troutman.com
virginia.flynn@troutman.com
callan.stein@troutman.com
sarah.siu@troutman.com

*Counsel for Defendant/Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield*

168593255v2

**Certificate of Service**

I certify that I have on this 12th day of February, 2024, filed the foregoing Defendant/Counterclaimant Anthem's Brief in Opposition to Plaintiff/Counterclaim-Defendant AIS's Motion to Permit Witness Trial Testimony by Zoom using the Court's ECF system which will give electronic notification to all parties of record.

    */s/ Michael E. Lacy*
Michael E. Lacy

168593255v2