IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOND PHARMACY, INC., d/b/a AIS HEALTHCARE, | ) ) ) ) |
| Plaintiff-Counter Defendant, | ) ) ) ) |
| v. | ) ) ) |
| ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, | ) ) ) ) |
| Defendant-Counterclaimant. | ) ) ) ) |

Case No. 1:22-cv-01343-CMH-IDD

**PLAINTIFF/ COUNTER-DEFENDANT'S OPPOSITION TO DEFENDANT/ COUNTER-CLAIMANT'S MOTION TO QUASH SUBPOENAS**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...............................................................................................................................1

BACKGROUND ................................................................................................................................1

ARGUMENT......................................................................................................................................2

      I.      The Court's Subpoena Power Is Not Defined By Its Geographic Jurisdiction..................................................................................................................2

      II.     The Court Can Compel Remote Testimony At Trial................................................3

CONCLUSION...................................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 3M Combat Arms Earplug Prod. Liab. Litig.*,
   No. 3:19-md-2885, 2022 WL 504451 (N.D. Fla. Feb. 18, 2022) ................................... 4, 5, 6

*A.Hak Indus. Servs. BV v. TechCorr USA, LLC*,
   No. 3:11-CV-74, 2014 WL 2931794 (N.D. W. Va. June 30, 2014) ...................................... 5

*Int'l Seaway Trading Corp. v. Target Corp.*,
   No. 0:20-mc-00086-NEB-KMM, 2021 WL 672990 (D. Minn. Feb. 22, 2021) ..................... 4

*Mitchell v. U.S. Bank Nat'l Ass'n*,
   No. CV TDC-19-2225, 2021 WL 6120105 (D. Md. Jan. 11, 2021) ...................................... 5

*Truth Tellers, LLC v. Levine*,
   662 F. Supp. 3d 605 (N.D. W. Va. 2023) ............................................................................. 5

*United States v. $110,000 in U.S. Currency*,
   No. 21 C 981, 2021 WL 2376019 (N.D. Ill. June 10, 2021) ................................................ 4

*ViiV Healthcare Co. v. Mylan Inc.*,
   No. 12–cv–1065–RGA, 2014 WL 2195082 (D. Del. May 23, 2014) ................................... 5

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*,
   MDL No. 2592, 2017 WL 2311719 (E.D. La. May 26, 2017) ............................................. 5

**Other Authorities**

Fed. R. Civ. P. 32 ............................................................................................................................ 6

Fed. R. Civ. P. 43 ........................................................................................................................ 5, 6

Fed. R. Civ. P. 45 ....................................................................................................... 2, 3, 4, 5, 6

Plaintiff/ Counter-Defendant Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS"), submits this Opposition to Defendant/ Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross And Blue Shield's ("Anthem's"), Motion to Quash Subpoenas.

## INTRODUCTION

Anthem has moved to quash trial subpoenas served on two of its current and former employees, arguing that AIS seeks to compel them to travel more than 100 miles to testify in person at trial in this case. But that is not so. Evidenced by AIS's motion to permit trial testimony by Zoom, and the cover letters accompanying each of the challenged subpoenas, AIS seeks only to compel the witnesses to testify from the comfort of their own homes. Considering the increased use of, and reliance on, such technology since the COVID-19 pandemic, requiring and permitting testimony by Zoom – whether for depositions, hearings, or trials – is routine. If anything, the increased use and reliance has significantly enhanced efficiencies in litigation, cut costs, and facilitated courts' (and juries') access to live testimony from witnesses that may otherwise have been unavailable. Despite these obvious benefits (resoundingly recognized by courts across the country), and the absence of any logistical impediments, Anthem seeks to deprive the Court and the jury of live witness testimony, by quashing the two subpoenas. Anthem's preference to prevent its current and former employees' live testimony provides no basis to quash the subpoenas.

The Court should deny Anthem's motion.

## BACKGROUND

AIS served trial subpoenas on Paige Henning, Scott Kovacs, and Lorrie Cahoon. ECF Nos. 220, 221, 222. Ms. Henning and Mr. Kovacs are both former Anthem employees, and Ms. Cahoon is a current employee in Anthem's Special Investigations Unit ("SIU"). ECF No. 227 at

4.[1]   When AIS served those trial subpoenas, AIS included a cover letter addressed to each expressly stating that AIS did not seek their in-person attendance at trial in the Eastern District of Virginia.  ECF No. 227-2 at 2, 6 & 10.  Rather, AIS agreed that each witness could appear by Zoom to avoid the inconvenience and expense of in-person testimony in the court room.  *Id.*  To that end, AIS moved the Court to permit those three witnesses to testify at trial by Zoom, ECF Nos. 226 & 227.  Yet Anthem opposes that motion even though Ms. Henning has already agreed to testify by Zoom, ECF No. 239.

