IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,**<br><br>    **Defendant.** | **Civil Action No. 1:22-cv-01343-CMH-IDD** |

### DEFENDANT ANTHEM HEALTH PLANS OF VIRGINIA, INC.'S MEMORANDUM IN SUPPORT OF ITS EXPEDITED MOTION TO TAKE THE *DE BENE ESSE* DEPOSITION OF PATRICIA J. SOBECKI

Defendant/Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross and Blue Shield ("Anthem"), by counsel, pursuant to Fed. R. Civ. P. 32, submits this Memorandum in Support of its Expedited Motion to Take the *De Bene Esse* Deposition of Patricia J. Sobecki ("Motion"). For the reasons stated herein, Anthem respectfully requests that it be granted leave to take the *de bene esse* deposition of Patricia J. Sobecki.

### RELEVANT BACKGROUND

The trial in this case is scheduled to begin on March 4, 2024. Anthem has identified one of its former employees, Ms. Sobecki, as one of its witnesses. *See* Anthem's Rule 26(a)(3) Disclosures, ECF No. 93. Ms. Sobecki is retired and lives in Indianapolis, Indiana and thus is outside the Court's subpoena power under Fed. R. Civ. P. 45. *See* Sobecki Depo. Tr. 6: 19 – 20 (excerpt attached as **Exhibit 1**). Notwithstanding this, Ms. Sobecki is willing to testify in-person at the trial, but because of a travel conflict, she is only available on March 4 and 5. *See* Email

Exchange attached as **Exhibit 2**). Anticipating that AIS would be presenting its case-in-chief on those days, Anthem asked AIS if it would agree to Ms. Sobecki testifying on one of those days, with the understanding that the Court would instruct the jury that Ms. Sobecki's testimony should not be considered to be part of AIS's case-in-chief. *Id*. Alternatively, if AIS was unwilling to agree to this, which is a common accommodation, Anthem explained that Ms. Sobecki also was willing to sit for a *de bene esse* deposition during the week of February 26, 2024. *Id*. Anthem also told AIS that it was agreeable to conducting a remote *de bene esse* deposition of Ms. Sobecki. *Id*. AIS refused to agree to Ms. Sobecki testifying in person on March 4 or 5 and, despite stating it was available on February 28 for the *de bene esse* deposition of Ms. Sobecki, AIS has objected to this deposition. *Id*. Apparently, AIS is willing to allow Ms. Sobecki to testify at trial by remote means. *Id*. However, as stated, Ms. Sobecki's travel commitments make her unavailable to testify on March 6-8 in person or remotely. *Id*. And, as stated, AIS has refused to agree to Ms. Sobecki testifying on March 4 and 5 (and if she is allowed to testify on those days, she will testify in person).

As a result of AIS's objections, Anthem respectfully requests that the Court grant Anthem leave to take the *de bene esse* deposition of Ms. Sobecki on February 28.[1] Alternatively, Anthem requests leave to designate testimony from Ms. Sobecki's discovery deposition for use at trial.

## ARGUMENT

"[T]he purpose of *de bene esse* deposition is to preserve testimony for trial." *Patterson v. W. Carolina Univ.*, No. 2:12CV3, 2013 WL 1629132 at *1 (W.D.N.C. Apr. 16, 2013) (citation omitted); *see also In re: NC Swine Farm Nuisance Litig.*, No. 5:15-CV-00013-BR, 2016 at *4 WL

---

[1] Anthem also would be amenable to the Court permitting Ms. Sobecki to testify in person on March 4 or 5.

3742135 (E.D.N.C. July 7, 2016) ("[T]he Fourth Circuit…and other courts continue to recognize the distinct role of a *de bene esse* deposition to preserve trial testimony and to distinguish it from a deposition taken for the purpose of discovery.") (citation omitted). "The Federal Rules of Civil Procedure specifically provide for the use of deposition, whether taken during the discovery period or as a *de bene esse* deposition, in a court proceeding." *Patterson*, at *1 citing Fed R. Civ. P. 32.

