**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **BOND PHARMACY, INC., d/b/a AIS HEALTHCARE,** ) ) ) ) | |
| **Plaintiff-Counter Defendant,** ) ) ) | **Case No. 1:22-cv-01343-CMH-IDD** |
| **v.** ) ) | |
| **ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD,** ) ) ) ) | |
| **Defendant-Counterclaimant.** ) ) ) | |

**REPLY BRIEF IN SUPPORT OF**
**PLAINTIFF/ COUNTER-DEFENDANT'S MOTION IN LIMINE TO**
**PRECLUDE DEFENDANT/ COUNTER-CLAIMANT FROM INTRODUCING**
**EVIDENCE OR TESTIMONY OF GOVERNMENT INVESTIGATION**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

ARGUMENT ..................................................................................................................................1

CONCLUSION .............................................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                **Page(s)**

*Desmond v. Gonzales*,
    No. 03-1729 (CKK), 2007 WL 9770233 (D.D.C. Feb. 19, 2007)........................................3

*Greenwood v. Rural Comty. Ins. Serv.*,
    No. 2:02CV00047 ERW, 2005 WL 6742495 (E.D. Mo. Dec. 13, 2005)............................3

*Ivory v. Esper*,
    No. 4:18-cv-4104, 2021 WL 5829027 (W.D. Ark. Dec. 8, 2021).......................................2

*Martino v. Kiewit N.M. Corp.*,
    600 Fed. App'x 908 (5th Cir. 2015) ...............................................................................4

*Morgan v. Safeway Inc.*,
    11–cv–1667(WMN), 2012 WL 2135601 (D. Md. June 11, 2012) .....................................4

*Ochoa v. Empresas ICA, S.A.B. de C.V.*,
    11–cv–23898, 2012 WL 3260324 (S.D. Fla. Aug. 8, 2010)...............................................4

*Phillips v. Hanover Ins. Co.*,
    14–cv–871–R, 2015 WL 1781873 (W.D. Okla., Apr. 20, 2015) .......................................4

*Shatsky v. Syrian Arab Republic*,
    312 F.R.D. 219 (D.D.C. 2015) .....................................................................................4, 5

## <u>Federal Rules</u>

Fed. R. Civ. P. 26 .............................................................................................................4

Fed. R. Civ. P. 37 .............................................................................................................5

Fed. R. Evid. 403 .............................................................................................................3

Fed. R. Evid. 404 .............................................................................................................3

Fed. R. Evid. 602 .............................................................................................................3

Fed. R. Evid. 801 .............................................................................................................2

Fed. R. Evid. 802 .............................................................................................................2

Plaintiff/ Counter-Defendant Bond Pharmacy, Inc., d/b/a AIS Healthcare ("AIS"), submits this reply brief in support of its motion in limine to preclude Defendant/ Counterclaimant Anthem Health Plans of Virginia, Inc., d/b/a Anthem Blue Cross And Blue Shield ("Anthem"), from introducing any evidence about any government inquiry concerning AIS.

## ARGUMENT

AIS moved to preclude Anthem from introducing at trial a hearsay news article, or related testimony, with respect to the March 2023 execution of search warrants at certain AIS facilities. Anthem should be prevented from introducing such material or testimony because Anthem plainly seeks to inflame, mislead, and confuse the jury and severely prejudice AIS.  To defend its intentions, Anthem argues that the government investigation is admissible as evidence of AIS's breach of contract or unclean hands – because, Anthem argues, the government investigation would have put AIS in breach of the parties' agreement.  But AIS was only required to disclose those investigations that might impair its ability to perform its duties under the Provider Agreement. Given that AIS has never been made aware of the basis or target of the government investigation, it had no reason to believe that investigation would impair its performance under the Provider Agreement, and thus had no duty to disclose it.  Indeed, this explains why AIS's alleged failure to inform Anthem of the investigation was not alleged in Anthem's counterclaim that was filed *after* the investigation began.  Having removed Anthem's *post hoc* rationalization for this inadmissible evidence, its remaining arguments are equally unavailing.  The Court should grant AIS's motion.