Now, Anthem moves to quash two of the three subpoenas, arguing Mr. Kovacs and Ms. Cahoon are beyond the Court's jurisdiction and subpoena power.  ECF Nos. 230 & 231.

## ARGUMENT

**I.     The Court's Subpoena Power Is Not Defined By Its Geographic Jurisdiction.**

Anthem first argues that the subpoenas are unenforceable because Mr. Kovacs and Ms. Cahoon "reside outside this Court's jurisdiction."  ECF No. 231 at 2 (cleaned up).  But Anthem is conflating the Court's jurisdiction with its subpoena power.  Although the Court's geographical jurisdiction is limited to the land that comprises the Eastern District of Virginia, Federal Rule of Civil Procedure 45 plainly extends the Court's *subpoena power* – not jurisdiction – well beyond its physical borders.  Take, for example, Rule 45(c)(1)(B).  This rule gives courts the power compel a person's trial testimony if they reside within the state and would not incur substantial expense.  Fed. R. Civ. P. 45(c)(1)(B).  Put into practice, the Eastern District of Virginia has the *subpoena power* to compel a person who lives in Blacksburg, Virginia, to testify at trial held in Alexandria, Virginia, even though that person lives beyond the geographical

---

[1]  Unless otherwise noted, all citations refer to the document and page numbers assigned by the Court's electronic docketing system.

boundary of the Court and actually lives in a completely different jurisdiction – the Western District of Virginia. And the Eastern District of Virginia can compel that person's attendance and testimony in Alexandria, so long as that witness does not "incur substantial expense" when he or she makes the roughly 270-mile drive to the court house in the Court's Alexandria division.

This is also true under Anthem's reading of Rule 45(c)(1)(A). For example, the Eastern District of Virginia has the *subpoena power* to compel a person who resides or is employed in Martinsburg, West Virginia, to testify at trial in Alexandria, Virginia, even though that person lives beyond the Court's boundary – indeed in a different state and jurisdiction entirely, the Northern District of West Virginia. And the Eastern District of Virginia could compel the same in-person attendance and testimony from persons in Gettysburg, Pennsylvania (Middle District of Pennsylvania), or Hagerstown, Maryland (District of Maryland), both of which are well beyond the beyond the geographical limitations of the Court.

To be clear, the Court's subpoena power is not confined by its geographical *jurisdiction*. Accordingly, Anthem cannot quash the subpoenas simply because the witnesses at issue live beyond the Court's geographic *border*.

## II. The Court Can Compel Remote Testimony At Trial.

Anthem's next argument is that the subpoenas are invalid and unenforceable because Mr. Kovacs and Ms. Cahoon do not live, work, or transact business within 100 miles of the Alexandra, Virginia, court house, and they are not a party or a party's officer. ECF No. 231 at 2–3. But this too is unavailing.

Under Rule 45, the proper inquiry focuses on the location of the witness, not the location of the physical trial, hearing, or deposition. *Int'l Seaway Trading Corp. v. Target Corp.*, No. 0:20-mc-00086-NEB-KMM, 2021 WL 672990, at *5 (D. Minn. Feb. 22, 2021) ("[T]he 100-mile limitation now found in Rule 45(c) has to do with the place of *compliance*; not the location of the

court from which the subpoena issued."). In other words, "Rule 45(c) does not limit the reach of a subpoena to only those residing within 100 miles of the pending litigation." *United States v. $110,000 in U.S. Currency*, No. 21 C 981, 2021 WL 2376019, at *3 (N.D. Ill. June 10, 2021). "Instead, Rule 45(c)'s geographic limits were crafted to protect third parties from the undue burden of traveling more than 100 miles to provide testimony or produce documents in a proceeding to which they are not a party." *Id.*; *see also* Fed. R. Civ. P. 45(c) advisory committee's note to 2013 amendment ("Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to *travel* more than 100 miles." (emphasis added)).