"Rule 32(a)(4) allows a party to use a deposition at trial when the witness is unavailable," including a *de bene esse* deposition. *Crumb v. Stane*, No. 1:17-CV-001471-BAM, 2019 WL 1508059 at *2 (E.D. Cal. Apr. 5, 2019) citing Fed. R. Civ. P. Rule 32(a)(4)(B). Rule 32(a)(4)(B) explicitly states, "[a] party may use for any purpose the deposition of a witness … if the court finds … that the witness is more than 100 miles from the place of the hearing or trial." Fed. R. Civ. P. Rule 32(a)(4)(B).

Anthem should be permitted to take Ms. Sobecki's *de bene esse* deposition. Ms. Sobecki is unavailable to testify pursuant to Rule 32(a)(4)(B), as she lives and works outside the subpoena power of this Court. *See* Fed. R. Civ. P. Rule 45. However, she is willing to testify in-person at trial on March 4 or 5, to which AIS has objected. Given AIS's refusal to agree to this common accommodation, there is good cause to allow Anthem to take her *de bene esse* deposition for use at trial. AIS will not be prejudiced if Anthem is permitted to take a *de bene esse* deposition of Ms. Sobecki. AIS already has confirmed that it is available on February 28 for the deposition, and, as stated, the deposition can be taken by remote means. Moreover, Ms. Sobecki's testimony is known to all parties. In addition to taking a discovery deposition of Ms. Sobecki, AIS cross-examined her in November 2023 in a related arbitration involving the same issues, and AIS is scheduled to cross-examine Ms. Aborne in another related arbitration involving the same issues on February 22, 2024. *See Butts on behalf of A.F. v. United States*, No. 3:16-CV-53, 2017 WL 3167411 at *2

(N.D.W. Va. May 8, 2017) (concluding a witness's unavailability was good cause for permitting a *de bene esse* deposition and opposing party will not suffer any prejudice).

AIS's refusal to allow Ms. Sobecki to testify in person and its refusal to agree to a *de bene esse* deposition in lieu of in-person testimony is meritless and without good cause. Because AIS refuses to accept her in-person testimony on the dates Ms. Sobecki is available, a *de bene esse* deposition preserves Ms. Sobecki's testimony at trial. This Court and other courts in this Circuit routinely permit parties to conduct a *de bene esse* deposition. *See Ortiz v. Wal-Mart Stores E., LP*, No. 2:18-CV-461, 2019 WL 13297107 at * 2 (E.D. Va. Apr. 15, 2019) (concluding "Plaintiff's Motion to Take *De Bene Esse* Deposition in Lieu of Trial … is GRANTED" and noting the witness's "credibility and the underlying facts to which he would testify appear largely uncontested."); *Butler v. Kroger Ltd. P'ship I*, No. 2:19CV673, 2021 WL 11442883 at *2 (E.D. Va. May 13, 2021) ("Plaintiff has established good cause to take the *de bene esse* deposition of Plaintiff … and is given leave to do so."); *In re: NC Swine Farm*, at *5 (concluding there was "good cause to allow the taking of" Plaintiff's expert's "*de bene esse* deposition on an expedited basis."); *Patterson*, at *1 ("[T]he Court finds that the taking of a *de bene esse* deposition is appropriate in this case, and the Court DENIES Plaintiff's Motion to Quash.").

Anthem has shown good cause for taking Ms. Sobecki's *de bene esse* deposition, and it will not prejudice AIS. Thus, Anthem should be granted leave to take Ms. Sobecki's *de bene esse* deposition on February 28, 2024.

## CONCLUSION

For these reasons, Anthem respectfully requests that the Court grant this Motion and grant Anthem leave to take Ms. Sobecki's *de bene esse* deposition on February 28, 2024.

168872775v2

| | |
|---|---|
| Date: February 19, 2024 | ANTHEM HEALTH PLANS OF VIRGINIA, INC. D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD |

*/s/ Michael E. Lacy*
Michael E. Lacy (VSB No. 48477)
Sarah E. Siu (VSB No. 94716)
TROUTMAN PEPPER HAMILTON SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone:  (804) 697-1326
Facsimile:  (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn (VSB No. 79596)
TROUTMAN PEPPER HAMILTON SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein (*pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

*Counsel for Defendant/Counterclaimant*

168872775v2