**1.**  Anthem argues that evidence of a government investigation makes AIS's breach-of-contract claim more or less probable because, by (ostensibly) failing to notify Anthem of a government investigation, AIS failed to comply with the parties' contract and, thus, has unclean

-1-

hands.  ECF Nos. 234 at 2–3 & 238 at 2–3.[1]  But Anthem conveniently ignores the fact that AIS was only obligated to disclose those investigations that might impair its ability to perform under the Provider Agreement.  *See* ECF No. 238-1 at 25 (§ 2.12.1), 41 (§ 2.11).  AIS has never been informed of the subject or basis of the government's investigation.  *See* ECF No. 224 at 5.  Accordingly, AIS could hardly make a determination as to whether the investigation would impair its ability to perform under the Provider Agreement.  Because the Agreement does not oblige AIS to speculate as to the subject and outcome of the government's investigation, AIS had no duty to disclose it to Anthem.  *See* ECF No. 238-1 at 25 (§ 2.12.1), 41 (§ 2.11).  That fact explains why Anthem did not allege this "failure to notify" as the basis for its counter breach-of-contract claim against AIS, which was filed *after* the investigation began.  ECF No. 41 at 30–39.

**2.**  Next, Anthem argues that the news article is not hearsay because it intends to introduce it only to demonstrate AIS's knowledge of the government investigation.  ECF No. 234 at 4–5 & 238 at 4–5.  Yet Anthem's argument is belied by its own claims of relevance.  Notwithstanding the merits, Anthem cannot establish that AIS breached its contractual obligation to notify Anthem of a government investigation unless it establishes that an investigation, in fact, occurred.  In other words, Anthem's own claims of relevance require it to prove the truth of the matter asserted in the article—that an investigation occurred—making the article inadmissible hearsay.  Fed. R. Evid. 801 & 802[2].

In any event, Anthem's true motivation is as clear as it is improper.  Anthem wants the jury to think that the search warrants mean that the government has concluded that AIS's billing practices are improper and, further, that Anthem therefore did not breach the parties' agreement by

---

[1]  Unless otherwise noted, all citations refer to the document and page numbers assigned by the Court's electronic docketing system.

[2]  Beyond the fact of investigation, Anthem's argument that the article is relevant to AIS's breach claim also requires it to prove that the investigation would actually impair AIS's ability to perform under the Provider Agreement.  *See* ECF No. 238-1 at 25 (§ 2.12.1), 41 (§ 2.11).

refusing to pay AIS for its services to Anthem members.  Such speculation and logical leaps would be profoundly and unfairly prejudicial.  *See Ivory v. Esper*, No. 4:18-cv-4104, 2021 WL 5829027, at \*2 (W.D. Ark. Dec. 8, 2021) (excluding evidence of investigation when party did "not know the outcome" or if other party "was found to be guilty of any wrongdoing"); Fed. R. Evid. 602 (requiring personal knowledge, not speculation); Fed. R. Evid. 403.  Moreover, any effort to introduce it for this purpose would be a blatant attempt to misuse impermissible character evidence, an effort that courts routinely preclude.  Fed. R. Evid. 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."); *Desmond v. Gonzales*, No. 03-1729 (CKK), 2007 WL 9770233, at \*5 (D.D.C. Feb. 19, 2007) (excluding evidence of unrelated FBI investigation under Rule 404).

**3.**  Anthem also argues that the news article is probative of AIS's breach of contract and that damaging evidence is not prejudicial.  ECF Nos. 234 at 5–6 & 238 at 5–6.  But that argument, like Anthem's others, is based solely on its *post hoc* rationalization to establish relevance.  Because Anthem cannot introduce evidence of a government investigation to prove breach or unclean hands, the news article has no remaining relevance.  Nor does Anthem even provide one.  ECF Nos. 234 at 5–6 & 238 at 5–6.  That failure should end the inquiry.  Fed. R. Evid. 403 (requiring relevance and probative value).  But even if Anthem could establish relevance, any probative value will be substantially outweighed by the danger of confusion, misleading the jury, and unfair prejudice. *Greenwood v. Rural Comty. Ins. Serv.*, No. 2:02CV00047 ERW, 2005 WL 6742495, at \*1 (E.D. Mo. Dec. 13, 2005) (excluding evidence of investigation that has proved no wrongdoing because the minimal probative value "would be substantially outweighed by the danger of unfair prejudice"); *Desmond*, 2007 WL 9770233, at \*5 (excluding evidence of unrelated FBI investigation under Rule 403).