Thus, "a party may use a Rule 45 subpoena to compel *remote* testimony by a witness from *anywhere* so long as the place of *compliance* (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-md-2885, 2022 WL 504451, at *2 (N.D. Fla. Feb. 18, 2022) (emphasis added), *objections overruled*, 2022 WL 2436843 (N.D. Fla. Mar. 11, 2022). This is because the remote testimony prevents the very harm that "Rule 45(c) is meant to guard against." *$110,000 in U.S. Currency*, 2021 WL 2376019, at *3; *cf. Target Corp.*, 2021 WL 672990, at *5 ("Virtual attendance of this nature is consistent with the plain language of Rule 45(c)(1)(A) because he has been commanded to attend the deposition within 100 miles of where he resides.")

Many courts agree with this approach. *See, e.g.*, *Truth Tellers, LLC v. Levine*, 662 F. Supp. 3d 605, 621 (N.D. W. Va. 2023) (stating courts "can then compel the witness to give the testimony from a location within one hundred miles of his or her residence"); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 504451, at *2 ("[A] party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of

compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)."); *Mitchell v. U.S. Bank Nat'l Ass'n*, No. CV TDC-19-2225, 2021 WL 6120105, at *8 (D. Md. Jan. 11, 2021) (refusing to quash deposition subpoena because the place of compliance for a remote deposition would be the witness' home or office); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, 2017 WL 2311719, at *4 (E.D. La. May 26, 2017) (denying motion to quash and ordering witness to testify by video from a remote location within 100 miles from home and place of business); *A.Hak Indus. Servs. BV v. TechCorr USA, LLC*, No. 3:11-CV-74, 2014 WL 2931794, at *2 (N.D. W. Va. June 30, 2014) ("Rule 45(c), however, does not preclude [the Court] from requiring that [the witness] attend the hearing telephonically.").

And there is a sound reason for their doing so. "Historically, federal courts have preferred live testimony . . . ." *ViiV Healthcare Co. v. Mylan Inc.*, No. 12–cv–1065–RGA, 2014 WL 2195082, at *2 (D. Del. May 23, 2014). And "there is little doubt that live testimony by contemporaneous transmission offers the jury better quality evidence than a videotaped deposition." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 504451, at *3. In the same vein, "live testimony via video also produces higher levels of jury engagement than does pre-recorded deposition testimony." *Id.* (citation omitted). For the same reasons, live testimony is far better than reading cold deposition transcripts into the record. *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2017 WL 2311719, at *3. Indeed, "[t]he very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling." Fed. R. Civ. P. 43, Advisory Committee Note to the 1996 Amendment. As such, "[t]he opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Id.*

Here, AIS subpoenaed Mr. Kovacs and Ms. Cahoon only to compel their virtual

testimony by Zoom, which AIS simultaneously moved the Court to permit under Federal Rule of Civil Procedure 43(a). ECF Nos. 226, 227 & 227-2. AIS seeks only to compel both witnesses to testify from the comfort of their own homes, just as they did when they were deposed in this case. ECF Nos. 187 at 527–698 (Ms. Cahoon's Zoom deposition transcript) & 187 at 1429–1613 (Mr. Kovacs' Zoom deposition transcript). Because their own homes would be well within 100 miles of their residence, the Court should deny Anthem's motion to quash. *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 504451, at *2 ("[A] party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c).").[2]

## CONCLUSION

The Court should deny Anthem's motion.

---

[2] If the Court grants Anthem's motion to quash, AIS agrees that it can present Mr. Kovacs and Ms. Cahoon's deposition transcripts under Federal Rule of Civil Procedure 32.

...

Dated: February 17, 2024

By: _____
Paul Werner (VSB No. 48910)
Imad Matini (VSB No. 90126)
Hannah Wigger (admitted *pro hac vice*)
Christopher Bauer (admitted *pro hac vice*)
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
hwigger@sheppardmullin.com
cbauer@sheppardmulling.com

*Attorneys for Plaintiff/ Counter-Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on February 17, 2024, the foregoing document was sent by CM/ECF to the following counsel of record:

Michael E. Lacy
Sarah E. Siu
TROUTMAN PEPPER HAMILTON
SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn
TROUTMAN PEPPER HAMILTON
SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein
TROUTMAN PEPPER HAMILTON
SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

Harry J. Liberman
TROUTMAN PEPPER HAMILTON
SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (202) 704-6000
harry.liberman@troutman.com

By: _____
Paul Werner