**4.**  Anthem finally argues that it is free to use at trial documents that it never produced in discovery, and argues further that it has not sandbagged AIS because the news article at issue is publicly available.  ECF Nos. 234 at 3–4 & 238 at 3–4.  But every case Anthem cites fails to address whether such evidence is admissible *at trial*, and other cases have concluded otherwise. *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223 (D.D.C. 2015) (precluding plaintiffs from using documents not produced before the close of discovery even though publicly available); *Martino v. Kiewit N.M. Corp.*, 600 Fed. App'x 908, 911 (5th Cir. 2015) ("[E]ven if a document is publicly available or in the opposing party's possession, a party must still disclose it under Rule 26(a)(1)(A) to provide notice of evidence central to its claims or defenses."); *Phillips v. Hanover Ins. Co.*, 14–cv–871–R, 2015 WL 1781873, at *2 n.1 (W.D. Okla., Apr. 20, 2015) ("Courts consistently hold that parties have an obligation to produce even publicly available information."); *Morgan v. Safeway Inc.*, 11–cv–1667(WMN), 2012 WL 2135601, at * 2 (D. Md. June 11, 2012) ("[E]ven publicly available information might properly be the subject of a valid request for production of documents*."); Ochoa v. Empresas ICA, S.A.B. de C.V.*, 11–cv–23898, 2012 WL 3260324, at *5 (S.D. Fla. Aug. 8, 2010) ("Whether the documents are available to Plaintiffs through due diligence does not control whether [a litigant] should be compelled to produce them.").

For good reason.  "The Federal Rules do not shield publicly available documents from discovery merely because of their accessibility.  A limitation of this nature would lead to patently absurd consequences."  *Shatsky*, 312 F.R.D. at 223.  "Indeed, it would require litigants to scour the public domain for nuggets of information that their adversaries could potentially use against them—a task that is as Herculean as it is nonsensical."  *Id.* at 223–24.  But "[l]itigation is not, nor has it ever been, an elaborate parlor game of 'blind man's bluff.' "  *Id.* at 224 (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)).  "To the contrary, the federal discovery rules are designed to make litigation a 'fair contest with the basic issues and facts disclosed to the fullest

practicable extent.'" *Id.* (quoting same).  "A system that would require litigants to divine from an ever-increasing universe of public data what their opponents *might* use to support their claims is hardly 'fair' and it is certainly not just." *Id.*  "It would, to put it mildly, do a grave disservice to our adversarial system." *Id.*

So too here.  Anthem has effectively admitted that it failed to produce this news article before the close of discovery even though Anthem knew about the article and it was readily available for production.  *See generally* ECF Nos. 234 & 238.  Rather than comply with its discovery obligations, Anthem instead chose to sandbag AIS by listing it for the first time on its trial exhibit list.  ECF No. 93-2 at 7 (listing Ex. 97).  Because it cannot otherwise justify that gamesmanship, Anthem simply points to the article's availability and AIS's constructive knowledge.  But "Existential awareness has never been, nor will it ever be, a substitute for production." *Shatsky*, 312 F.R.D. at 226 (citation omitted).  And considering Anthem first disclosed its intended use of that article months after the close of discovery, neither justification ameliorates the resulting harm to AIS.  *Id.* at 226–27 ("[T]he public availability of certain documents does not render plaintiffs' failure to timely produce them harmless.  It does nothing of the sort.").  Indeed, Anthem's dilatory disclosure has completed hampered AIS's ability to counter Anthem's intended use during the course of discovery.  *See id.* at 227.

Because Anthem's failure to comply with its discovery obligations was neither substantially justified nor harmless, the Court should preclude Anthem from using at trial evidence of the pending government investigation.  Fed. R. Civ. P. 37(c)(1).

## **CONCLUSION**

The Court should grant AIS's motion and preclude Anthem from introducing at trial evidence or testimony of a pending government investigation.

Dated:  February 20, 2024

By:_____

Paul Werner (VSB No. 48910)
Imad Matini (VSB No. 90126)
Hannah Wigger (admitted *pro hac vice*)
Christopher Bauer (admitted *pro hac vice*)
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: 202-747-1931
Facsimile: 202-747-3817
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
hwigger@sheppardmullin.com
cbauer@sheppardmullin.com

*Attorneys for Plaintiff/ Counter-Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 20, 2024, the foregoing document was served via the

Court's electronic filing system to the following counsel of record:

Michael E. Lacy
Sarah E. Siu
TROUTMAN PEPPER HAMILTON
SANDERS LLP
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1326
Facsimile: (804) 697-6061
michael.lacy@troutman.com
sarah.siu@troutman.com

Virginia Bell Flynn
TROUTMAN PEPPER HAMILTON
SANDERS LLP
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 916-1509
Facsimile: (704) 998-4051
virginia.flynn@troutman.com

Callan G. Stein
TROUTMAN PEPPER HAMILTON
SANDERS LLP
125 High Street, 19th Floor
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

Harry J. Liberman
TROUTMAN PEPPER HAMILTON
SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (202) 704-6000
harry.liberman@troutman.com

By:_____
Paul Werner

-7-